Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BKCOIN MANAGEMENT, LLC and
MIN WOO KANG a/k/a "KEVIN" KANG,

    Defendants, and

BKCOIN CAPITAL, LP,
BK OFFSHORE FUND, LTD.,
BKCOIN MULTI-STRATEGY
MASTER FUND, LTD.,
BKCOIN MULTI-STRATEGY FUND, LP,
BKCOIN MULTI-STRATEGY FUND LTD., AND
BISON DIGITAL LLC,

    Relief Defendants.

FILED BY _____ D.C.
FEB 23 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S AGREED MOTION
AND MEMORANDUM OF LAW FOR APPOINTMENT OF RECEIVER**

Plaintiff Securities and Exchange Commission (the "Commission"), moves for an Order appointing a Receiver over Defendants BKCoin Management, LLC ("BKCoin") and Relief Defendants BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore Fund"), three "Multi-Strategy" funds: BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP and BKCoin Multi-Strategy Fund Ltd. (the "Multi-Strategy Funds") (all funds collectively, the "BKCoin Funds"), and Bison Digital LLC.

The Commission requests that the Receiver have full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, tangible and intangible assets

including crypto assets and cryptocurrency, choses in action, and any other property of Defendant BKCoin and Relief Defendants; marshal and safeguard BKCoin's and Relief Defendants' assets; and take whatever actions are necessary for the protection of defrauded investors in this case. The grounds for this motion are fully set forth in the memorandum of law below. As additional support for this motion, the Commission incorporates the factual discussion in its *Ex Parte Emergency Motion for Asset Freeze and Other Relief* ("Emergency Motion"), filed concurrently with this motion.

The Commission's staff believes that the interests of defrauded investors would best be served by the appointment of Michael I. Goldberg, Esq. over BKCoin and Relief Defendants. Mr. Goldberg, whose credentials are attached as Exhibit A, is a partner at the law firm of Akerman LLP ("Akerman"), a Fellow of the American College of Bankruptcy and current Chair of Akerman's Fraud and Recovery Practice. Mr. Goldberg specializes in securities receiverships, bankruptcy and creditors' rights, and has handled numerous multi-million dollar receiverships in Commission enforcement actions. Mr. Goldberg is uniquely suited to serve as Receiver in this case because he has been serving as a receiver over BK Coin and all the Relief Defendants (except Bison Digital LLC)[1] in a related state court action filed by the Multi-Strategy Funds' investors on October 28, 2022. *See BKCoin Management LLC et al. v. BKCoin Multi-Strategy Fund Ltd. et al*, No. 2022-020760-CA-01 (Fla. 11th Circ. Ct. 2022) ("the State Court Action"). A copy of the *Emergency Petition for Appointment of Receiver* is attached as Exhibit B.

Mr. Goldberg's experience includes serving as the Receiver for at least ten multi-million dollar securities receiverships, including his most recent appointing in 2016 as Receiver in *SEC v.*

---

[1] Relief Defendant Bison Digital is an unregistered entity organized as a Wyoming limited liability company. Between January 2020 and September 2022, Kang transferred $12.05 million of investor funds to Bison Digital from BKCoin Funds and BKCoin accounts. Declaration of Julia D'Antonio ¶ 48.

2

*Jay Peak, Inc., et al.*, No. 16-21301-CIV-GAYLES (S.D. Fla. April 12, 2016), involving a fraudulent scheme orchestrated by the CEO of a Vermont ski resort who raised over $350 million from investors. Mr. Goldberg also served as primary banking counsel for the court-appointed Receiver in *SEC v. Premium Sales Corp., et al.*, No. 93-1092-CIV-MORENO (S.D. Fla. June 9, 1993), and counsel to the Receiver in *SEC v. E.S.M. Group, Inc. et al.*, No. 85-6190-CIV-GONZALEZ (S.D. Fla. Mar. 4, 1985) for final claims processing involving more than 1,000 defrauded investors. In addition, Mr. Goldberg served as the liquidating trustee in *In re Omni Capital Group, Ltd.*, 157 B.R. 712; 1993 Bankr. LEXIS 1096 (Bankr. S.D. Fla. May 6, 1993), has conducted internal fraud investigations for large and small corporations, and has implemented company-wide compliance programs. Further, Mr. Goldberg has qualified as an expert witness and testified concerning the definition and mechanics of Ponzi schemes in the District Court for the Southern District of Florida, and in the District Court for the Northern District of Ohio.

