United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, <br><br> v. <br><br> BKCoin Management, LLC, and others, Defendants. | ) <br> ) <br> ) <br> ) Case No. 23-20719-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

**Order Granting Plaintiff Securities and Exchange Commission's
*Ex Parte* Emergency Motion For Asset Freeze and Other Relief**

This matter comes before the Court on Plaintiff Securities and Exchange Commission's (the "Commission" or "Plaintiff") Ex Parte Emergency Motion and Memorandum of Law for Asset Freeze and Other Relief (ECF No. 5, sealed), which seeks the following orders:

1.  an Order freezing the assets of BKCoin Management, LLC ("BKCoin"), Min Woo Kang a/k/a "Kevin" Kang ("Kang") (collectively, the "Defendants"), and BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund Ltd., and Bison Digital LLC (collectively, the "Relief Defendants");
2.  an Order Requiring a Sworn Accounting by Kang;
3.  an Order Prohibiting the Destruction of Records by Defendants; and
4.  an Order Repatriating Assets of Defendants and Relief Defendants.

The Court has considered the motion, the record, and the relevant legal authorities. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a prima facie case showing a reasonable approximation of the likely disgorgement award against the Defendants and Relief Defendants, which exceeds the amount of assets to be frozen. Accordingly, the Court finds good cause to believe that, unless it imposes an asset freeze, Defendants and Relief Defendants could dissipate, conceal, or transfer from the jurisdiction of this Court assets that are likely subject to an Order of Disgorgement. Therefore,

the Court **grants** the motion (**ECF No. 5, sealed**.) and further **orders** as follows:

## I.  ORDER FREEZING ASSETS

It is **ORDERED** and **ADJUDGED** that:

A.   The Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, insurance companies, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, crypto assets, or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of Defendants and Relief Defendants.

B.   Any financial or brokerage institution, or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants or Relief Defendants, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known accounts:

| Institution | Account Number | Name |
|---|---|---|
| Bank of America, N.A. ("Bank of America") | XXXXXX8329 | BKCoin Management, LLC |
| TD Bank, N.A. ("TD Bank") | XXXXXX9821 | BKCoin Management, LLC |
| Silvergate Bank ("Silvergate") | XXXXXX5478 | BKCoin Management, LLC |
| Bank of America | XXXXXX9519 | BKCoin Capital, LP |
| TD Bank | XXXXXX9839 | BKCoin Capital, LP |

| Silvergate | XXXXXX5452 | BKCoin Capital, LP |
|---|---|---|
| Silvergate | XXXXXX5460 | BKCoin Capital, LP |
| Signature Bank | XXXXXX3577 | BKCoin Capital, LP |
| Silvergate | XXXXXX5429 | BK Offshore Fund, Ltd. |
| Silvergate | XXXXXX5437 | BK Offshore Fund, Ltd. |
| Silvergate | XXXXXX5445 | BK Offshore Fund, Ltd. |
| Signature Bank | XXXXXX3585 | BK Offshore Fund, Ltd. |
| Equity Bank and Trust Bahamas Limited | XXXXXX8430 | BK Offshore Fund, Ltd. |
| Equity Bank and Trust Bahamas Limited | XXXXXX8510 | BK Offshore Fund, Ltd. |
| Silvergate | XXXXXX5270 | BKCoin Multi-Strategy Master Fund, Ltd. |
| Silvergate | XXXXXX5296 | BKCoin Multi-Strategy Master Fund, Ltd. |
| State Street Bank & Trust ("State Street") | XXXXXX9448 | BKCoin Multi-Strategy Fund, LP |
| Silvergate | XXXXXX7060 | BKCoin Multi-Strategy Fund, LP |
| Silvergate | XXXXXX0338 | BKCoin Multi-Strategy Fund, LP |
| State Street | XXXXXX0919 | BKCoin Multi-Strategy Fund Ltd. |
| Silvergate | XXXXXX7409 | BKCoin Multi-Strategy Fund Ltd. |
| Silvergate | XXXXXX8175 | BKCoin Multi-Strategy Fund Ltd. |
| TD Bank | XXXXXX4138 | Bison Digital LLC |
| Silvergate | XXXXXX5395 | Bison Digital LLC |
| Silvergate | XXXXXX5403 | Bison Digital LLC |
| Silvergate | XXXXXX5411 | Bison Digital LLC |
| Chase Bank | XXXXX3741 | Kevin M Kang |

## II.   SWORN ACCOUNTING

It is **FURTHER ORDERED** that within fifteen (15) days of the issuance of this Order, Defendant Kang shall:

  A. Make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by Defendants or Relief Defendants, jointly or individually, or for their or its direct or indirect beneficial interest, or over which he or they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

  B. Provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which Defendants or Relief Defendants (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

### III. RECORDS PRESERVATION

It is **FURTHER ORDERED** that the Defendants, any of their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

### IV. REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants, within seven (7) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of Defendants and Relief Defendants or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains or exercised or exercises control, including but not limited to any and all assets and funds:

  (i) Held in foreign bank, brokerage, or other financial accounts, or crypto asset trading platforms or other crypto asset accounts; and

  (ii) Transferred out of the United States from any account within the territory of the United States at any point from October 1, 2018 to the present.

Each of the Defendants shall provide to this Court and to the Commission, within ten (10) calendar days of entry of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds and assets.

## V.  OTHER RELIEF

The Order Freezing Assets shall not apply to a receiver appointed by this Court over BKCoin and the Relief Defendants for the purposes of marshaling and preserving any and all assets of BKCoin and Relief Defendants and those assets of BKCoin and Relief Defendants that: (a) are attributable to funds derived from investors or clients of BKCoin and Relief Defendants; (b) are held in constructive trust for BKCoin and Relief Defendants; (c) were fraudulently transferred by BKCoin or Relief Defendants; or (d) may otherwise be includable under such receivership as assets of BKCoin and Relief Defendants. In addition, the Order Freezing Assets does not apply to property of an entity that has filed for bankruptcy and is not a Defendant or Relief Defendant.

## VI.  RETENTION OF JURISDICTION

It is **FURTHER ORDERED** that this Court shall retain jurisdiction over this matter, the Defendants, and the Relief Defendants, in order to implement and carry out the terms of all Orders and Decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**Done and ordered** in Miami, Florida, on February 24, 2023.

_____
Robert N. Scola, Jr.
United States District Judge