**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:23-cv-20719-RNS**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| **Plaintiff,** | : |
| v. | : |
| **BKCOIN MANAGEMENT, LLC** and **MIN WOO KANG a/k/a "KEVIN" KANG,** | : |
| **Defendants,** and | : |
| **BKCOIN CAPITAL, LP,** **BK OFFSHORE FUND, LTD.,** **BKCOIN MULTI-STRATEGY MASTER FUND, LTD.,** **BKCOIN MULTI-STRATEGY FUND, LP,** **BKCOIN MULTI-STRATEGY FUND LTD., AND** **BISON DIGITAL LLC,** | : |
| **Relief Defendants.** | : |

**PLAINTIFF'S MOTION TO STRIKE NOTICE OF APPEARANCE**
**AND RENEWED MOTION FOR ORDER BARRING INTERVENTION**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission"), pursuant to Federal Rule of Civil Procedure 12(f)(2), respectfully moves to strike the Notice of Appearance of Jonathan Groth, Esq. and Daniel Gielchinsky, Esq., (collectively "Attorneys"), and renews its Motion for Order Barring Intervention (the "Motion") [DE 38]. In support of the motion, the Commission states as follows:

### BACKGROUND

On March 7, 2023, and March 13, 2023, the Attorneys entered their appearance as "counsel of record" on behalf of certain SMA investors *who are not parties to this action and are statutorily*

*prohibited from intervening in this matter* (hereinafter the "Putative Intervenors"), and who signed Investment Management Agreements ("IMAs") with Defendant BKCoin Management, LLC [DE 18 and 36].

On March 13, 2023, the Court-appointed Receiver in this case filed a motion for authorization to liquidate certain crypto assets in the receivership estate housed at a crypto asset depository in light of extreme market volatility. [DE 32]. After the Court granted the Receiver's motion, the Attorneys on behalf of the Putative Intervenors filed a *Limited Objection to the Receiver's Expedited Ex Parte Motion Seeking Entry of an Order Authorizing Liquidation* (the "Objection") [DE 34]. The Putative Intervenors argued that they are a separate class of investors and claimed ownership rights in the crypto assets.

The Commission filed a Response to the Objection on March 15, 2023 and a Motion for Order Barring Intervention to preclude the Putative Intervenors from intervening in this matter. [DE 37 and 38].[1] Also on this date, the Receiver filed a Supplement to provide a detailed breakdown of the crypto assets at the crypto asset depository. [DE 39]. Faced with compelling evidence in the Receiver's Supplement that the Putative Intervenors had no greater claim on the crypto assets at issue than other similarly situated investors who entrusted defendants with their assets, the Putative Intervenors withdrew their Objection [DE 41]. However, the Putative Intervenors have refused to withdraw their Attorneys' appearance as "counsel of record," stating to the undersigned counsel that the Putative Intervenors want to remain informed about this action. In other words, the Putative Intervenors, through the Attorneys' appearances, want to remain as parties entitled to notice in this Commission enforcement action, without actually having to ask

---

[1] The Court ordered the Commission and the Receiver to file their response to the Putative Intervenors' motion by March 15, 2023 and scheduled an evidentiary hearing on March 17, 2023. [DE 35].

this Court for permission to intervene, which the Court should not grant. The Commission therefore renews its motion to bar intervention and moves to strike the Attorneys' appearance as counsel of record in this case.

## ARGUMEMT

The Court should issue an Order barring intervention of the Putative Intervenors (and any other investors) and strike the Attorneys' Notice of Appearance for three reasons: (1) Section 21(g) of the Securities Exchange Act of 1934 ("Exchange Act") bars the Putative Intervenors' intervention or the Attorneys' appearance unless the Commission agrees (which it does not); (2) the Attorneys have not established grounds under Federal Rule of Civil Procedure 24 to intervene; and (3) the Putative Intervenors and the Attorneys have other means by which they can track the docket and the events of this case. In support of its arguments that the Putative Intervenors are statutorily barred from intervention and cannot otherwise establish the grounds under Rule 24 of the Federal Rules of Civil Procedure, the Commission incorporates the motion and legal arguments set forth in its Response to the Objection filed on March 15, 2023.

As to the third point, the Attorneys have told the undersigned that they wish to remain "counsel of record" in this matter to stay informed of the proceeding. However, the Putative Intervenors and their Attorneys can track the docket in the case by contacting the Receiver for relevant court documents at BKCoin@akerman.com which is an email specifically created by the Receiver for communications with investors. In fact, in their Objection, the Putative Intervenors represented that the Attorneys have been communicating with the Receiver for months, and they can continue to do so and make their requests and inquiries as appropriate.

The Commission understands that all investors are interested in the outcome of this case to the extent it affects their ability to recover their losses. But as described above, there is a Court-

3

appointed Receiver in place whose primary purpose is to marshal assets for the benefit of defrauded investors. The Receiver already has in place means to communicate with investors and will do so throughout the life of the Receivership. At the appropriate time, the Receiver will establish (with Court approval) a claims mechanism for the Attorneys' Putative Intervenors and other investors. Thus, the Putative Intervenors' interest (if any) will not be impaired by virtue of their not appearing in this case.

## CONCLUSION

For all the reasons stated above and in the Motion, which is being incorporated herein by reference [DE 38], the Court should strike the Attorneys' Notice of Appearance and bar the Putative Intervenors from intervening in this Commission enforcement action.

### Local Rule 7.1(a)(3) Certification

The undersigned has conferred for the Commission with the Attorneys in an attempt to resolve this matter, but a resolution could not be reached.

March 16, 2023                                      Respectfully submitted,

By: */s/ Pascale Guerrier*
Pascale Guerrier
Trial Counsel
Fla. Bar No. 22590
Direct Dial: (305) 982-6301
Email: guerrierp@sec.gov

Alexander H. Charap, Esq.
Senior Counsel
SDFL Special Bar No. A5502711
Direct Dial: (305) 416-6228
Email: charapal@sec.gov

Jeffrey B. Goldberg, Esq.
Counsel
Fla. Bar No. 0118689
Direct Dial (305) 982-6334
Email: goldergj@sec.gov

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4146

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/Pascale Guerrier*
Pascale Guerrier

5