UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20719-RNS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BKCOIN MANAGEMENT, LLC,
MIN WOO KANG a/k/a "KEVIN" KANG,

    Defendants, and

BKCOIN CAPITAL, LP,
BK OFFSHORE FUND, LTD.,
BKCOIN MULTI-STRATEGY
MASTER FUND LTD.,
BKCOIN MULTI-STRATEGY FUND, LP,
BKCOIN MULTI-STRATEGY FUND LTD., AND
BISON DIGITAL LLC,

    Relief Defendants.
_____/

**THIRD-PARTY ALEJANDRO CANTO'S MOTION TO INTERVENE
AND TO LIFT STAY OF LITIGATION AGAINST CARLOS BETANCOURT**

    Alejandro Canto is the plaintiff in a class action case against BKCoin Management, LLC, Kevin Kang, and Carlos Betancourt filed on October 17, 2022 and currently pending in the Southern District of New York. *See Canto v. BKCoin Mgmt. et al*, No. 1:22-cv-08858 (S.D.N.Y.) (hereinafter "*Canto v. BKCoin*"). Mr. Canto seeks to intervene in this matter solely for the limited purpose of requesting that the Court lift the litigation stay against a non-party to this action—Carlos Betancourt. In support thereof, Mr. Canto states the following:

## BACKGROUND

Alejandro Canto maintained a Separately Managed Account ("SMA") with BKCoin Management, LLC ("BKCoin"), after executing Investment Management Agreements with BKCoin on March 16, 2020, and December 7, 2020. Mr. Canto's Agreements were signed by Carlos Betancourt on behalf of BKCoin. At their height, Mr. Canto's investment accounts with BKCoin were worth more than $11 million. But when the crypto markets began to see downturns, BKCoin ceased regularly updating Mr. Canto about his investment portfolio, and began raiding his portfolio through unauthorized margin calls. Mr. Canto's investigation into the mismanagement of his portfolio revealed some of the violations that form the basis of the Securities Exchange Commission's Complaint for Injunctive and Other Relief (ECF No. 1), against BKCoin and Min Woo "Kevin" Kang.

As early as August 2022, Mr. Canto, through undersigned counsel, was in communication with BKCoin's counsel regarding his investment portfolio and BKCoin's, and its two managing members' (Kang and Betancourt) breaches of their fiduciary duties. BKCoin and its counsel eventually ceased communications with Mr. Canto, prompting the filing of his lawsuit. *See* Complaint, *Canto v. BKCoin*, ECF No. 3. After initiating his lawsuit, Mr. Canto, through undersigned counsel, discovered additional information regarding BKCoin's widespread mismanagement of its investors' funds and filed a First Amended Class Action Complaint on January 20, 2023. *See* First Amended Class Action Complaint, *Canto v. BKCoin*, ECF No. 28 attached hereto as **Exhibit A**. Among other counts, Mr. Canto's complaint brings claims against Mr. Betancourt in his individual capacity on behalf of Mr. Canto and as a representative for the putative class. *See id*. At present, counsel for Mr. Canto, Kozyak, Tropin, & Throckmorton LLP ("KTT"), is the only firm representing a proposed nationwide class of investors against BKCoin

and its principals. KTT has substantial experience litigating class actions including matters representing investors in Ponzi schemes or other matters.[1] Betancourt failed to file any responsive pleading to Canto's First Amended Class Action Complaint and a clerk's default was entered against him on February 17, 2023. *See* Clerk's Certificate of Default as to Carlos Betancourt, *Canto v. BKCoin*, ECF No. 37.

