**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BKCOIN MANAGEMENT, LLC and MIN WOO KANG a/k/a "KEVIN" KANG,<br><br>Defendants, and<br><br>BKCOIN CAPITAL, LP,<br>BK OFFSHORE FUND, LTD.,<br>BKCOIN MULTI-STRATEGY MASTER FUND, LTD.,<br>BKCOIN MULTI-STRATEGY FUND, LP,<br>BKCOIN MULTI-STRATEGY FUND LTD., AND<br>BISON DIGITAL LLC,<br><br>Relief Defendants. | Case No. 1:23-cv-20719-RNS |

**DEFENDANT KEVIN KANG'S RESPONSE PURSUANT TO COURT ORDER [DE 9]**
**AND ASSERTION OF FIFTH AMENDMENT RIGHTS**

**I.     Introduction**

On February 24, 2023, the Court granted Plaintiff Securities and Exchange Commission's (the "SEC") *Ex Parte* Emergency Motion for Asset Freeze and Other Relief (the "SEC Asset Order"). That Order also compelled Defendant Kevin Kang to respond to Section II of the SEC Asset Order. On March 17, 2023, Defendant Kang, by and through his undersigned counsel, moved for an extension of time to March 31, 2023, to respond to Section II of the SEC Asset Order. Dkt. No. 49. The Court granted that motion on March 24, 2023. Dkt. No. 51. As explained in more detail below, Defendant Kang has conferred with the SEC regarding the sworn accounting sought in Section II of the SEC Asset Order with the hope that the SEC request could be narrowed to protect his Fifth Amendment right against self-incrimination. However, the

parties were unsuccessful in reaching an agreement on the matter and Defendant Kang by this response hereby asserts his Fifth Amendment right against self-incrimination.

## II.     Background and Procedural Posture

On February 2, 2023, the SEC filed a sealed complaint against Defendant Kang, BKCoin Management, LLC, BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund Ltd., and Bison Digital, LLC. Dkt. No. 1. The SEC has alleged that Defendant Kang committed violations of Section 17(a)(2-3) of the Securities Act, Section 10(b) and Rule 10b-5(a-c) of the Exchange Act, Section 206(1-2) of the Advisers Act, and been unjustly enriched. *Id.* On February 23, 2023, the SEC filed its *Ex Parte* Emergency Motion for Asset Freeze and Other Relief. Dkt. No. 5. This motion was granted by the Court the following day. Dkt. No. 9. Under Section II of the SEC Asset Order, Defendant Kang is required to do the following:

> A.     Make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by Defendants or Relief Defendants, jointly or individually, or for their or its direct or indirect beneficial interest, or over which he or they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and
>
> B.     Provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which Defendants or Relief Defendants (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

SEC Asset Order at 4. Defendant Kang has conferred with the SEC with respect to the relief sought in Section II of the SEC Asset Order and expressed concern to the SEC that, as written, the requests sought information that would otherwise be protected by the Fifth Amendment. Defendant Kang provided the SEC with caselaw on which he relied for this position. In an attempt to resolve the matter without violating his Fifth Amendment protections, Defendant Kang requested further specificity regarding the information the SEC is seeking in Section II. On March 29, 2023, the SEC replied to Defendant Kang's request. The reply did not provide contrary caselaw or a different interpretation of the caselaw Defendant Kang provided to the SEC. Nor did the reply negate that Defendant Kang had a valid concern regarding the potential existence of a parallel criminal investigation. Rather, the reply demanded an accounting

identifying:

1. all transfers or payments of funds to the Defendant Kevin Kang ("Defendant") or any other entity controlled by Defendant from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

    - the nature and results of any investment in which the funds were used;
    - any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and
    - any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendant, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of [Defendant], or in which [Defendant] has or had any direct or indirect beneficial interest, at any time from March 15, 2018 to the present.

The details provided by the SEC do not include a request for any specific documents, but instead they highlight the testimonial nature of the request. Indeed, the SEC specifically asks Kang to identify all transfers or payments that are related to the misconduct alleged in the complaint. Accordingly, the SEC is requiring Kang to be a witness against himself in violation of his Fifth Amendment rights.

