UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20719-RNS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BKCOIN MANAGEMENT, LLC,
MIN WOO KANG a/k/a "KEVIN" KANG,

    Defendants, and

BKCOIN CAPITAL, LP,
BK OFFSHORE FUND, LTD.,
BKCOIN MULTI-STRATEGY
MASTER FUND LTD.,
BKCOIN MULTI-STRATEGY FUND, LP,
BKCOIN MULTI-STRATEGY FUND LTD., AND
BISON DIGITAL LLC,

    Relief Defendants
_____/

**THIRD-PARTY ALEJANDRO CANTO'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE
AND TO LIFT STAY OF LITIGATION AGAINST CARLOS BETANCOURT**

The SEC asked this Court to stay all litigation related to Defendant BKCoin Management's fraud and mismanagement of a hundred million dollars of investor funds—including litigation that was not against BKCoin or other parties to this action. ECF Nos. 4 & 4-2 (proposed order). This Court adopted that stay. ECF No. 8, at p. 11 (¶ 30). Now, the SEC contends investor Alejandro Canto is legally barred from even appearing here to object to that order, which has stayed Mr. Canto's earlier filed proceeding in the Southern District of New York against a non-party to this action. *See* ECF No. 55 (the "Opposition"). The SEC is incorrect. This Court should grant Mr. Canto's limited motion to intervene. Mr. Canto should have an opportunity to be heard.

In the event this Court permits Mr. Canto to be heard on the merits, it should grant his motion to lift the stay. That motion pertains only to non-party Carlos Betancourt, a former BKCoin officer. The only persons or entities that are benefiting from a complete stay of litigation is Mr. Betancourt and those who may have aided and abetted his unlawful conduct. The SEC does not identify a governmental interest that could suffer if Mr. Betancourt had to sit for deposition or respond to a document request. Rather, the SEC warns that the receivership may suffer harm if it has to respond to Mr. Canto's discovery. The Receiver, however, has not taken a position. ECF No. 51, p. 14 (the "Motion"). And, as noted in the Motion, Mr. Canto will not pursue "any discovery against the Receiver to avoid burdens on the Receivership Estate absent leave of this Court. " *Id.* at 13 n.4 In sum, no reason exists for this Court to place a cone of protection around Mr. Betancourt and those who assisted him.

## ARGUMENT

### I. SECTION 21(G) OF THE SECURITIES EXCHANGE ACT DOES NOT BAR INTERVENTION BY MR. CANTO.

The SEC contends that it, not this Court, has the exclusive authority to decide whether any third party may intervene in this matter. It argues that Section 21(g) of the Securities Exchange

Act bars intervention without the SEC's consent. The SEC relies on cases expressing the minority view that Section 21(g) acts as an "impenetrable wall" to intervention. Opposition at pp. 6-7.

Section 21(g), however, is neither as broad nor as prohibitive as the SEC suggests. First, by its plain and express terms, Section 21(g) prevents only the "consolidation" or "coordination" of the SEC's equitable actions with "other actions not brought by the [SEC]." *See* 15 U.S.C. § 78u(g). Second, the "vast majority" of cases analyzing intervention in SEC enforcement actions either disagree with the SEC's position or "neglect to discuss Section 21(g) at all." *S.E.C. v. Callahan*, 2 F. Supp. 3d 427, 437–38 (E.D.N.Y. 2014). Although the Eleventh Circuit has not weighed in on this issue, the only federal circuit court that has done so has held that Section 21(g) does not bar intervention.

In *SEC v. Flight Transportation Corp.*, the Eighth Circuit reversed a lower court's ruling that Section 21(g) barred intervention. 699 F.2d 943, 951 (8th Cir. 1983). Following a review of the statute's plain language and history, the Eighth Circuit held that the purpose of the statute was "simply to exempt the [SEC] from the compulsory consolidation and coordination provisions applicable to multidistrict litigation." *Id.* at 950. It explained:

> [Section 21(g)] does not say that no one may intervene in an action brought by the SEC without its consent. It does not mention Fed.R.Civ.P. 24, nor does Rule 24 contain any clause giving special privileges to the SEC.

