UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Securities and Exchange Commission,

    Plaintiff,

vs.                                                          Case No. 23-20719-Civ-SCOLA

BK Coin Management, LLC
and other Defendants.
_____/

## RECEIVER'S *EX PARTE* MOTION FOR AUTHORIZATION TO ENTER INTO AN EXCLUSIVE LISTING AGREEMENT FOR THE SALE OF 76 MADISON AVENUE, APARTMENT 3A, NEW YORK, NEW YORK, 10016

Michael I. Goldberg, the Court appointed receiver (the "Receiver") in the above-captioned case, respectfully submits this *Ex Parte Motion for Authorization to Enter into an Exclusive Listing Agreement for the Sale of 76 Madison Avenue, Apartment 3A, New York, New York, 10016* (the "Motion"). In support of his Motion, the Receiver states as follows:

**Background**

1. On February 23, 2023, the Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (ECF No. 1) (the "Complaint") together with its *Motion and Memorandum of Law for Appointment of Receiver* (ECF No. 4).[1]

2. On February 24, 2023, the Court entered its *Order of Appointment* (ECF 8) (the "Receivership Order") granting the SEC's motion and appointing Mr. Goldberg as Receiver over the Defendants and Relief Defendants.

3. The Receivership Order provides the Receiver with the authority to take immediate

---

[1] The Complaint seeks relief against BKCoin Management LLC and one of its managing members, Min Woo Kang (a/k/a "Kevin Kang") (the "Defendants") and against BKCoin Management LLC, BKCoin Capital, LP, BK Offshore Fund, Ltd, BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP., BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (the "Relief Defendants").

70125552;1

possession, "of all real property of the Receivership Defendants and Relief Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures." Receivership Order, ¶ 18.

4. The Receivership Order further provides that the:

> Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

Receivership Order, ¶ 36.

5. New York property records reveal that the receivership entity, BK Offshore Fund Ltd. ("BK Offshore"), holds title to certain real property located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016 (the "Real Property"). A true and correct copy of the warranty deed is attached hereto and incorporated herein as Exhibit A.

6. A review of Receivership records shows that the Real Property was purchased with BK Offshore's funds. Specifically, on March 18, 2022, $242,000 was wired from BK Offshore's Silvergate Bank account ending in 5437 (the "5437 Account") to BK Offshore's Silvergate Bank account ending in 5445 (the "5445 Account"). That same day, $242,000 was wired from the 5445 account to Goldberg Corwin LLP, counsel for the seller of the Real Property. Upon information and belief, the $242,000 represented the deposit for the purchase of the Real Property. Subsequently, on May 2, 2022, $2,257,000 was wired from BK Offshore's 5437 Account to BK Offshore's 5445 Account. That same day, $2,257,000 was transferred from the 5445 Account to Konner Gershburg Melnick LLC, a firm that served as the disbursing agent for the sale of the Real Property. Upon information and belief, that $2,257,000 represented the remaining purchase price

70125552;1

of the Real Property.

## Relief Requested

7. Through this Motion, the Receiver seeks entry of an Order authorizing the Receiver to execute and enter into the Exclusive Right of Sale Listing Agreement ("Listing Agreement") with Justin Rubenstein of Compass RE NY, LLC d/b/a Compass ("Compass") for the listing, marketing, and sale of the Real Property located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016. A true and correct copy of the Listing Agreement is attached hereto and incorporated herein as Exhibit B.

## Support for Relief Requested

8. A district court has broad powers and wide discretion to determine relief in an equity receivership. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). The Court, through its Receivership Order, authorized, empowered and directed the Receiver to locate, list for sale, and engage a broker for sale of all real property on terms and in the manner the Receiver deems most beneficial to the Receivership Estate. Receivership Order, ¶ 36. The Receiver therefore seeks Court authority to execute the Listing Agreement.

9. The Receivership Estate will incur monthly common charges of $3,742 and monthly real estate taxes of $3,053 while maintaining the Real Property during the pendency of these proceedings. The Receiver thus deems listing and selling the Real Property on an expedient basis through a reputable and experienced listing agent such as Justin Rubenstein of Compass to be the most beneficial course of action for the Receivership Estate as it pertains to the Real Property. Mr. Rubenstein and Compass are eminently qualified real estate professionals with the requisite expertise in the luxury New York City real estate market.

70125552;1

10. An appointing court may authorize its receiver to make contracts, which are usual and customary in particular operation. *In re Chira*, 343 B.R. 361 (Bankr. S.D. Fla. 2006), *aff'd*, 367 B.R. 888 (S.D. Fla. 2007). The Receiver's general counsel has conferred with a real estate partner at Akerman regarding the Listing Agreement, and has been advised that its form is the market standard. The Listing Agreement provides Mr. Rubenstein and Compass with, among other things: (i) the exclusive right of sale for a period of no less than 6 months; (ii) entitlement to 6% of the Real Property's total sale price at closing, or 3% if a co-broker is involved in the sale, with the remaining 3% payable to the co-broker; and (iii) a default commission in the amount of 10% in the event the Receivership Estate receives any money in connection with a buyer's default on a fully executed contract of sale for the Real Property.

11. The Court should authorize the Receiver to enter into the Listing Agreement with Mr. Rubenstein and Compass. The Real Property is an illiquid asset that will be expensive to maintain, costing the Receivership Estate over $7,000 a month in expenses at a minimum. The Receiver believes listing and selling the Real Property with Mr. Rubenstein and Compass to be the most beneficial course of action for the Receivership Estate as it pertains to the Real Property, and the course of action most likely to realize the true and proper value of the Real Property.

WHEREFORE, the Receiver respectfully requests this Court enter an Order granting the *Receiver's Ex Parte Motion for Authorization to Enter into an Exclusive Listing Agreement for the Sale of 76 Madison Avenue, Apartment 3A, New York, New York, 10016* and any such other relief as this Court deems just and proper.

70125552;1

## LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, undersigned counsel hereby certifies that the Receiver has conferred with counsel for the SEC, which consents to the relief requested herein.

Dated April 26, 2023         Respectfully submitted,

> By: */s/ Catherine Kretzschmar*
> Catherine Kretzschmar, Esq.
> Florida Bar Number: 85843
> catherine.kretzschmar@akerman.com
> Katie Johnson, Esq.
> Florida Bar Number: 1040357
> katie.johnson@akerman.com
> **AKERMAN LLP**
> Las Olas Centre II, Suite 1800
> 201 East Las Olas Boulevard
> Fort Lauderdale, FL  33301-2999
> Phone: (954) 463-2700
> Fax: (954) 463-2224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this Wednesday, April 26, 2023 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case.

> By: */s/ Catherine Kretzschmar*
> Catherine D. Kretzschmar, Esq

70125552;1