**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Securities and Exchange Commission,

 Plaintiff,

vs.              Case No. 23-20719-Civ-SCOLA

BK Coin Management, LLC
and other Defendants.
_____/

## RECEIVER'S FIRST INTERIM REPORT

 Michael I. Goldberg, the Court-appointed receiver (the "Receiver") respectfully files his *First Interim Report* (the "First Interim Report") covering the period from February 24, 2023 up to and including March 30, 2023 (the "Reporting Period").

**I. BACKGROUND**

 On February 23, 2023, the Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (ECF No. 1) (the "Complaint") together with its *Motion and Memorandum of Law for Appointment of Receiver* (ECF No. 4) (the "Motion to Appoint Receiver"). The Complaint seeks relief against BKCoin Management LLC and one of its managing members, Min Woo Kang (a/k/a "Kevin Kang") (the "Defendants") and against BKCoin Management LLC, BKCoin Capital, LP, BK Offshore Fund, Ltd, BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP., BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (the "Relief Defendants").

 As further detailed in the Complaint, from October 2018 through September of 2022, BK Coin Management, LLC served as general partner for and investment manager of the following five funds formed to generate profits mainly through investments in cryptocurrency assets: BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore Fund"), and

BKCoin Multi-Strategy Master Fund, Ltd., and its two feeder funds, BKCoin Multi-Strategy Fund, LP and BKCoin Multi-Strategy Fund Ltd. (collectively, the "Multi-Strat Funds"). Complaint, ¶1. The Defendants allegedly raised nearly $100 million from at least 55 investors, who invested in one or more of the funds or through various accounts governed by respective *Investment Management Agreements* (the "SMAs") and managed by the Defendants. *Id*. ¶2.

The SEC filed suit to prevent further fraud and misappropriation of investor money by the Defendants, alleging that Defendants had made false and materially misleading statements to their investors in the course of their offerings, that Defendants had comingled investor assets, made Ponzi-like payments to fund investors in lieu of redemptions, and that assets of the funds were improperly diverted to or for the personal benefit of Defendant, Kevin Kang. *Id*. ¶ 2-3. Based on these assertions, the SEC sought the appointment of a receiver over the Relief Defendants as well as entry of order freezing the assets of the Defendants and the Relief Defendants.

On February 24, 2023, the Court entered its *Order of Appointment* (ECF 8) (the "Order of Appointment") granting the SEC's Motion to Appoint Receiver, and appointing Michael I. Goldberg as Receiver over BKCoin Management, LLC and the Relief Defendants and its *Order Granting Plaintiff Securities and Exchange Commission's Ex Parte Emergency Motion for Asset Freeze and Other Relief* (ECF No. 9) (the "Freeze Order").

## II. ACTIONS TAKEN BY THE RECEIVER DURING THE REPORTING PERIOD

### A. Reappointment of the Receiver and Extending Receivership Court's Territorial Jurisdiction.

The Order of Appointment provides the Receiver with "all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66." *See Order of Appointment*, ¶ 3.

2

28 U.S.C. §§ 754 and 1692 operate together to extend the court of appointment's territorial jurisdiction. *See Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1146 (9th Cir. 2007). Section 754 provides, in relevant part:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
> …
> **Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.** The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754 (emphasis added). The Receiver's initial deadline to file copies of the Complaint and Order of Appointment in other federal districts pursuant to 28 U.S.C. § 754 was therefore March 6, 2023. The Receiver was unable to adhere with the filing requirements of 28 U.S.C. § 754, however, until such time as the Complaint and the Order of Appointment were unsealed by the Clerk of Courts. The Order of Appointment remained under seal of the Court until the morning of March 6, 2023. *See Clerk's Notice of Compliance* (ECF No. 11).

The Receiver thus filed his *Ex Parte Motion Seeking Entry of an Order Reappointing Receiver* in which he sought entry of an order by the Court reappointing the Receiver, and thereby reestablishing the 28 U.S.C. § 754 deadline. The Court granted the motion, reappointing the Receiver by order dated March 7, 2023. *See* ECF No. 17. Within the following ten days, the Receiver commenced ancillary proceedings in 7 districts in which Receivership property is located thereby successfully extending this Court's territorial jurisdiction.

