United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-20719-Civ-Scola |
| BKCoin Management, LLC, and others, Defendants. | ) ) ) ) |

### Order on Third-Party Alejandro Canto's Motion to Intervene and to Lift Stay of Litigation Against Carlos Betancourt

This matter is before the Court on the third-party Alejandro Canto's ("Mr. Canto") motion to intervene and to lift the stay of litigation against non-party Carlos Betancourt ("Mr. Betancourt"). (Mot., ECF No. 51.) The Plaintiff Securities and Exchange Commission ("SEC") has filed a response in opposition to Mr. Canto's motion (ECF No. 55), to which Mr. Canto has replied (ECF No. 58.) The Court has reviewed the record, the parties' briefs, and the relevant legal authorities. In addition, the Court held a hearing on the motion on May 4, 2023, at which counsel for Mr. Canto, the SEC, and the Receiver were present. For the reasons stated below and on the record at the May 4, 2023, hearing, the Court **denies** Mr. Canto's motion, **without prejudice** to be renewed after 120 days. (**Mot., ECF No. 51**.)

1. **Background**

On February 23, 2023, the SEC initiated the instant action against BKCoin Management, LLC ("BKCoin"), and one of its two managing members, Min Woo Kang a/k/a "Kevin" Kang ("Kang") (collectively, the "Defendants"). (Compl., ECF No. 1.) BKCoin's other managing member, Mr. Betancourt, was not named as a defendant in the SEC's complaint. The complaint is based on a purportedly fraudulent scheme by the Defendants to misappropriate investor money. (*Id.* ¶ 1.) It alleges that, from at least October 2018 through September 2022, BKCoin served as the investment adviser to five private funds (the "BKCoin Funds") formed to generate profits through the investment of crypto assets and, in addition, managed separately managed accounts ("SMAs") for certain clients. (*Id.*) Per the SEC, after raising nearly $100 million from investments in the BKCoin Funds and the SMAs, the Defendants made material misrepresentations and omissions to their investors and misappropriated and misused their funds.

The same day it filed the complaint, the SEC moved for appointment of a receiver and for an asset freeze (ECF Nos. 4, 5), and the Court granted both motions (ECF Nos. 8, 9). The Court's order appointing the Receiver was entered for the purpose of marshaling and preserving all assets of BKCoin and the Relief Defendants.[1] (Order Appoint. Receiver, ECF No. 8.) Pursuant to the order of appointment, the Receiver is charged with using reasonable efforts to identify all property interests of the Receivership Defendants and Relief Defendants, including all assets which they "own, possess, have a beneficial interest in, or control directly or indirectly ('Receivership Property' or, collectively, the 'Receivership Estates')." (*Id.* at 2.) To that end, the appointment order stays all civil legal proceedings of any nature involving "any of the Receivership Defendants and Relief Defendants' past or present offenders or directors "sued for, or in connection with, any action taken by them while acting in such capacity of any nature[.]" (*Id.* at 11.) In addition, the Court's order freezing assets restrains "[t]he Defendants and Relief Defendants [and] their directors, officers, agents, . . . and those persons in active concert or participation with any one or more of them, . . . from, directly or indirectly, . . . disposing of, or withdrawing any assets or property. . . owned by, controlled by, or in the possession of Defendants and Relief Defendants." (Order Freezing Assets, ECF No. 9.)

Meanwhile, another case arising from the same fraudulent scheme had been filed by Mr. Canto in the Southern District of New York. *See Canto v. BKCoin Mgmt., et al.*, No. 1:22-cv-08858 (S.D.N.Y.) (hereinafter "*Canto v. BKCoin*"). Mr. Canto, one of the investors that maintained a SMA with BKCoin, filed *Canto v. BKCoin* on October 17, 2022, after he discovered that his investment portfolio with BKCoin was being mismanaged. On January 20, 2023, Mr. Canto filed a first amended class action complaint, which, unlike the instant proceedings, includes claims against Mr. Betancourt in his individual capacity on behalf of Mr. Canto and as a representative of a putative class. However, shortly thereafter, *Canto v. BKCoin* was stayed as a result of the litigation stay imposed by this Court's order appointing the Receiver.

Now, Mr. Canto seeks to intervene in this action to request a partial lift of the Court's order staying litigation as to Mr. Betancourt. In so doing, Mr. Canto maintains that he does not seek to interfere with the SEC's litigation against the Defendants or the Relief Defendants or to interfere with the duties and responsibilities of the Receiver.

---

[1] The BKCoin Funds, along with a sixth fund that had no investors except for Kang and its other managing member, Mr. Betancourt, are the "Relief Defendants" in this action.

