# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 23-cv-20719-RNS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| | : |
| **Plaintiff,** | : |
| **v.** | : |
| | : |
| **BKCOIN MANAGEMENT, LLC and** | : |
| **MIN WOO KANG a/k/a "KEVIN" KANG,** | : |
| | : |
| **Defendants, and** | : |
| | : |
| **BKCOIN CAPITAL, LP,** | : |
| **BK OFFSHORE FUND, LTD.,** | : |
| **BKCOIN MULTI-STRATEGY** | : |
| **MASTER FUND, LTD.,** | : |
| **BKCOIN MULTI-STRATEGY FUND, LP,** | : |
| **BKCOIN MULTI-STRATEGY FUND LTD., AND** | : |
| **BISON DIGITAL LLC,** | : |
| | : |
| **Relief Defendants.** | : |
| | : |

## JOINT DISCOVERY PLAN AND CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District of Florida Local Rule 16.1(b)(2), and the Court's Order Requiring Discovery and Scheduling Conference ("Court Order") (DE 81), the parties held a telephone conference on June 22, 2023, to develop the following written discovery plan and conference report as required by the aforementioned rules. Attending for each party were:

> Plaintiff Securities and Exchange Commission:
> Pascale Guerrier, Esq., Alexander H. Charap, Esq.
>
> Defendant Min Woo Kang a/k/a Kevin Kang:
> Celia A. Cohen, Esq., Nathaniel Botwinick, Esq., Michael Robotti, Esq.
>
> Court-appointed Receiver Michael I. Goldberg:
> Michael I. Goldberg, Esq., Catherine Kretzschmar, Esq., Katie Johnson, Esq.

## Written Discovery Plan

General Statement:
**The parties believe this is a Standard Track Case as set forth as Attachment B to the Court Order, requiring three to five days of trial time.**

**The parties also believe discovery will take several months.  The Commission will likely seek discovery from, among others, Defendants, employees and current or former officers and directors of Defendants,  investors and any other persons or entity who may have relevant knowledge of the claims or defenses pertaining to this matter.  Based on the information Defendant Min Woo Kang has to date, it is likely that Defendant will seek some discovery and depositions from various third-parties and the Plaintiff.**

**The parties anticipate seeking written and document discovery and taking depositions.  The parties have not yet determined whether they see a need for taking more than 10 depositions per side as limited by Federal Rule of Civil Procedure 30(a)(2)(A); if one or more parties seeks more than 10 depositions the parties will attempt to arrive at a stipulation to be filed with the Court.  Depositions may be taken remotely via webex or zoom of out of jurisdiction witnesses.**

**The parties do not propose any limits on written discovery at this time other than those set forth in the Federal Rules of Civil Procedure.  If any party seeks additional limits or written discovery the parties will attempt to arrive at a stipulation to be filed with the Court**

(A) The likelihood of settlement.
**The parties differ in their views of the evidence but agree to continue to discuss possible resolutions.**

(B) The likelihood of appearance in the action of additional parties.
**The appearance of additional parties is not anticipated at this time.**

(C) Proposed limits on the time:

| | | |
|---|---|---|
| **(i)** | **August 10, 2023** | **Joinder of additional parties and amended pleadings;** |
| **(ii)** | **February 23, 2024** | **File and hear motions; and** |
| **(iii)** | **February 9, 2024** | **Complete discovery.** |

(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.

**The parties will continue to discuss the simplification of issues and paring down of any claims and defenses. Regarding summary judgment, the parties suggest limiting summary judgment motions to one motion per party by the agreed upon deadline.**

(E) The necessity or desirability of amendments to the pleadings.

**The parties do not anticipate amending the pleadings at this time.**

(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.

**The parties will attempt to stipulate to the authenticity of documents and admissibility of evidence so as to avoid numerous mid-trial arguments and the need for rulings that will slow down trial. Once the parties discuss and file their final witness and exhibit lists, the parties can address unresolved evidentiary issues at the final pre-trial conference.**

(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence.

**The parties will endeavor to streamline the litigation to include efforts to reach pre-trial stipulations.**

(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.

**The parties believe the standard referral of discovery motions to the Magistrate is appropriate. The parties do not believe referring matters to a special master would be appropriate.**

(I) A preliminary estimate of the time required for trial.

**Three to five days.**

(J) Requested date or dates for conferences before trial, a final pre-trial conference, and trial.

**The parties request that trial be held in June 2024. They request a final pre-trial conference approximately three weeks before trial.**

(K) Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist.

**The parties agree to preserve all discoverable or potentially discoverable information within their possession, custody, or control.  Whenever feasible, the parties will produce all electronically stored information ("ESI") in bates-stamped, OCR text, or tiff format.  Alternatively, if unable to produce ESI in such a manner, the parties will produce the information in the existing stored format.  The parties further agree that they will maintain all relevant ESI in its original format until final resolution of this matter.**

**The parties have agreed that if any party inadvertently produces ESI or other documents that the producing party claims after production are privileged, the producing party will notify the opposing party promptly after learning that an inadvertent production of privileged material has occurred.  *See FRE 502.*  Further, the receiving party shall promptly return, sequester, or destroy the material in question, and must take reasonable steps to retrieve the information from third parties, including expert witnesses.  However, the parties reserve their right to claim the disclosed information was not privileged, or that the privilege was waived, and submit the matter to the Court if an agreement cannot be reached.**

(L) Any other information that might be helpful to the Court in setting the case for status or pre-trial conference.

**None at this time.**

July 6, 2023

Respectfully submitted,

/s/ Pascale Guerrier
Pascale Guerrier
Trial Counsel
Florida Bar No. 22590
(305) 982-6301
Email: guerrierp@sec.gov

Alexander H. Charap
Senior Counsel
Florida Bar No. A5502711
(305) 416-6228
Email: charapal@sec.gov

Jeffrey Goldberg
Counsel
Florida Bar No. 0118689
(305) 982-6334
Email: sumal@sec.gov

*Attorneys for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

/s/ Celia Cohen
Celia Cohen (pro hac vice)
cohenc@ballardspahr.com
Michael Robotti (pro hac vice)
robottim@ballardspahr.com
Ballard Spahr LLP
1675 Broadway
19th Floor
New York, NY 10019-5820
Telephone: 212-223-0200
Facsimile: 212-223-1942

Walter Norkin
Fla Bar ID # 1022653
wnorkin@akrivislaw.com
Akrivis Law Group PLLC
One Southeast Third Avenue
Suite 2120
Miami, Florida 33131
Telephone: 305-359-6399

*Attorneys for Defendant Min Woo Kang a/k/a
Kevin Kang*

/s/ Catherine Kretzschmar
Catherine Kretzschmar, Esq.
Florida Bar Number: 85843
catherine.kretzschmar@akerman.com
Katie Johnson, Esq.
Florida Bar Number: 1040357
katie.johnson@akerman.com
AKERMAN LLP
Las Olas Centre II, Suite 1800
201 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224

*Attorneys for Michael I. Goldberg, Esq.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on July 6, 2023 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case.

<u>s/ Pascale Guerrier</u>
Pascale Guerrier