If appointed as Receiver, Mr. Goldberg will utilize attorneys at Akerman, relying primarily on Catherine Kretzschmar, to assist him as counsel in this matter. Ms. Kretzschmar, who is lead counsel for Mr. Goldberg in the *Jay Peak* case, specializes in bankruptcy and reorganizations, federal receiverships, creditors rights, cross-border solvency proceedings, and fraudulent transfers. Mr. Goldberg and his team will also utilize more junior attorneys with lower billing rates for the vast majority of the legal work.

Mr. Goldberg has agreed to significantly discount his current hourly rate to $550 an hour, which represents a 43% discount from the $960 rate he typically charges to regular clients, and a 27% discount of the $750 hourly rate he is charging in the State Court Action. Mr. Goldberg has also agreed to discount the billing rates for his professionals by 15%, thus Ms. Kretzschmar will bill at $465. Additionally, Mr. Goldberg has agreed to request a similar 15% discount for other professionals such as accountants and other professionals. In fact, Mr. Goldberg has already

3

identified a blockchain forensic team with the expertise in distributed ledger technology, virtual and cryptocurrency, which has agreed to discount its normal fees to help identify, secure and monitor crypto assets to aid in the recovery of misappropriated funds. Finally, Mr. Goldberg has informed the Commission that the Akerman team has no conflict of interest in this matter, and is ready, willing, and able to serve as Receiver and as counsel to the Receiver in this case.

Since Mr. Goldberg's appointment on November 2, 2022 as the Receiver in the State Court Action, the Akerman team has been assisting the Commission staff on this matter so that, if appointed, Mr. Goldberg and his team can immediately proceed to discharge his duties in this action. Mr. Goldberg's overarching duties as Receiver in the State Court Action are to marshal, secure, and manage the assets and business affairs of the receivership entities in that case for the benefit of their creditors.[2] However, as Mr. Goldberg explains in his Declaration in support of the Commission's Emergency Motion, he has faced difficulties in obtaining records and assets located outside of Florida and offshore. (Goldberg Dec., at ¶ 10). A federal court order in an SEC enforcement action appointing a Receiver over BKCoin and the Relief Defendants would better serve harmed investors, as it would provide the Receiver with broader authority and power to obtain information and marshal assets outside the state of Florida and abroad.

Finally, we recommend that the Court appoint Mr. Goldberg rather than a different receiver given the substantial amount of work Mr. Goldberg and his team have already performed. Since his appointment nearly three months ago, Mr. Goldberg and his team have: 1) examined the receivership entities' books and records including bank account statements; 2) sought and obtained comprehensive records from financial institutions, crypto asset trading platforms and other entities,

---

[2] *See Ex Parte* Order Appointing a Temporary Receiver in the State Action, attached as Exhibit C. On November 21, 2022, the receivership was extended at my request pursuant to the Order Granting Receiver's Expedited Verified Motion to Extend Receivership to include BKCoin, BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore Fund"), attached as Exhibit D.

to determine the existence and location of significant assets, pending contracts, and business ventures with third parties; 3) issued over thirty-five freeze orders and at least seven subpoenas to third parties; and 4) reviewed and analyzed the preliminary trading and transaction history of the receivership entities. Further, pursuant to the court's order in the State Court Action, Mr. Goldberg has transferred cryptocurrency within the receivership estate to a New York cryptocurrency depository authorized as an appropriate depository institution. (Declaration of Michael I. Goldberg "Goldberg Dec.," ¶ 8). Mr. Goldberg has communicated with BKCoin Fund investors, and established an email address for general inquiries (BKCoin@akerman.com) to provide up to date information for investors and interested parties. Mr. Goldberg's substantial work in this matter and knowledge of the receivership entities' assets and activities is best exemplified in the Interim Report he filed in the State Court Action on January 4, 2023. (Goldberg Dec. Ex. A).