Shortly after Mr. Canto initiated his lawsuit, Mr. Betancourt, on behalf of BKCoin, filed an emergency petition in Florida state court on October 28, 2022, seeking the appointment of a receiver. *See* Emergency Petition for Appointment of Receiver, *BKCoin Management, LLC, et al v. BKCoin Multi-Strategy Fund, Ltd., et al*, No. 2022-020760-CA-01 (Fla. 11th Cir. Ct. Oct. 28, 2022) [hereinafter *BKCoin State Court Litigation*], ECF No. 5. The petition alleged that BKCoin's other managing member, Mr. Kang, misappropriated money from the Multi-Strategy Funds. *Id.* at 4–5. On November 2, 2022, Michael I. Goldberg, Esq. was appointed as temporary receiver of the Multi-Strategy Funds. *See* Ex Parte Order Appointing a Temporary Receiver, *BKCoin State Court Litigation*, ECF No. 6. Thereafter, on November 18, 2022, the receiver filed a motion to expand the receivership to include BKCoin. *See* Expedited Verified Motion by Receiver Michael I. Goldberg to Expand Receivership, *BKCoin State Court Litigation*, ECF No. 18.

On February 23, 2023, the SEC filed this action against BKCoin and Mr. Kang under seal. *See* Complaint for Injunctive and Other Relief, *SEC v. BKCoin Mgmt., LLC, et. al,* No. 1:23-CV-201719 (S.D. Fla. Feb. 23, 2023) [hereinafter *SEC v. BKCoin*], ECF No. 1. On February 24, 2023, this Court entered an Order Appointing Receiver (hereinafter the "Receivership Order"), which appointed Michael I. Goldberg, Esq., and stayed all litigation against BKCoin and "any of the

---

[1] *See e.g. In re Woodbridge Investments Litigation*, No. 18-cv-00103 (C.D. Cal.) (KTT served on Executive Committee on behalf of investors suing Comerica Bank for aiding and abetting a Ponzi scheme).

3

Receivership defendants and Relief Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature." (ECF No. 8). The SEC filings were unsealed and publicly filed on or about March 6, 2023, and the Receiver filed a notice of the Order Appointing Receiver in *Canto v. BKCoin* that same day. *See* Notice of Filing Order Appointing Receiver, *Canto v. BKCoin*, ECF No. 38. It was at this time when Mr. Canto first learned that his and all class members' claims against not only Defendants BKCoin and Mr. Kang would be subject to the litigation stay, but also their direct claims against Mr. Betancourt—a non-party to the SEC litigation—would also be stayed.

Mr. Canto does not seek to interfere with the SEC's litigation against the Defendants or Relief Defendants or to interfere with the duties and responsibilities of the Receiver. Indeed, Mr. Canto had already voluntarily agreed to stay any claims against BKCoin after the filing of the BKCoin State Court Litigation—prior to the commencement of this matter and the litigation stay entered by this Court.[2] Mr. Canto seeks to pursue a final judgment against Mr. Betancourt on behalf of himself and other similarly situated class members. At this time, Mr. Canto has only obtained a certificate of default against Mr. Betancourt which could still be vacated by the court. Mr. Canto should be entitled to conduct discovery to establish Mr. Betancourt's liability for damages to Mr. Canto and the class members and to determine if there are any third parties that aided and abetted Mr. Betancourt in his personal breaches of fiduciary duties and fraud.

As it stands, the only persons or entities that are benefiting from the Receivership's complete stay of litigation is Mr. Betancourt and those who may have aided and abetted his

---

[2] The First Amended Complaint in Mr. Canto's case filed on January 20, 2023, notes that he was not seeking any relief against BKCoin because of the pending receivership action filed in the state court in Miami. *See* **Exhibit A** at 1 n.1.

unlawful conduct. Mr. Canto and the class he represents is the only action bringing claims against Mr. Betancourt and, as stated above, will have no effect on the SEC or the Receivership.

Accordingly, Mr. Canto on behalf of himself and the proposed nationwide class, seeks to intervene in the instant action and respectfully requests a partial lift of this Court's order to stay litigation as to Mr. Betancourt only.

## ARGUMENT

### I. THE COURT SHOULD ALLOW MR. CANTO TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

In the Eleventh Circuit, a party seeking to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure "must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Bellitto v. Snipes*, 2016 WL 5118568, at *1 (S.D. Fla. Sept. 21, 2016) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *U.S. v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994).