### III. Legal Analysis of Fifth Amendment Law in the Eleventh Circuit

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under the Fifth Amendment, individuals may not be compelled to make "statements that lead to the discovery of incriminating evidence even though the statements themselves are not incriminating and are not introduced into evidence." *United States v. Hubbell*, 530 U.S. 27, 37 (2000).  The act of producing incriminating documents in response to a subpoena, and responses to questions regarding such production, may have a compelled testimonial aspect to which the Fifth Amendment privilege applies. *Id.* at 36-37.  In particular, requests for documents for which the government does not have specific knowledge of their existence is testimonial. *See In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012). Finally, the Fifth Amendment privilege protects the innocent from having to be witnesses against themselves. *See Ohio v. Reiner*, 532 U.S. 17, 21-22 (2001).

In the specific case of requests for sworn accounting, courts have upheld defendants' invocations of their Fifth Amendment rights where the accounting would lead to compelled testimony. *See SEC v. Rehtorik*, 755 F. Supp. 1018, 1019 (S.D. Fla. 1990); *SEC v. Aquacell Batteries, Inc.*, No. 6:07-CV-608ORL22DAB, 2007 WL 2274466, at *1-3 (M.D. Fla. Aug. 6, 2007). In order to prevail on a request for a sworn accounting, the SEC must show that it is already a "foregone conclusion" that the government knows of the existence of the documents. *SEC v. Complete Bus. Sols. Grp., Inc.*, No. 20-CIV-81205-RAR, 2022 WL 1288749, at *2 (S.D. Fla. Apr. 29, 2022), *motion to certify appeal denied*, No. 20-CV-81205-RAR, 2022 WL 1522078 (S.D. Fla. May 13, 2022), *and appeal dismissed*, No. 22-11694-G, 2022 WL 16921827 (11th Cir. Aug. 26, 2022); *see also In re Grand Jury Subpoena*, 670 F.3d 1335, 1345–46 (11th Cir. 2012).

The broad requests in Section II of the SEC Asset Order would compel testimonial information from Defendant Kang and impinge on his Fifth Amendment rights.  In response to Defendant Kang's request for greater specificity to the requests in Section II of the SEC Asset Order, the SEC sent over broad demands for "all transfers or payments of funds to the Defendant Kevin Kang ('Defendant') or any other entity controlled by Defendant from investors or clients ***in connection with the misconduct described in the Complaint***." (emphasis added).  It is

therefore not a "foregone conclusion" that the SEC is already aware of the materials it is seeking in Section II of the SEC Asset Order. Rather, that SEC is directing Kang to identify materials that it can use to support its allegations against him, and Kang has a Fifth Amendment right not to provide such information. Accordingly, a sworn accounting submitted by Kang would be testimonial, and could be used against him here and in other proceedings.

## IV. Conclusion

For the foregoing reasons. Defendant Kang hereby asserts his Fifth Amendment rights against responding to the SEC request for the sworn accounting sought in Section II of the SEC Asset Order and respectfully requests the Court find that Defendant Kang, by this response, has complied with Section II of the SEC Asset Order.

Date: March 31, 2023            Respectfully submitted,

/s/ Celia Cohen

Celia Cohen (*pro hac vice*)
cohenc@ballardspahr.com
Michael Robotti (*pro hac vice*)
robottim@ballardspahr.com
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019-5820
Telephone: 212-223-0200
Facsimile: 212-223-1942

/s/ Walter Norkin

Walter Norkin
Fla Bar ID # 1022653
wnorkin@akrivislaw.com
Akrivis Law Group PLLC
One Southeast Third Avenue
Suite 2120
Miami, Florida 33131
Telephone: 305-359-6399

*Attorneys for Min Woo Kang a/k/a Kevin Kang*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about March 31, 2023, a true and accurate copy of Defendant Kang's Response and Assertion of Fifth Amendment Rights was served on counsel of record via the CM/ECF system.

Date: March 31, 2023          Respectfully submitted,


                              /s/ Walter Norkin

                              Walter Norkin
                              Fla Bar ID # 1022653
                              wnorkin@akrivislaw.com
                              Akrivis Law Group PLLC
                              One Southeast Third Avenue
                              Suite 2120
                              Miami, Florida 33131
                              Telephone: 305-359-6399