*Id.* Other courts have agreed with the Eighth Circuit's analysis. In *SEC v. Kings Real Estate Investment Trust*, 222 F.R.D. 660 (D. Kan. 2004), the district court analyzed the statute, its legislative history, and related authorities—including cases relied upon by the SEC here, Opposition at 7 (citing to *Wozniak*, *Cogley*, and *Homa*). 222 F.R.D. at 662-67. The district court there found "**no support** for the proposition that Congress, by including only words 'coordinate' and 'consolidate' in the language of Section 21(g), meant for that provision to apply to all possible

2

interventions in SEC enforcement actions." *Id*. at 667 (emphasis added); s*ee also S.E.C. v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031, 1040 (C.D. Cal. 2001) ("[T]he plain language of § 21(g) bars only consolidation. It makes no mention of intervention, and the Federal Rules of Civil Procedure contain no exception to intervention for SEC actions."); *S.E.C. v. Novus Techs., LLC*, 2:07 CV 0235 DB, 2008 WL 115114, at *3 (D. Utah Jan. 10, 2008) ("[T]he legislative history behind the statute, the plain language of the statute and Rule 24(b) do not support the SEC's position that Section 21(g) is an absolute bar to intervention.").

The SEC also argues that the legislative history demonstrates Congress's intent for Section 21(g) to bar not just consolidation or coordination but intervention as well. Opposition at 8. It claims that because the Senate report cited to a Second Circuit case that upheld the denial of a Rule 24 permissive intervention—i.e., *SEC v. Everest Management Corp*., 475 F. 2d 1236 (2d Cir. 1973)—Congress must have meant for the language of the statute to bar all intervention. This argument is incorrect.

First, the SEC's position is contrary to binding precedent. "Where the language of a statute is unambiguous, as it is here, we need not, and ought not consider legislative history." *Harry v. Marchant*, 291 F.3d 767, 772 (11th Cir. 2002). "Even if a statute's legislative history evinces an intent contrary to its straightforward statutory command, 'we do not resort to legislative history to cloud a statutory text that is clear.'" *Id.*

Second, the SEC's statutory analysis is wrong. In *Flight Transportation Corp*., the Eighth Circuit addressed the Second Circuit's decision and squarely rejected the argument that it stands for a complete bar to intervening in SEC enforcement actions. 699 F.2d at 949-50. "Far from implying that there could never be intervention as a matter of right in SEC actions, the [Second Circuit] indicated that in other, albeit unusual, circumstances, intervention might be appropriate."

3

*Id.* at 950; *see also Kings Real Estate Inv. Tr.*, 222 F.R.D. at 664 ("It is notable that not only is intervention not mentioned in the statute, no reference to intervention or Fed.R.Civ.P. 24 is made in the Congressional history.").[1]

Moreover, a review of the Senate report reveals that Congress's primary concern with the passage of Section 21(g) was to keep SEC enforcement actions out of the purview of transfer and consolidation under 15 U.S.C. § 1407:

> The Committee feels that when Commission injunctive actions are subject to being transferred for coordinated or consolidated pretrial proceedings, delay in the prosecution of the Commission action may ensue which is potentially damaging to the public interest in securing prompt relief from illegal practices and preventing such practices in the future. Private plaintiffs seeking only money damages lack the same incentive to hasten pretrial proceedings which the Commission is required to have. The countervailing factors-- conservation of work and expense by the courts and the litigants, their counsel, and witnesses-- would be well served by combining related private suits whenever appropriate and allowing the Commission's public action to proceed unfettered by them.

S. REP. NO. 94-75, at 77, 1975 U.S.C.C.A.N. 179, 255–56 (1995).

Here, Mr. Canto does not seek to consolidate or coordinate the class action with the SEC's case. Nor does Mr. Canto seek to intervene to assert any claims or to seek damages against any defendant in this case. He only seeks intervention for the limited purpose of asking the Court to lift a litigation stay of Mr. Canto's earlier filed case against a non-party to this matter so that he may pursue his (and the class's) claims in the Southern District of New York. The SEC's concern

---

[1] The SEC's reliance on the *Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322 (1979), is misplaced. Opposition at 7. In *Parklane*, as the Eighth Circuit confirmed, the Supreme Court did reference Section 21(g) but only to the extent that the Court appeared to confirm that the statute does not permit consolidation or coordination of SEC enforcement actions with private actions. *See, e.g.*, *Flight Transp. Corp.*, 699 F.2d at 949–50 ("[The Supreme Court] does not say that there can never be intervention in an SEC action; it merely indicates that on the facts of *Parklane Hosiery Co.*, intervention would probably have been denied." (referencing 439 U.S. at 332 n.17)).

4

that Mr. Canto's litigation would "necessarily involve" discovery requests to the Receiver thereby forcing the Receiver to expend "valuable resources" does not reflect Mr. Canto's position regarding discovery against the Receiver. *Compare* Opposition at pp. 8-9 *with* Motion at 13 n.4 (stating that Mr. Canto proposes not to pursue discovery against the Receiver to avoid burdens on the Receivership Estate absent leave of this Court). And the Receiver has not joined in the SEC's opposition and took no position on the matter. This Court should be aware that Mr. Canto unilaterally (and before this action) stayed his case against BKCoin and later agreed to a stay against Kevin Kang, another defendant to this action. He has thus exhibited no desire to interfere with this enforcement action. Mr. Canto also granted multiple extensions of his discovery requests to the Receiver, which he served last year.