B.  **Determination of the Receivership Estate**

Pursuant to the Order of Appointment, the Receiver has the duty to use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants and Relief Defendants, including, but not limited to, monies, funds, securities, cryptocurrencies, crypto assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants and Relief Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates"). Order of Appointment, ¶6(A).

The Receiver has determined the nature, location, and value of the following Receivership Property as of the filing of this First Interim Report.

1. Cash On Hand

All amounts in the Receivership Entities' bank accounts at Silvergate Bank ($1,807,776.87) have been successfully transferred to the Receiver's segregated trust account. The Receiver and his professionals likewise transferred additional funds held at various digital currency exchanges ($164,545.93), TD Bank ($2,214.22), and Signature Bank ($17,311.41) to the Receiver's segregated trust account, making total cash held in trust by the Receiver $1,991,398.43, as further detailed in the below chart.

| Summary of Cash Assets Transferred to Receivership Estate | | |
|---|---|---|
| **Where held** | **Entity** | **Amount** |
| BitGo Prime[1] | BK Offshore Fund LTD | $125,978.45 |
| | *Subtotal* | *$125,978.45* |
| Circle | BKCoin Multi-Strategy Master Fund LTD (-9315) | $2,168.00 |
| | BK Offshore Fund LTD (-7629) | $3,532.00 |
| | *Subtotal* | *$5,700.00* |
| Bittrex | BKCoin Capital LP | $675.00 |

---

[1] BitGo Prime liquidated the collateral it held as part of a loan agreement with BK Offshore Fund, generating $125,978.45 of net excess collateral. This amount has been transferred to the Receiver's segregated trust account.

|  |  |  |
|---|---|---|
|  | *Subtotal* | *$675.00* |
| Gemini | BKCoin Capital LP | $32,192.48 |
|  | *Subtotal* | *$32,192.48* |
| Silvergate Bank | BKCoin Multi-Strategy Master Fund Ltd. (-5270) | $1,769,665.75 |
|  | BKCoin Multi-Strategy Fund Ltd. (-7060) | $17,822.71 |
|  | BKCoin Multi-Strategy Fund Ltd. (-7409) | $1,000.00 |
|  | BKCoin Management LLC (-5478) | $1,479.99 |
|  | BKCoin Capital LP (-5452) | $8,525.53 |
|  | BK Offshore Fund LTD (-5445) | $1,585.17 |
|  | BK Offshore Fund LTD (-5437) | $726.45 |
|  | BK Offshore Fund LTD (-5429) | $6,521.27 |
|  | *Subtotal* | *$1,807,776.87* |
| TD Bank | BKCoin Management LLC (-9821) | $2,214.22 |
|  | *Subtotal* | *$2,214.22* |
| Signature Bank | BKCoin Capital LP | $7,311.41 |
|  | BK Offshore Fund LTD | $10,000.00 |
|  | *Subtotal* | *$17,311.41* |
|  | **Grand Total** | **$1,991,398.43** |

2. Digital Assets

To date, the approximate total value of all cryptocurrency assets identified as belonging to the Receivership Estate is $5,750,099.55. The following chart contains a detailed breakdown of digital assets identified as of the filing of this First Interim Report.

| **Summary of All Cryptocurrency Assets** | | | |
|---|---|---|---|
| **Entity** | **Token** | **Quantity** | **USD Spot Value (Noon EST – 5/1)** |
| GP (BKCoin Management LLC) | ETH | - | - |
|  | BTC | 4.85 | 136,679.76 |
|  |  | *Subtotal* | *$136,679.76* |
| BKCoin Capital LP | ETH* | 47.46 | $87,092.21 |
|  | BCH | 108.23 | $12,627.26 |
|  | LTC | 149.66 | $12,984.56 |
|  | BTC** | 3.47 | $97,792.07 |
|  | SOL* | 2,000.00 | $43,780.00 |
|  | HBAR | 10,183,195.70 | $617,101.66 |
|  |  | *Subtotal* | *$871,377.75* |
| Master Fund | ETH* | 0.03 | $60.47 |
|  | USDC* | 686,193.75 | $686,193.75 |