### 2. Analysis

The SEC argues that Section 21(g) of the of the Securities Exchange Act of 1934 absolutely bars third parties like Mr. Canto from intervening in enforcement actions instituted by it without its consent. In addition, it argues that even if the Court were to conclude that Section 21(g) is not a complete bar to intervention, the Court should still deny Mr. Canto's motion to intervene because he has not met the standards for either mandatory or permissive intervention under Federal Rule of Civil Procedure 24. The SEC's position is that Mr. Canto's intervention for purposes of lifting the litigation stay against Mr. Betancourt would unduly burden the instant proceedings and undermine the status quo. Mr. Canto counters that Section 21(g) is neither as broad nor as prohibitive as the SEC suggests, and that removing the stay as to his pending class action against Mr. Betancourt will neither require coordination or consolidation with this action, nor affect the SEC or the Receiver's duties to the investors. He argues that he is entitled to intervene because the litigation stay as to Mr. Betancourt is impairing his ability to pursue his and the proposed class's interests, and because those interests are not being adequality represented here. For the reasons set forth below, the Court concludes that Mr. Canto's intervention would be premature.

Preliminarily, the Court notes that is does not take a position on the SEC's Section 21(g) argument at this time. Section 21(g) provides, in relevant part, that:

> [N]o action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). As clearly evidenced by the parties' submissions, there is a split of authority as to whether Section 21(g) acts as an absolute bar to intervention in SEC enforcement actions like this one. *Compare SEC v. Nadel*, No. 8:09-cv-87-T-26TBM, 2009 U.S. Dist. LEXIS 94302, at *3 (M.D. Fla. Sep. 24, 2009) (barring intervention) *and SEC v. Cogley*, No. 98CV802, 2001 U.S. Dist. LEXIS 27140, 2001 WL 1842476, at *5 (S.D. Ohio 2001) ("After reviewing the legislative history, and reviewing other cases that have discussed this issue, this Court comes to the inescapable conclusion that Section 21(g) bars intervention.") *with SEC v. Flight Transp. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983) ("[T]he purpose of [Section 21(g)] is simply to exempt the Commission from the compulsory consolidation and coordination provisions applicable to multidistrict litigation. It does not say that no one may intervene in an action brought by the SEC without its consent. It does not mention Fed. R. Civ. P. 24,

nor does Rule 24 contain any clause giving special privileges to the SEC.") *and SEC v. Callahan*, 2 F. Supp. 3d 427, 437 (E.D.N.Y. 2014) ("[T]here is no persuasive authority which suggests that section 21(g) . . . bars intervention in all SEC enforcement actions."). Moreover, the Eleventh Circuit has not addressed the issue. However, because Mr. Canto does not meet the standards for intervention under Rule 24 at this time, it need not decide whether he would be barred from intervening under Section 21(g).

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Athens Lumber Co. v. Fed. Election Com.*, 690 F.2d 1364, 1366 (11th Cir. 1982)). Moreover, "[p]ermissive intervention under [Rule] 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)).

The Court is unable to conclude that Mr. Canto's interests are being inadequately represented by the existing parties to this suit. The SEC has brought the instant action on behalf of all BKCoin's investors, including those with SMAs like Mr. Canto. To that end, the extent of the ultimate overlap between Mr. Canto's action in the Southern District of New York and this case remains uncertain, as, for example, it is unknown at this time whether the SEC may seek to amend its pleadings to add Mr. Betancourt as a defendant to its complaint. Moreover, the Receiver here has been broadly charged with marshaling and preserving all assets of BKCoin and the Relief Defendants, as well as with investigating their potential claims, which includes any claims the entities may have against insiders and third parties. (*See generally* Order Appoint. Receiver, ECF No. 8.) Such an expansive charge very likely encompasses most, if not all, of the relief Mr. Canto seeks to pursue on behalf of himself and his proposed class against Mr. Betancourt in *Canto v. BKCoin*. In short, in light of the early stages of this litigation, and the excellent representation of BKCoin's investors, including Mr. Canto, by the SEC and the Receiver, the Court finds that Mr. Canto's interests are currently being adequately represented by the existing parties to this suit.

Relatedly, the Court cannot find that granting Mr. Canto's requested relief will not unduly prejudice or delay adjudication of the rights of the original parties. Although the Court acknowledges (and appreciates) the fact the Mr. Canto has expressed a willingness to avoid impacting this case as much as possible should the stay as to Mr. Betancourt be lifted, the fact remains that his pursuit of *Canto v. BKCoin* will almost certainly burden the Receiver and the Receivership entities here in one way or another. As just one example, even if Mr. Canto seeks discovery from Mr. Betancourt only, he will most likely also impact the Receiver, who has informed the Court that "[k]nowledge of and access to all assets and documents of the Receivership Entities lies primarily, if not exclusively, with its former principals[,]" and that he has already spent "considerable time and effort obtaining custody, control and possession of Receivership Property and records directly from [Mr. Betancourt,] the one cooperating principal[.]" (*See* Receiver's First Interim Status Report 8, ECF No. 68.). Thus, the Court concludes that granting Mr. Canto's requested relief at this stage of the case would be too burdensome on the parties and, in particular, on the Receiver.

### 3. Conclusion

For the reasons stated above, the Court **denies**, **without prejudice**, Mr. Canto's motion to intervene and to lift the stay of litigation against non-party Carlos Betancourt. (**Mot., ECF No. 51**.) Should Mr. Canto deem it necessary, he may file a renewed motion after 120 days. In addition, to the extent the Receiver is able to share information with Mr. Canto, the Court encourages that he does so.

**Done and ordered** in Miami, Florida, on May 4, 2023.

_____
Robert N. Scola, Jr.
United States District Judge