The appointment of anyone else as receiver in this case will result in unnecessary delay of the critical tasks of, among other things, marshalling assets and conducting a blockchain forensic analysis to identify additional crypto assets. A new receiver would also have a learning curve, and he or she (plus their legal team) would have to expend additional hours becoming familiar with the BK Coin entities, BK Coin Funds' operations, and the underlying facts concerning the flow of investor funds and cryptocurrency trading. As such, it is in the best interest of defrauded investors if the Court appoint Mr. Goldberg as Receiver.

Therefore, the Commission recommends Mr. Goldberg, who has the capability, the experience necessary to carry out the tasks of the Receiver, and has indicated a willingness to serve as Receiver over BKCoin and the Relief Defendants. If appointed Receiver, Mr. Goldberg will immediately move to dismiss the State Court Action.

## **MEMORANDUM OF LAW**

A receivership is an equitable remedy that federal courts routinely enlist to effectuate the remedial purposes of the securities laws. *See, e.g., SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("the appointment of a receiver is a well-established equitable remedy available to the SEC in its civil enforcement proceedings"); Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77(v)(a); and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. Appointing a receiver is particularly appropriate in cases where a defendant, through its management, has defrauded members of the investing public. *First Financial*, 645 F.2d at 438. In such cases, without the appointment of a receiver to maintain the status quo, the investor assets will be subject to diversion and waste to the detriment of those who were induced to invest in the scheme. *Id.*; *see also SEC v. R.J. Allen & Associates, Inc.*, 386 F. Supp. 866, 878 (S.D. Fla. 1974). A receiver is appropriate to protect the public interest when it is obvious that those in control of an entity who have inflicted serious detriment in the past must be ousted. *SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970).

As detailed in the Emergency Motion, from at least October 2018 through September 2022, Defendants BKCoin and Kevin Kang, one of BKCoin's two managing members, raised at least $100 million from 55 investors. In offering documents and in meetings with investors, BKCoin and Kang represented that their investments would be used to trade primarily crypto assets through the BKCoin Funds or separately managed accounts. Contrary to those representations, Defendants misappropriated millions in investor funds, including for Kang's personal use and to make Ponzi-like distributions to certain investors, from accounts belonging to BKCoin and the Relief Defendants. Defendant BKCoin and the BKCoin Funds stopped making redemptions in October 2022, which led to the filing of the State Court Action by fund investors. At this juncture, BKCoin

and the Relief Defendants need a federal Court-appointed Receiver to act in their best interests and to maximize value for defrauded investors.

Finally, as receiver over BKCoin and the BKCoin Funds in the State Court action, Mr. Goldberg consents to the appointment of a receiver over these entities in this federal SEC enforcement action.

## CONCLUSION

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Michael I. Goldberg, as Receiver of BKCoin and the Relief Defendants, and enter the accompanying Order Appointing Receiver.

February 23, 2023

Respectfully submitted,

By: _____
Pascale Guerrier
Trial Counsel
Fla. Bar No. 22590
Direct Dial: (305) 982-6301
Email: guerrierp@sec.gov

Alexander H. Charap, Esq.
Senior Counsel
SDFL Special Bar No. A5502711
Direct Dial: (305) 416-6228
Email: charapal@sec.gov

Jeffrey B. Goldberg, Esq.
Counsel
Fla. Bar No. 0118689
Direct Dial (305) 982-6334
Email: goldbergj@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4146