### A. The Motion to Intervene is Timely.

When considering the timeliness of a motion to intervene, the district courts consider four factors:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

> (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest;
>
> (3) the extent of prejudice to the would-be intervenor if his petition is denied; and
>
> (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Bellitto*, 2016 WL 5118568, at *2. The Eleventh Circuit has stated that "[t]imeliness is not a word of exactitude or of precisely measurable dimensions," and "must have accommodating flexibility" in order for courts to "regulate intervention in the interest of justice." *Georgia v. U.S. Army Corps of Engr's*, 302 F.3d 1242, 1259 (11th Cir. 2002). Here, the weight of the four factors favors intervention. First, this motion is timely as it comes less than three weeks after the Receivership Order was unsealed and filed in Mr. Canto's case, and only after Mr. Canto's counsel first attempted to communicate with the Receiver. This matter was publicly unsealed on or about March 6, 2023, and it was that same day when Mr. Canto learned that all of his and the class members' claims—including their individual claims against Mr. Betancourt—were subject to a litigation stay when the notice of the Receivership Order was filed in *Canto v. BKCoin* in the Southern District of New York. *See* Notice of Filing Order Appointing Receiver, *Canto v. BKCoin*, ECF No. 38.

The Receivership Order included a stay of all litigation against "any of the Receivership Defendants and Relief Defendants' past or present officers, directors, managers, agents. . ." ECF No. 8 at § VII. Mr. Canto had previously voluntarily stayed his claims against BKCoin and does not oppose a stay of his case against Mr. Kang. *See* **Exhibit A** at 1 n.1. However, Mr. Canto had no indication that a stay would also be instituted regarding Mr. Betancourt. Immediately after the filing of the Receivership Order, Mr. Canto's attorneys reached out to Receiver's counsel to discuss the effect of the Receivership Order on Mr. Canto's and the class members' litigation

6

against Mr. Betancourt. The Receiver's counsel summarily responded that the entire case was stayed and there was nothing to discuss. Mr. Canto timely filed this motion thereafter.

Intervention will also not cause any prejudice to the parties in this action. First, this matter has not progressed beyond the initial stages. *See e.g., Bellitto*, 2016 WL 5118568, at *2 (finding motion to intervene was timely, in part because, the existing parties would not be significantly prejudiced by intervention as the case had not progressed beyond initial pleading stage). Second, and more importantly, Mr. Canto seeks to intervene only for the limited purpose of lifting the stay against Mr. Betancourt—a non-party to this case. The SEC did not name Mr. Betancourt as a defendant in this action and does not seek to freeze any of Mr. Betancourt's assets. (ECF No. 5) ("The Commission seeks an asset freeze and related relief against BKCoin Management, LLC and *one of its two managing members*, Min Woo Kang . . . .") (emphasis added). Mr. Canto has pending claims on behalf of himself and the class he represents against *the other managing member*, Mr. Betancourt, in his individual capacity. *See generally* **Exhibit A** (alleging individual and class claims against Mr. Betancourt for, *inter alia*, breach of fiduciary duties and fraudulent misrepresentations). Lifting the stay for Mr. Canto to pursue his and the class members' claims against Mr. Betancourt alone will not prejudice any parties to this action.

Mr. Canto, and the class he seeks to represent will be prejudiced if not allowed to intervene for the limited purpose of seeking lift the litigation stay against Mr. Betancourt. As stated, Mr. Canto has brought direct claims against Betancourt in his individual capacity. Mr. Betancourt acted as Mr. Canto's investment manager and was Mr. Canto's direct contact within BKCoin, and, as such, owed him and the class members certain fiduciary duties that he breached. The SEC has not named Mr. Betancourt as a defendant in this matter nor has it sought to freeze his assets; however, the Receivership Order stays all litigation against him, including Mr. Canto's and the class

7

1485484

members' claims for breach of his fiduciary duties—claims that cannot be brought in the SEC action by the Receiver and for which Mr. Betancourt may be personally liable. *See e.g., Isiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020) (holding that the Receivership entities lacked standing to bring claims against certain third parties.); *S.E.C. v. Provident Royalties, L.L.C.*, 2011 WL 2678840, at *2 (N.D. Tex. Jul. 7, 2011) (lifting stay to allow case to proceed against individual officers for their breach of fiduciary duties of care, good faith, and loyalty under state law).