Simply put, removing the stay as to Mr. Canto's pending class action against Mr. Betancourt will not require the coordination or consolidation with this matter nor will it affect the SEC's or the Receiver's duties to the investors. *See, e.g.*, *SEC v. Illarramendi*, No. 3:11cv78, 2011 WL 13234327, at *2 (D. Conn. June 16, 2011) (holding that Section 21(g) did not bar intervention because "[m]ovants do not seek to intervene in order to recover damages from the parties against whom the SEC seeks relief, but instead seek only [to] 'oppose the far–reaching relief sought by the SEC . . . .'"). The great weight of the authorities holds that Section 21(g) does not bar intervention. This Court should follow the plain reading of the statute as well as the better-reasoned authorities and then analyze Mr. Canto's motion under Federal Rule of Civil Procedure 24.

## II.  MR. CANTO HAS A DIRECT AND SUBSTANTIAL INTEREST IN THIS PROCEEDING, ALLOWING INTERVENTION AS A MATTER OF RIGHT.

The SEC contends (erroneously) that Mr. Canto cannot demonstrate grounds for intervention as a matter of right under Rule 24. Opposition at 10. The SEC first argues that

Mr. Canto fails to show a legally protectable interest in these proceedings or that its disposition may "impair or impede his ability to protect that interest." *Id.* Not so.

Mr. Canto has a direct and substantial interest in this proceeding because it has affected his right to pursue his longstanding legal claims against Mr. Betancourt, a non-party to this action. This Court's Receivership Order halted all related litigation against "past or present officers" of BKCoin, which includes Mr. Betancourt. *See* ECF No 8. Mr. Canto had been actively investigating and, later, litigating claims against Mr. Betancourt, BKCoin, and Mr. Kang for almost a year before this action began. Now, Mr. Canto's claims are frozen for an indeterminate period of time. And those claims are frozen against Mr. Betancourt whose personal assets are not subject to this Court's Asset Freeze Order. *See* ECF No. 9. The SEC should not be able to obtain a stay against non-parties and then argue that non-parties have no interest in being heard on the merits of the stay.

In binding precedent on this Court, the Fifth Circuit held that intervention under Rule 24 does not require the putative intervenor's interest be identical to the claims in the underlying case. *Diaz v. S. Drilling Corp*, 427 F.2d 1118, 1124 (5th Cir. 1970).[2] It held:

> We do not believe, however, that the interest has to be of a legal nature identical to that of the claims asserted in the main action, as appellants seem to suggest. All that is required by the terms of the rule is an interest in the property or other rights that are at issue, provided the other elements of intervention are present.

*Id.* Mr. Canto's right to pursue his longstanding claims against Mr. Betancourt is currently affected by the Receivership Order in this case. (ECF No. 8). Thus, Mr. Canto has an interest in this case as contemplated under the plain reading of Rule 24 and binding precedent on this Court.

Practicality weighs in favor of allowing Mr. Canto to intervene. In fact, the Eleventh Circuit allows for such practicality in analyzing intervention under Rule 24. *See United States v.*

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the former Fifth Circuit's decisions issued before October 1, 1981.

*Allegheny–Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975) ("Our inquiry is 'a flexible one, which focuses on the particular facts and circumstances surrounding each application,' and this type of intervention 'must be measured by a practical rather than technical yardstick.'"); *see also Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) (same). Mr. Canto does not seek to interfere with the Receiver's marshalling of assets or the SEC's prosecution of this action. He only wishes to pursue claims against non-parties, which an order in this action prohibits. This Court need not use a "technical yardstick" to determine whether Mr. Canto has an interest in this proceeding. *See Allegheny–Ludlum Indus., Inc.*, 517 F.2d at 841. His interest is obvious.

The SEC also argues that Mr. Canto cannot show that absent intervention, his interests would be impaired or inadequately protected. His interests have already been impaired. His case has been stayed against a non-party for an indefinite period of time. The limitations clock is running against those who may have aided and abetted Mr. Betancourt, including against those who the Receiver may not have standing to pursue. *See Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1305 (11th Cir. 2020) (holding that a receiver lacked standing to bring aiding and abetting claims associated with torts committed by the receivership entities). And with each day, memories fade, documents dissipate, and avenues of recovery close. The impairment (much like Mr. Canto's interest) is apparent.