5

|  |  | Subtotal | $686,254.23 |
|---|---|---|---|
| BK Offshore Fund | ETH** | 447.60 | $821,362.50 |
|  | BTC** | 105.03 | $2,959,829.31 |
|  | USDT | 230,408.24 | $230,408.24 |
|  | BNB | 29.17 | $9,626.66 |
|  | XVG | 1,036,748.80 | $2,483.35 |
|  | LSK | 0.02 | $0.02 |
|  | SXP | 2.25 | $1.21 |
|  | WBTC | 0.01 | $420.47 |
|  | VTHO | 2,649.73 | $3.65 |
|  | ALGO | 312.87 | $55.74 |
|  | DOGE | 49,480.16 | $3,908.93 |
|  | BUSD | 0.33 | $0.33 |
|  | BTTC | 5,981,098.90 | $3.59 |
|  | NFT | 60,414.31 | $1,021.61 |
|  | ETHW | 4.50 | $8,249.42 |
|  | MASK | 0.07 | $0.33 |
|  | DOT | 99.90 | $580.42 |
|  | ENJ | 699.30 | $16,755.23 |
|  | LINK | 99.90 | $717.28 |
|  | LUNA | 24.81 | $31.51 |
|  | LUNC | 79.92 | $0.01 |
|  | SOL | 14.99 | $328.02 |
|  |  | Subtotal | $4,055,787.81 |
| DeFi (Non-Receivership Entity) | ETH | 0.04 | $44.75 |
|  |  | Subtotal | $44.75 |
| *already transferred to Standard Custody  **partially transferred |  | **Grand total** | **$5,750,099.55** |
|  |  | Total including DeFi | $5,750,144.30 |

3. Real Property

To date, the value of all real property identified as belonging to the Receivership Estate is approximately $2,400,000. The following chart identifies all real property identified as of the filing of this First Interim Report.

| Summary of All Real Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| BKCoin Offshore Fund, Ltd. | 76 Madison Avenue, Apartment 3A, New York, New York, 10016 | $2,400,00.00 |
| | Total | $2,400,00.00 |

4. Other Assets

The following chart contains a detailed breakdown of other assets identified as belonging to the Receivership Estate identified as of the filing of this First Interim Report. The Receiver is unable to ascribe a market value to this subset of Receivership Property at this time.

| Summary of Other Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| Bison Digital LLC | $351,000 Skybridge Kraken Subscription | unknown market value |
| | $250,000 Digital Prime DLCC class A units | unknown market value |
| | $100,000 "I Got It" common stock | unknown market value |
| | $100,000 investment in Margin.Io | unknown market value |
| | $100,000 RareMint SAFT | unknown market value |
| | $75,000 subscription in Arca NFT Fund | unknown market value |
| | $50,000 SAFE token | unknown market value |
| | $50,000 preferred series A stock in TheTie | unknown market value |
| | $50,000 in series B stock in CoinRoutes | unknown market value |
| | Total | unknown market value |

**C.     Custody, Control and Possession of all Receivership Property and Records.**

Pursuant to the Order of Appointment, the Receiver has the duty to take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants and Relief Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto. Order of Appointment, ¶6(B).

1. <u>Receivership Property and Records</u>

Knowledge of and access to all assets and documents of the Receivership Entities lies primarily, if not exclusively, with its former principals. One such principal, Mr. Kang has obtained legal counsel, and, to date, the information obtained from Mr. Kang has been extremely limited in nature. Given the lack of centralized records and the limited nature of assistance provided by Mr. Kang to date, the Receiver has therefore continues to expend considerable time and effort obtaining custody, control and possession of Receivership Property and records directly from the one cooperating principal, Carlos Betancourt, as well as third parties during this Reporting Period.[2]

The Receiver has therefore sought and obtained comprehensive records from a variety of entities, including, but not limited to: (i) Silvergate Bank, TD Bank, Signature Bank, Bank of America, and JP Morgan Chase; (ii) State Street (fund administrator for the Multi-Strat Funds); (iii) Formidium (fund administrator for the Legacy Fund and the Offshore Fund); (iv) Standard Custody & Trust Company, LLC (a digital asset custodian for BKCoin Management, Multi-Strat Master, BK Offshore, BKCoin Capital, and the SMAs); (v) a multitude of digital currency exchanges; (vi) SMA investors; and (vii) investors in the Multi-Strat Funds, the Legacy Fund, and the Offshore Fund.