Fourth, there are no unusual circumstances in this case militating either for or against a determination that the motion to intervene was timely. In the simplest terms, Mr. Canto filed this motion a few weeks after learning that his claims against Mr. Betancourt were stayed and there will be no prejudice to the parties here—either the SEC or the Defendants—if the stay is lifted for the limited purpose of allowing individual claims to proceed against Mr. Betancourt.

### B. Mr. Canto's Interests Were Affected by the Litigation Stay.

As described above, Mr. Canto has brought individual claims against Mr. Betancourt, on behalf of himself and for a class of investors, and has a cognizable interest in litigating those claims to recover damages from Mr. Betancourt and anyone who aided and abetted his unlawful conduct. Those interests have now been affected by the Receivership Order and its broad litigation stay. Mr. Canto was diligently pursuing his claims against Mr. Betancourt prior to the filing of the Receivership Order. Importantly, Mr. Canto does not seek to interfere with the SEC or the Receiver's actions to retrieve assets on behalf of investors.[3] He only seeks to litigate his individual claims against a non-party.

---

[3] In fact, undersigned counsel previously informed the Receiver that they would readily agree to run any recovery for the investors through the Receivership.

C. **The Litigation Stay Impedes and Impairs Mr. Canto's Ability to Protect his and the Class Members' Interests**.

As described herein, Mr. Canto seeks intervention only for the limited purpose of lifting the stay against Mr. Betancourt. Mr. Betancourt is not a defendant in this action, nor has the SEC sought to freeze his assets. (ECF No. 5). Indeed, Mr. Canto has brought individual claims against Mr. Betancourt for breach of fiduciary duty and fraudulent misrepresentations, among other things, that are outside of this action. The litigation stay, however, broadly applies to Mr. Betancourt and given that this matter was only recently filed, there is a strong possibility that the stay could go on for years. The stay impedes Mr. Canto from pursuing his and the class members' legal claims against Betancourt. Those interests are not being protected or pursued by the SEC or the Receiver in this matter, and there is a strong possibility that if the stay is not lifted, Canto and the class members will have lost the opportunity to recover anything from Mr. Betancourt's breach of his fiduciary duties and fraud. The statute of limitations clock is running.

Moreover, allowing the litigation to continue against Mr. Betancourt may reveal third parties that assisted in his unlawful conduct. Mr. Canto has the ability to bring certain claims against third parties that the Receiver is barred from prosecuting. *See Knauer v. Jonathon Roberts, Financial Group, Inc.*, 348 F.3d 230 (7th Cir. 2003) (Affirming the dismissal of claims brought by a receiver against a broker dealer for its role in a Ponzi scheme under the doctrine of *in pari delicto*). Further, the Receiver lacks standing to other claims that Mr. Canto has the ability to prosecute of behalf of himself and the class members. *Isiah*, 960 F.3d at 1308 ("In sum, we hold that Isaiah lacks standing to assert, on behalf of the Receivership Entities, claims against JPMC for allegedly aiding and abetting the Ponzi schemers' breach of fiduciary duties, conversion, and fraud. [. . .] Isaiah's ability to pursue these claims is barred not by the doctrine of *in pari delicto*, but by the fact that the Receivership Entities were controlled exclusively by persons engaging in

and benefitting from the Ponzi scheme, and so the Receivership Entities were not injured by that scheme."). The litigation stay impedes Mr. Canto's ability to determine if such parties exist and to seek to recover damages on behalf of the class. Mr. Canto's class action lawsuit is the only case seeking to protect those interests.