### III. MR. CANTO HAS ESTABLISHED A RIGHT TO PERMISSIVE INTERVENTION UNDER RULE 24(B).

Permissive intervention under Rule 24 is also appropriate. "Permissive intervention under [Rule] 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002). No genuine dispute exists that common questions of fact are found in Mr. Canto's

7

action and this enforcement proceeding. Mr. Canto's claims arise out of the fraudulent activity and the gross mismanagement of investor funds at BKCoin under the management of Mr. Betancourt and Mr. Kang. These activities form the basis of the SEC's enforcement action. The SEC suggests that Mr. Canto's lawsuit may complicate this action because absent a stay, he may seek discovery against defendants in this action. But Rule 24 asks whether the intervention will delay the proceedings—not whether lifting of stay after intervention will cause delays. In any event, this Court is not (and will not be) powerless to protect the Receiver before or after either intervention or modification of the stay.

## IV.  THIS COURT SHOULD LIFT THE STAY OF LITIGATION AS TO MR. BETANCOURT.

The facts and circumstances here support lifting the litigation stay as to Mr. Betancourt, a non-party to this action. The SEC contends that a district court has broad authority to prohibit non-parties from commencing suits against receivership entities. Opposition at 12 (citing *SEC v. Harbor City Capital Corp.*, No. 6:21-cv-694, 2023 WL 1105282 (M.D. Fla. Jan. 30, 2023)).[3] But Mr. Canto is not opposing a stay against the Receiver or any receivership entities. He is opposing a stay against a former officer and member of BKCoin who is a non-party here and whose personal assets are not subject to this Court's Asset Freeze Order.

The SEC also is incorrect that lifting the stay will disturb the status quo. The only basis for this contention is (again) that the Receiver may have to respond to discovery. But that is not a basis to shield Mr. Betancourt from sitting for deposition, turning over documents, or identifying third

---

[3] The SEC's reliance on *Harbor City Capital* is misplaced. That decision involved stay against a receivership entity—not a non-party. That district court noted, as an aside, that a district court has the ability to make such a stay effective to nonparties. *See Harbor City Capital Corp*, 2023 WL 1105282, at *3.

8

parties who may be able to produce discovery to allow for recovery on behalf of the class. Nor is it clear how responding to discovery upsets the status quo. Again, Mr. Canto agreed not to seek that discovery from the Receiver absent leave of the Court. Motion at 13 n.4. This Court may protect the Receiver absent a stay.[4]

The SEC also contends that the timing is wrong to partially lift the stay because the Receiver is at early stages of marshaling assets. The Receiver, however, was appointed over BKCoin and many of its related entities in November 2022, initially by a Florida circuit court.[5] And nothing about Mr. Canto's action in New York against a non-party to this enforcement action threatens the Receiver's activities. The SEC also gives this Court no indication as to when it believes Mr. Canto's motion will be ripe.

Finally, the SEC does not argue that Mr. Canto's claims against Mr. Betancourt are meritless. So, it concedes that factor in Mr. Canto's favor.

Accordingly, Mr. Canto respectfully requests that the Court allow him to intervene in this matter and further requests that the Court partially lift the stay of litigation as to Mr. Betancourt.

---

[4] Because the status quo will be maintained, Mr. Canto need not establish that he will suffer substantial injury absent lifting a stay. But, for good measure, he will suffer such an injury. Justice delayed is justice denied, and the limitations clock is running against abettors and other third parties with no indication as to when the SEC's action will conclude.

[5] *See, e.g.*, Order Granting Receiver's Expedited Verified Motion to Expand Receivership, *BKCoin Mgmt., LLC, et al v. BKCoin Multi-Strategy Fund, Ltd., et al*, No. 2022-020760-CA-01 (Fla. 11th Cir. Ct. Nov. 21, 2022).

<table>
<tr><td>Dated: April 14, 2023.</td><td>Respectfully submitted,<br><br>**Kozyak Tropin & Throckmorton LLP**<br>*Attorneys for Alejandro Canto*<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Tel.: 305-372-1800<br>Fax: 305-372-3508<br><br>By: */s/ Dwayne A. Robinson*<br>Dwayne A. Robinson, Esq.<br>Fla. Bar No. 0099976<br>Email: drobinson@kttlaw.com<br>Robert J. Neary, Esq.<br>Fla. Bar No. 81712<br>Email: rn@kttlaw.com<br>Jeffrey J. Leavitt, Esq.<br>Fla. Bar No. 1010264<br>Email: jleavitt@kttlaw.com<br>Amber J. Mannings, Esq.<br>Fla. Bar No. 1038566<br>Email: amannings@kttlaw.com</td></tr>
</table>