The Receiver and his professionals have reviewed the forgoing documents in an effort to understand the operations of the Receiver Entities and corresponding flow of funds and in order to identify, freeze, and preserve all Receivership Property, and obtain corresponding records from third parties with whom it is believed the Receivership Entities possess either active or historical account(s). The Receiver's efforts have resulted in the recovery of all Receivership Property detailed in Section B above, as well as an understanding of the corporate organization

---

[2] The Receiver intends to set Mr. Kang's deposition in the near future in an effort to obtain this information.

of the Receivership Entities further detailed below.

2. Corporate Organization the Receivership Entities

BKCoin Management LLC is a Delaware limited liability company with its principal place of business in Florida. BKCoin Management employed several employees, whose services were terminated in 2022.[3] Carlos Betancourt and Kevin Kang are its founding principals and served as its managing members. Each owned 47.5% of the equity in the company. Two men by the name of Peter Dzuba (2.5%) and Brandon Esposito (2.5%) possess the remaining 5% ownership interest.

BKCoin Management, in turn, serves as the general partner of Multi-Strat Domestic[4] and BKCoin Capital[5] and as investment manager for (i) various SMAs; (ii) the Multi-Strat Funds (consisting of Multi-Strat Domestic, Multi-Strat Offshore[6], and Multi-Strat Master[7]); (iii) the Legacy Fund; and (iv) the Offshore Fund. Betancourt and Kang are sole directors and beneficial owners of both Multi-Strat Master and Multi-Strat Offshore. BKCoin Management is a registered shareholder in possession of 100 Class M Shares, which, per each respective Memorandum of Association, entitles BKCoin Management (and thus, in turn Carlos Betancourt and Kevin Kang) to exclusive control of all offshore entities.

State Street Corporation ("State Street") served as fund administrator for the Multi-Strat Funds and Formidium Corporation f/k/a Sudrania Fund Services ("Formidium") served as fund administrator for the Legacy Fund and the Offshore Fund.

---

[3] The Receiver is in the process of identifying and interviewing all former employees and agents.
[4] Multi-Strat Domestic is a Delaware Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in the State of Florida.
[5] BKCoin Capital is a Delaware limited partnership with its principal place of business in Florida.
[6] Multi-Strat Offshore is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.
[7] Multi-Strat Master is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.

70203717;1

To date, based upon information provided from the foregoing fund administrators the Receiver has identified: (i) 2 limited partners and 3 shareholders invested in the Multi-Strat Funds; (ii) 44 limited partners invested in the Legacy Fund; and (iii) 7 shareholders invested in the Offshore Fund.  The Receiver has also identified from receivership records 6 SMAs entered into by and between various third parties and BKCoin Management.  The below represents the corporate structure as best determined by the Receiver during this Reporting Period.



Upon information and belief, the Receivership Entities operated almost exclusively online with virtual office spaces in New York and Miami. In Miami, BKCoin Management LLC entered into an agreement with Pipeline Brickell, LLC. The agreement entitled Receivership Entities to access to non-dedicated space, conference rooms, and receptionist services at 1101 Brickell Avenue, South Tower, 8th Floor, Miami, Florida 33131. The agreement has been

terminated by the Receiver. Upon information and believe, the Receivership Entities entered into a similar agreement for non-dedicated office space in New York, with the coworking space company Regus. The Receiver is in the process of identifying and terminating (if still operative) any such agreement with Regus.

**D.    Engage and Employ Persons**

The Order of Appointment provides that the Receiver is authorized to solicit persons and entities to assist him in carrying out his duties and responsibilities, subject to the approval of the Court. *See* Order of Appointment, ¶¶ 6 (F), 56 -57.

The Receiver sought and received Court authority to employ attorneys at Akerman LLP to assist him as counsel in performing ordinary and necessary legal services required in the general administration of this case (ECF Nos. 56 and 61) and YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case (ECF Nos. 57 and 62). The Receiver has also employed Justin Rubenstein of Compass RE NY, LLC d/b/a Compass for the listing, marketing, and sale of the Receivership Property located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016.