### D. Mr. Canto's and the Class Members' Interests are Inadequately Protected by the SEC and the Receiver.

Mr. Canto and the class he seeks to represent have cognizable interests in adjudicating the legal claims they have against Mr. Betancourt. Neither the SEC nor the Receiver seeks to adjudicate those claims here—nor do they seek to protect them in any manner. Rather, they sought and were granted a stay which protects one of the two managing members of BKCoin and impairs Mr. Canto's and the investors' interests. As described above, Mr. Betancourt is not a named defendant in this matter nor has the SEC or the Receiver sought to freeze his assets. Simply put, Mr. Canto and the class members' individual claims against Betancourt are not being prosecuted or protected and allowing intervention for the limited purpose of lifting the stay as to Betancourt will not affect the SEC's case or the Receivership. Indeed, Mr. Canto does not seek to interfere with the Receiver's duties to marshal assets for the investors: Mr. Canto is not seeking discovery from the Receiver and has readily agreed to the stay against BKCoin and Mr. Kang in the New York matter. Mr. Canto merely seeks the ability to litigate his and the class members' individual claims against a non-party to this action—which the litigation stay prevents.

## II. ALTERNATIVELY, THE COURT SHOULD ALLOW MR. CANTO TO PERMISSIVELY INTERVENE IN THIS MATTER.

Permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure "is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of

the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

Mr. Canto and the class members' complaint asserts common questions of law and fact relating to the BKCoin entities and the unlawful dissipation of investor funds. (*See Canto v. BKCoin*, ECF No. 28). However, Mr. Canto's seeks intervention only for the limited purpose of lifting the stay against Betancourt. As described herein, Betancourt is not a party to this matter, his assets have not been frozen by the SEC, and allowing Mr. Canto to pursue his and the class members' individual claim against Betancourt will not prejudice the SEC, the Receiver, or the Defendants nor will it delay this litigation or the rights of any party thereto.

WHEREFORE, Mr. Canto respectfully requests that the Court allow him to intervene in this matter for the limited purpose of requesting a lift of the litigation stay as to Mr. Betancourt.

### III. MR. CANTO FULFILLS THE REQUIREMENTS TO LIFT THE STAY OF LITIGATION AS TO MR. BETANCOURT.

Lifting the stay of litigation as to Mr. Betancourt will only serve to protect the interests of the investors defrauded by BKCoin. It is well established that the purpose of a receivership is "to safeguard the assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *See S.E.C. v. Vescor Capital Corp.,* 599 F.3d 1189, 1194 (10th Cir. 2010) (*quoting Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006)). Here, allowing Mr. Canto to proceed with his litigation against Mr. Betancourt individually, will not infringe on the Receivership, the Receivership's assets, or the Receiver's ability to administer the same. Should Mr. Canto secure a recovery on behalf of himself, and the putative class members, any recovery will be against Mr. Betancourt in his individual capacity.

The Ninth Circuit articulated what has become the widely adopted test for lifting a stay of litigation where a receiver has been appointed. The Ninth Circuit held that the "factors to consider in deciding whether to except applicants from a blanket stay: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *S.E.C. v. Wencke, et. al* 742 F.2d 1230, 1231 (9th Cir. 1984) (internal citations omitted). The requisite factors to lift the stay of litigation as to Betancourt are present in this case and accordingly, the stay as to Betancourt should be lifted.

### A. Lifting the Stay Against Mr. Betancourt will not Change the Status Quo.

This factor "essentially balances the interests in preserving the receivership estate with the interests" of the movant. *See S.E.C. v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 341 (5th Cir. 2011). It is undisputed that Mr. Betancourt is not a Defendant in this case and not subject to the Court's asset freeze. (*See* ECF No. 5). Allowing Mr. Canto to proceed against Mr. Betancourt will not affect the Receivership or any Receivership assets nor will it affect the SEC's litigation against the Defendants. Mr. Canto has brought claims against Betancourt (a nonparty in this matter) in his individual capacity. Lifting the stay as to Betancourt only will not disturb the "status quo" here as Mr. Canto's litigation will focus solely on the liability of Betancourt and others who may have assisted his fraud. However, should the stay remain in place Mr. Canto and the proposed class members face the risk of not being able to timely pursue their claims against Mr. Betancourt and those who may have assisted in his unlawful conduct.