**E.    Actions Necessary to Preserve and Prevent Dissipation of Receivership Property**

Given the extreme volatility of the cryptocurrency market, the Receiver's practice has been to transfer whenever possible any cryptocurrency assets within the Receivership Estate to a cryptocurrency depository. As part of this process, the Receiver identified Standard Custody & Trust Company, LLC ("Standard Custody") a limited liability company organized as a trust company under New York banking laws, having a place of business at 135 E. 57th St, 21st Floor, New York, NY 10022, as an appropriate depository institution.

As of the filing of this First Interim Report, Standard Custody holds approximately $3.39

million of cryptocurrency assets. There are four types of cryptocurrency assets currently housed at Standard Custody: Bitcoin, Ethereum, USD Coin, and Solana. Assets transferred into Standard Custody originated from BitGo Prime (44 BTC and 420 ETH – BK Offshore Fund), Gemini Trust Company (47.3373 ETH – BKCoin Capital LP), Bittrex (0.039 BTC and 0.1234 ETH – BKCoin Capital LP), and Deribit (15 BTC and 23.106 ETH – BK Offshore LTD) The below charts provide a breakdown of receivership digital assets by vault and by digital asset type.

| Standard Custody Vault Breakdown by Token | | |
|---|---|---|
| Token | Quantity | USD Spot Value (Noon EST 5/1) |
| Bitcoin | 62.26748 | $1,754,784.32 |
| Ethereum | 490.63605 | $900,331.88 |
| USD Coin | 686,193.75 | $686,193.75 |
| Solana | 2,000.00 | $43,779.96 |
| | Total | $3,385,089.90 |

| Summary of Crypto Vaults at Standard Custody (by Vault Name) | | |
|---|---|---|
| # | Vault Name | USD Spot Value (Noon EST 5/1) |
| 1 | BKCoin Multi-Strategy Master | $0.00 |
| 2 | BKCoin Multi-Strat Master FTX | $686,254.33 |
| 3 | BK Offshore Ltd FTX Quant Funding Account | $0.00 |
| 4 | DeFi | $68.46 |
| 5 | GP (Management LLC) | $2,564,248.82 |
| 6 | Legacy – Class C | $134,518.40 |
| 7 | MXP - SMAs | $0.00 |
| | Total | $3,385,090.01 |

**F.      Pursue, Resist and Defend all Suits, Actions, Claims and Demands**

1.      *In re BlockFi Inc.et al.*

On November 28, 2022, BlockFi Inc. and 8 affiliated debtors (collectively, the "BlockFi Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (Trenton). The cases are pending before the Honorable Michael B. Kaplan and are jointly administered under Case No. 22-19361. The Receiver and his counsel have made contact with counsel for the BlockFi Debtors, and have timely filed a proof of claim preserving any claims the Receivership Entities might have against the BlockFi Debtors.

2.      *In re FTX Trading, Ltd., et al.*

On November 11, 2022 and November 14, 2022, FTX Trading Ltd. and 101 affiliated debtors (collectively, the "BlockFi Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On February 13, 2023, an order was entered dismissing the cases of Debtors, SNG Investments Yatirim Ve Danismanlik Anonim Sirketi (Case No. 22-11093) and FTX Turkey Teknoloji Ve Ticaret Anonim Sirketi (Case No. 22-11170). The remaining cases are pending before the Honorable John T. Dorsey and are jointly administered under Case No. 22-11068. The Receiver and his counsel have made contact with counsel for the FTX Debtors, and are examining any claims the Receivership Entities might have against the FTX Debtors.

3.      *Canto v. BKCoin Management, LLC et al.*

There is a litigation matter filed before the United States District Court for the Southern District of New York, Case No. 22-cv-08858-JPO, styled *Canto v. BKCoin Management, LLC et al.*, in which BKCoin Management, Carlos Betancourt and Kevin Kang are named defendants. Suit was brought by former investor Alejandro Canto against the named defendants based upon

13

claims of breach of fiduciary duty, with allegations arising from the purported mismanagement of Mr. Canto's investment fund by BKCoin Management and its two principals. The District Court for the Southern District of New York entered an Order staying its case on March 30, 2023. Counsel for Mr. Canto has since filed a motion seeking the right to intervene in the Receivership Proceeding, so that Mr. Canto may seek purportedly limited stay relief before the Receivership Court; the SEC opposes the relief requested by Mr. Canto. *See* ECF Nos. 51, 55, and 58. The Receiver has taken no position as to the pending motion.