**B. The Timing of this Motion does not Prejudice the Parties or Receiver.**

The timing of the instant Motion is inconsequential because, Mr. Canto's claims, *with respect to Betancourt*, do not seek to disturb the frozen assets under the Receiver's control. In this situation, there is no concern that Receiver would be "forced into court" to defend or protect the frozen assets[4]. *See Vescor Capital Corp.*, 599 F.3d at 1198. As stated *supra*, any recovery against Betancourt would be in his individual capacity—which is outside of the Receivership. Moreover, neither the SEC nor the Defendants in this matter will be prejudiced. Mr. Betancourt is not a named Defendant in this case and the SEC has not sought to freeze his assets. Simply put, a limited lift of the stay to allow Mr. Canto and the class to pursue their claims against Betancourt will not prejudice, or even affect, this matter. The timing of this Motion is proper.

**C. The Claims that Mr. Canto Seeks to Litigate are Meritorious.**

Mr. Canto's claims on behalf of himself and the proposed nationwide class are meritorious. Nevertheless, he is not required to show that he is likely to prevail on the meris, Canto must only show that he has "colorable claims to assert which justify lifting the receivership stay." *United States v. Acorn Tech. Fund, L.P.,* 429 F.3d 438, 443 (3d Cir. 2005) (citing *Wencke II,* 742 F.2d at 1232). The claims that Mr. Canto and the class members have brought against Mr. Betancourt relate to Betancourt's individual breaches of fiduciary duty and blatant fraud in his role as an investment manager with BKCoin and the dissipation of investors' funds. (See Exhibit A). The evidence filed by the SEC in this case demonstrates that the claims Mr. Canto seeks to litigate are well founded.

---

[4] Mr. Canto does not intend to pursue any discovery against the Receiver to avoid any burdens on the Receivership Estate absent any leave of this Court.

Case 1:23-cv-20719-RNS   Document 51   Entered on FLSD Docket 03/24/2023   Page 14 of 15

## CONCLUSION

Mr. Canto has the only case seeking to hold Mr. Betancourt accountable for his role and unlawful conduct relating the BKCoin fraud. Allowing Mr. Canto to pursue his and the class members' claims against Betancourt will not affect this case or the Receivership's assets. In fact, Mr. Canto has pledged to run any funds that may be recovered on behalf of the investors through the Receivership estate. The broad litigation stay serves to benefit only Mr. Betancourt and any entities or persons that may have assisted him. There is no clear reason to provide him that benefit.

ACCORDINGLY, Mr. Canto respectfully requests that the Court allow him to intervene in this manner and further requests that the Court partially lift the stay of litigation as to Mr. Betancourt, and any other relief deemed just and proper.

Dated: March 24, 2023.

## REQUEST FOR HEARING

Mr. Canto requests that the Court set a hearing in this matter. A hearing will allow Mr. Canto to further explain the prejudice that he and the class members will suffer if not allowed to pursue their claims against Betancourt and would allow the SEC to explain why it has provided this benefit to Mr. Betancourt. Mr. Canto estimates that the hearing will take no more than 30 minutes.

## L.R. 7.1(a) CONFERENCE

Counsel for Alejandro Canto and the putative class he seeks to represent conferred with the Receiver and the SEC on March 22, 2023, via Email in a good faith effort to resolve the issues raised by this motion. The SEC has informed Mr. Canto's counsel that they oppose the relief sought and the Receiver has stated that it takes no position on the relief requested herein.

14
1485484

Dated:  March 24, 2022

Respectfully submitted,

**Kozyak Tropin & Throckmorton LLP**
*Attorneys for Alejandro Canto*
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Tel.: 305-372-1800
Fax: 305-372-3508

By: */s/ Dwayne A. Robinson*
Dwayne A. Robinson, Esq.
Fla. Bar No. 0099976
Email: drobinson@kttlaw.com
Robert J. Neary, Esq.
Fla. Bar No. 81712
Email: rn@kttlaw.com

15

1485484