### III.    ADMINISTRATION OF THE RECEIVERSHIP ESTATES

The Receiver continues to utilize the skills of his professionals, including his general counsel Akerman LLP and forensic accountants YIP Associates.

### A.    Liquidation of Cryptocurrency

The Freeze Order expressly carves out the Receiver and activities undertaken by him in the course of marshalling and preserving Receivership Assets from the Freeze Order. The language of this carve-out is deliberate, as the Order of Appointment makes clear. For example, Section II, ¶ 16(A) of the Order of Appointment mandates that all banks, financial institutions, etc. shall "not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants and Relief Defendants *except upon written instructions from the Receiver*." (emphasis added).

The Order of Appointment empowers the Receiver's to "take custody, control and possession of all Receivership Property"; "manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property"; and "take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property." Order of Appointment, ¶ 6 (B)-(C), (G). Receivership Property, includes, *inter alia*, cryptocurrencies and other crypto

related assets, and profits and income attributable thereto. Order of Appointment ¶ 6(A). Accordingly, the Receiver "may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property." Order of Appointment, ¶ 35.

While the above delineates the Receiver's authority to liquidate all cryptocurrency, in an abundance of caution, the Receiver requested and received the Court's approval to liquidate a subset of the Receivership Estate that is currently held in a custodial account at Standard Custody. *See Order Authorizing Liquidation of Cryptocurrency* [ECF No. 42] (the "Liquidation Order") (attached). The Liquidation Order, the most recent of the Court's directives, dispels any perceived conflict between the Asset Freeze Order and Order of Appointment by stating "[a]ny third party in possession of the Cryptocurrency is hereby directed and ordered to cooperate in all respects with the Receiver, to liquidate or transfer any such Cryptocurrency on an immediate basis upon written request of the Receiver, and to comply with the instructions provided by the Receiver." Liquidation Order, ¶ 3. The Receiver sought and obtained such relief during this Reporting Period in accordance with his duties to preserve assets of the Receivership Estate. The Receiver is intending to liquidate the cryptocurrency in his possession as soon as accounts can be set up in the Receiver's name at reputable exchanges.

## B.     Ongoing Communications with Investors

The Receiver and his professionals have spent considerable time communicating with government officials, former employees, creditors, investors, and other interested parties. The Receiver continues to respond to detailed government official and investor inquiries, primarily through video and audio calls. The Receiver and in his professionals have established a

comprehensive investor contact list for coordinated communication. The Receiver has likewise established an email address for general inquiries [BKCoin@akerman.com](BKCoin@akerman.com) to provide up to date information for investors and interested parties.

**C.     Forensic Professionals**

The Receiver recognizes the importance of accounting and blockchain forensics in this matter, the results of will afford all investors with an understanding of the flow of digital assets and may assist in the recovery of misappropriated funds. The Receiver likewise understands the importance of identifying, securing, and monitoring, where appropriate, wallets of interest. The Receiver retained YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case. *See* ECF Nos. 57 and 62. YIP Associates has commenced their analysis, and is working together with Akerman to complete the forgoing.

**D.     Receiver's Recommendations**

The Receiver anticipates taking the following actions during the next Reporting Period: *(i)* continue to obtain, secure, and liquidate (where appropriate) all assets and documents of the Receivership Entities; *(ii)* continue to review and analyze all trading and transaction history of the Receivership Entities; *(iii)* respond to inquiries from investors, creditors, government officials and interested parties;  *(vii)* provide updates through regular communication to investors; and (viii) investigating and commencing claims against parties who may have assisted the Receivership Entities in the perpetration of any actionable claims in an attempt to recover money for the estate's creditors.

Dated:  May 1, 2023.

Respectfully submitted,

By: */s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.
Florida Bar No. 886602
Email: michael.goldberg@akerman.com
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Ft. Lauderdale, FL 33301

*Court Appointed Receiver*

70203717;1