UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Securities and Exchange Commission,

    Plaintiff,

vs.                                                    Case No. 23-20719-Civ-SCOLA

BKCoin Management, LLC
and other Defendants.
_____/

## RECEIVER'S SECOND INTERIM REPORT

      Michael I. Goldberg, the Court-appointed receiver (the "Receiver") respectfully files his *Second Interim Report* (the "Second Interim Report") covering the period from March 30, 2023 up to and including June 30, 2023 (the "Reporting Period").

**I.    BACKGROUND**

      On February 23, 2023, the Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (ECF No. 1) (the "Complaint") together with its *Motion and Memorandum of Law for Appointment of Receiver* (ECF No. 4) (the "Motion to Appoint Receiver"). The Complaint seeks relief against BKCoin Management LLC and one of its managing members, Min Woo Kang (a/k/a "Kevin Kang") (the "Defendants") and against BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (the "Relief Defendants").

      As further detailed in the Complaint, from October 2018 through September of 2022, BKCoin Management, LLC served as general partner for and investment manager of the following five funds formed to generate profits mainly through investments in cryptocurrency assets: BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore

Fund"), and BKCoin Multi-Strategy Master Fund, Ltd., and its two feeder funds, BKCoin Multi-Strategy Fund, LP ("Multi-Strat Domestic") and BKCoin Multi-Strategy Fund, Ltd. ("Multi-Strat Offshore") (collectively, the "Multi-Strat Funds"). Complaint, ¶1. The Defendants allegedly raised nearly $100 million from at least 55 investors, who invested in one or more of the funds or through various accounts governed by respective *Investment Management Agreements* (the "SMAs") and managed by the Defendants. *Id*. ¶2.

The SEC filed suit to prevent further fraud and misappropriation of investor money by the Defendants, alleging that Defendants had made false and materially misleading statements to their investors in the course of their offerings, that Defendants had comingled investor assets, made Ponzi-like payments to fund investors in lieu of redemptions, and that assets of the funds were improperly diverted to or for the personal benefit of Defendant Kevin Kang. *Id*. ¶ 2-3. Based on these assertions, the SEC sought the appointment of a receiver over BKCoin Management LLC and the Relief Defendants (collectively, the "Receivership Entities") as well as entry of order freezing the assets of the Defendants and the Relief Defendants.

On February 24, 2023, the Court entered its *Order of Appointment* (ECF 8) (the "Order of Appointment") granting the SEC's Motion to Appoint Receiver, and appointing Michael I. Goldberg as Receiver over BKCoin Management, LLC and the Relief Defendants and its *Order Granting Plaintiff Securities and Exchange Commission's Ex Parte Emergency Motion for Asset Freeze and Other Relief* (ECF No. 9) (the "Freeze Order").

## II.  ADMINISTRATION OF THE RECEIVERSHIP ESTATES

### A.  Determination of the Receivership Estate

Pursuant to the Order of Appointment, the Receiver has the duty to use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants and Relief Defendants, including, but not limited to, monies, funds, securities,

72007364;1

cryptocurrencies, crypto assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants and Relief Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates"). Order of Appointment, ¶6(A).

The Receiver has determined the nature, location, and value of the following Receivership Property as of the filing of this Second Interim Report.

1. Cash On Hand

As required, the Receiver has established a custodial account at a federally insured bank to receive and hold all Receivership Funds. Order of Appointment, ¶33. As of the filing of this Second Interim sReport, the (i) aggregate amount of Receivership Funds recovered totaled $5,169,079.52; and (ii) the aggregate amount of cash on hand totaled $4,968,932.02.[1]

| Summary of Cash Assets Transferred to Receivership Estate [2] | | |
|---|---|---|
| **Where held** | **Entity** | **Amount** |
| BitGo Prime[3] | BK Offshore Fund LTD | $125,978.45 |
| | *Subtotal* | *$125,978.45* |
| Circle | BKCoin Multi-Strategy Master Fund LTD (-9315) | $2,168.00 |
| | BK Offshore Fund LTD (-7629) | $3,532.00 |
| | *Subtotal* | *$5,700.00* |
| Bittrex | BKCoin Capital LP | $675.00 |
| | *Subtotal* | *$675.00* |
| Gemini | BKCoin Capital LP | $32,192.48 |
| | *Subtotal* | *$32,192.48* |
| Silvergate Bank | BKCoin Multi-Strategy Master Fund Ltd. (-5270) | $1,769,665.75 |
| | BKCoin Multi-Strategy Fund Ltd. (-7060) | $17,822.71 |
| | BKCoin Multi-Strategy Fund Ltd. (-7409) | $1,000.00 |

---

[1] A consolidated reconciliation of all receipts and disbursements to date is attached hereto and incorporated herein as **Exhibit A**.

[2] Cash balances remain at the following financial institutions: BlockFi (BK Offshore Fund – $16,631.13); FTX Trading (BK Offshore Fund – $74,949.44); Interactive Brokers (BKCoin Capital LP – $117.77 and BKCoin Management LLC – $1,147.92); and Kraken (BK Offshore Fund – $231.88). Interactive Brokers is also undergoing the liquidation of securities worth $202,504.26.

[3] BitGo Prime liquidated the collateral it held as part of a loan agreement with BK Offshore Fund, generating $125,978.45 of net excess collateral.

| | | |
|---|---|---|
| | BKCoin Management LLC (-5478) | $1,479.99 |
| | BKCoin Capital LP (-5452) | $8,525.53 |
| | BK Offshore Fund LTD (-5445) | $1,585.17 |
| | BK Offshore Fund LTD (-5437) | $726.45 |
| | BK Offshore Fund LTD (-5429) | $6,521.27 |
| | Subtotal | *$1,807,326.87* |
| TD Bank | BKCoin Management LLC (-9821) | $2,214.22 |
| | *Subtotal* | *$2,214.22* |
| Signature Bank | BKCoin Capital LP | $7,311.41 |
| | BK Offshore Fund LTD | $10,000.00 |
| | Subtotal | *$17,311.41* |
| | **Grand Total** | **$1,991,398.43** |

Additionally, the Receiver liquidated the below cryptocurrency held at Standard Custody during the Reporting Period for a total of $3,177,681.09, net of fees charged by Standard Custody and Coinbase.

| Value of Liquidated Cryptocurrency Held at Standard Custody | | |
|---|---|---|
| **Token** | **Quantity** | **Liquidation Value Net of Fees (USD)** |
| Bitcoin | 62.26748 | $1,610,984.96 |
| Ethereum | 490.63605 | $850,317.12 |
| USD Coin | 686,193.75 | $686,193.75 |
| Solana | 1,999.99 | $30,185.26 |
| | **Total** | **$3,177,681.09** |

2.  <u>Digital Assets</u>

The following chart contains a detailed breakdown of all unliquidated digital assets identified as of the filing of this Second Interim Report.

| Summary of All Cryptocurrency Assets | | |
|---|---|---|
| **Financial Institution** | **Receivership Entity** | **Crypto Balance** |
| **Binance** | BK Offshore Fund | BTC: 0.00918844<br>ETH: 4.4955<br>USDT: 230,408.240193<br>SOL: 14.985<br>ETHW: 4.49552<br>BNB: 29.17346498<br>MASK: 0.074305 | **Margin Balance:**<br>MATIC: 0.06729284<br>NEAR: 0.06429111<br>BTC: 1.34865168<br>ONE: 0.08052732<br>MANA: 0.98400206<br>ROSE: 0.06010913 |

4

| | | | |
|---|---|---|---|
| | | WBTC: 0.014920<br>BUSD: 0.32761<br>DOGE: 49,480.156811<br>NFT: 60,414.307925<br>ALGO: 312.865132<br>XVG: 1036748.80<br>LSK: 0.02490<br>SXP: 2.24962212<br>DOT: 99.90000000<br>LUNC: 79.920<br>LINK: 99.90<br>VTHO: 2,649.72671572<br>BTTC: 5,981,098.90<br>ENJ: 699.30<br>LUNA: 24.80917478<br>**Futures Balance:**<br>USDT: 104,073.67657374 | SOL: 0.00314133<br>DAR: 0.0940<br>BNB: 0.00001893<br>ETH: 0.00003882<br>NEO: 0.00614998<br>LRC: 0.55621764<br>VET: 0.08410262<br>USDT: 20,109.806357<br>BNX: 0.00017591<br>DASH: 0.00035865<br>LTC: 0.00051489<br>CRV: 0.07305969<br>ALICE: 0.00796073<br>LINK: 0.00779002<br>FIL: 0.00897096<br>GALA: 0.19073618<br>BAT: 0.68012375 |
| **BlockFi**<br>(in bankruptcy) | BK Offshore Fund | BTC: 0.00056626<br>ETH: 2.03351546 | GUSD: 14,168.553567 |
| **Cboe Digital** | BKCoin Capital LP | BTC: 0.25304<br>BCH: 108.23054448 | LTC: 149.66064 |
| **Celsius Network**<br>(in bankruptcy) | Identified on schedules by Mr. Betancourt and Mr. Kangs' names | **Earn Account:**<br>AAVE: 0.000000000000001<br>ADA: 0.0000000219406<br>BTC: 0.00094052568<br>BUSD: 0.00000000052287<br>CEL: 1.14914843929174<br>COMP: 0.0000000000000001<br>ETH: 0.0000000000001645<br>LINK: 0.000000000000001<br>PAX: 0.0000000000093827<br>SNX: 0.0000000000032517<br>UNI: 0.000000000000014<br>USDC: 1.046063 | **Custody Account:**<br>AAVE: 0.0000042191294826<br>ADA: 0.0023735033178358<br>BTC: 0.0000000962928713<br>BUSD: 0.001220877332952<br>CEL: 0.0002045742766921<br>COMP: 0.00000896000892<br>ETH: 0.0000003035409643<br>LINK: 0.000068476948206<br>PAX: 0.0134818377060445<br>SNX: 0.0006558687622947<br>UNI: 0.0000442585094346<br>USDC: 0.002379412153255 |
| **Delta Exchange** | BK Offshore Fund | DETO: 854 | |
| **FTX Trading**<br>(in bankruptcy) | Multi-Strategy Master Fund Ltd | USDT: 0.0000000075388725 | |
| | BK Offshore Fund | BTC: 0.0115662253075486<br>USDT: 10,770.4214367904<br>MOB: 300,605.91912 | |
| **Galaxy Digital** | BKCoin Management LLC | BTC: 4.85 | |
| **Hedera** | BKCoin Capital LP | HBAR: 10,183,195.6904716 | |
| **Matrixport** | BK Offshore Fund | BTC: 46.009858 | |
| **OKx** | Multi-Strategy Master Fund Ltd | USDT: 98.99 | |

| **Standard Custody\*\*** (by vault name)  **\*\*Liquidated and transferred to Receiver's Trust** | BKCoin Multi-Strat Master FTX | USDC: 686,193.75 ETH: 0.033 |
|---|---|---|
| | DeFi | ETH: 0.0373 |
| | GP (Management LLC) | BTC: 59.047686 ETH: 490.565788 |
| | Legacy – Class C | BTC: 3.2198 SOL: 1,999.99 |

3. Real Property

To date, the value of all real property identified as belonging to the Receivership Estate is approximately $2,200,000, as further detailed in the below chart.

| Summary of All Real Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| BKCoin Offshore Fund, Ltd. | 76 Madison Avenue, Apartment 3A, New York, New York, 10016 | $2,200,00.00 |
| | *Total* | *$2,200,00.00* |

4. Other Assets

The following chart contains a detailed breakdown of other assets identified as belonging to the Receivership Estate as of the filing of this Second Interim Report. The Receiver is unable to ascribe a market value to this subset of Receivership Property at this time.

| Summary of Other Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| Bison Digital LLC | $351,000 Skybridge Kraken Subscription | unknown market value |
| | $250,000 Digital Prime DLCC class A units | unknown market value |
| | $100,000 "I Got It" common stock | unknown market value |
| | $100,000 investment in Margin.Io | unknown market value |
| | $100,000 RareMint SAFT | unknown market value |
| | $75,000 subscription in Arca NFT Fund | unknown market value |
| | $50,000 SAFE token | unknown market value |
| | $50,000 preferred series A stock in TheTie | unknown market value |
| | $50,000 in series B stock in CoinRoutes | unknown market value |
| | *Total* | *unknown market value* |

### B.     Custody, Control and Possession of all Receivership Property and Records.

Pursuant to the Order of Appointment, the Receiver has the duty to take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants and Relief Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto. Order of Appointment, ¶6(B).

1. Receivership Property and Records

The Receiver and his professionals continue to review documents received from third parties in an effort to understand the operations of the Receiver Entities and corresponding flow of funds and in order to identify, freeze, and preserve all Receivership Property, and obtain corresponding records from third parties with whom it is believed the Receivership Entities possess either active or historical account(s). The Receiver's efforts have resulted in the recovery of all Receivership Property detailed in Section A above, as well as an understanding of the nature and extent of the alleged fraud perpetrated in connection with the operation of the Receivership Entities.

2. Corporate Organization of and Investors in the Receivership Entities

BKCoin Management LLC is a Delaware limited liability company with its principal place of business in Florida. BKCoin Management employed several employees, whose services were terminated in 2022.[4] Carlos Betancourt and Kevin Kang are its founding principals and served as its managing members. Each owned 47.5% of the equity in the company. Two men by the name of Peter Dzuba (2.5%) and Brandon Esposito (2.5%) possess the remaining 5% ownership interest.

---

[4] The Receiver is in the process of identifying and interviewing all former employees and agents.

BKCoin Management, in turn, serves as the general partner of Multi-Strat Domestic[5] and BKCoin Capital[6] and as investment manager for (i) various SMAs; (ii) the Multi-Strat Funds (consisting of Multi-Strat Domestic, Multi-Strat Offshore[7], and Multi-Strat Master[8]); (iii) the Legacy Fund; and (iv) the Offshore Fund. Betancourt and Kang are sole directors and beneficial owners of both Multi-Strat Master and Multi-Strat Offshore. BKCoin Management is a registered shareholder in possession of 100 Class M Shares, which, per each respective Memorandum of Association, entitles BKCoin Management (and thus, in turn Carlos Betancourt and Kevin Kang) to exclusive control of all offshore entities.

State Street Corporation ("State Street") served as fund administrator for the Multi-Strat Funds and Formidium Corporation f/k/a Sudrania Fund Services ("Formidium") served as fund administrator for the Legacy Fund and the Offshore Fund.

To date, based upon information provided from the foregoing fund administrators the Receiver has identified: (i) 2 limited partners and 3 shareholders invested in the Multi-Strat Funds; (ii) 44 limited partners invested in the Legacy Fund; and (iii) 7 shareholders invested in the Offshore Fund. The Receiver has also identified from receivership records 6 SMAs entered into by and between various third parties and BKCoin Management.

C.  **Engage and Employ Persons**

The Order of Appointment provides that the Receiver is authorized to solicit persons and entities to assist him in carrying out his duties and responsibilities, subject to the approval of the Court. *See* Order of Appointment, ¶¶ 6 (F), 56 -57.

The Receiver sought and received Court authority to employ attorneys at Akerman LLP

---

[5] Multi-Strat Domestic is a Delaware Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in the State of Florida.
[6] BKCoin Capital is a Delaware limited partnership with its principal place of business in Florida.
[7] Multi-Strat Offshore is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.
[8] Multi-Strat Master is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.

72007364;1

to assist him as counsel in performing ordinary and necessary legal services required in the general administration of this case (ECF Nos. 56 and 61) and YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case (ECF Nos. 57 and 62).

The Receiver likewise sought and obtained Court approval of the employment of Justin Rubenstein of Compass RE NY, LLC d/b/a Compass for the listing, marketing, and sale of the Receivership Property located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016 (the "Madison Avenue Apartment") and authorization to enter into the attendant listing agreement (ECF Nos. 63 and 66).

**D.     Actions Necessary to Preserve and Prevent Dissipation of Receivership Property**

Given the extreme volatility of the cryptocurrency market, the Receiver's practice has been to transfer whenever possible any cryptocurrency assets within the Receivership Estate to a cryptocurrency depository. As part of this process, the Receiver identified Standard Custody & Trust Company, LLC ("Standard Custody") a limited liability company organized as a trust company under New York banking laws, having a place of business at 135 E. 57th St, 21st Floor, New York, NY 10022, as an appropriate depository institution.

**E.     Pursue, Resist and Defend all Suits, Actions, Claims and Demands**

1.     *In re BlockFi Inc.et al.*

On November 28, 2022, BlockFi Inc. and 8 affiliated debtors (collectively, the "BlockFi Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (Trenton). The cases are pending before the Honorable Michael B. Kaplan and are jointly administered under Case No. 22-19361. The Receiver and his counsel have made contact with counsel for the BlockFi Debtors, and have timely filed a proof of claim preserving any claims the

Receivership Entities might have against the BlockFi Debtors.

      2.      *In re FTX Trading, Ltd., et al.*

On November 11, 2022 and November 14, 2022, FTX Trading Ltd. and 101 affiliated debtors (collectively, the "FTX Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On February 13, 2023, an order was entered dismissing the cases of Debtors, SNG Investments Yatirim Ve Danismanlik Anonim Sirketi (Case No. 22-11093) and FTX Turkey Teknoloji Ve Ticaret Anonim Sirketi (Case No. 22-11170). The remaining cases are pending before the Honorable John T. Dorsey and are jointly administered under Case No. 22-11068. The Receiver and his counsel have made contact with counsel for the FTX Debtors, and will be filing any claims the Receivership Entities might have against the FTX Debtors.

      3.      *In re Celsius, et al.*

On July 13, 2022, Celsius Network LLC and certain of its affiliates (collectively, the "Celsius Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors,") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. The cases of the Celsius Debtors and the GK8 Debtors are pending before the Honorable Martin Glenn in the U.S. Bankruptcy Court for the Southern District of New York, and are being jointly administered under Case No. 22-10964. The Receiver and his counsel have made contact with counsel for the Celsius Debtors and will be filing any claims the Receivership Entities might have against the Celsius Debtors.

10

4. *Canto v. BKCoin Management, LLC et al.*

There is a litigation matter filed before the United States District Court for the Southern District of New York, Case No. 22-cv-08858-JPO, styled *Canto v. BKCoin Management, LLC et al.*, in which BKCoin Management, Carlos Betancourt and Kevin Kang are named defendants. Suit was brought by former investor Alejandro Canto against the named defendants based upon claims of breach of fiduciary duty, with allegations arising from the purported mismanagement of Mr. Canto's investment fund by BKCoin Management and its two principals. The District Court for the Southern District of New York entered an Order staying its case on March 30, 2023.

5. *Kevin Kang v. Michael Goldberg, et al.*

On May 2, 2023, Mr. Kang, through counsel commenced an action in the United States District Court for the Southern District of New York, Case No. 23-cv-03692-JMF, styled *Kang v. BKCoin Management LLC, et al.*, naming BKCoin Management LLC, BKCoin Capital LP, and Michael I. Goldberg in his capacity as Receiver. Mr. Kang's action sought a declaratory judgment and an order compelling Mr. Goldberg to advance legal fees to Mr. Kang under BKCoin Management LLC's partnership agreement with BKCoin Capital LP, one of the seven Receivership Entities. Mr. Kang filed a Notice of Voluntary Dismissal on May 10, 2023, which was signed by Judge Jesse M. Furman on May 11, 2023.

Also on May 10, 2023, Mr. Kang filed an action in the seeking identical relief in the State of New York Supreme Court for New York County, styled *Kang v. BKCoin Management LLC, et al.*, No. 652280/2023. On May 11, 2023, counsel for Mr. Kang requested that Mr. Goldberg accept service on behalf of himself as Receiver and for Defendants BKCoin Management LLC and BKCoin Capital LP. The Receiver declined to accept service, informing counsel for Mr. Kang of the stay of litigation imposed in the Order of Appointment. The following day, May 12,

2023, Mr. Kang filed a Notice of Voluntary Discontinuance of the case.

  6. <u>Investigation of all Other Claims</u>

The Receiver is in the process of investigating and commencing claims against parties who may have assisted the Receivership Entities in the perpetration of any actionable claims in an attempt to recover money for the estate's creditors.

**III.** **<u>ACTIONS TAKEN BY THE RECEIVER DURING THE REPORTING PERIOD</u>**

The Receiver continues to utilize the skills of his professionals, including his general counsel Akerman LLP and forensic accountants YIP Associates.

**A.** **The Receiver's Sworn Statement and Accounting**

On May 1, 2023, the Receiver, fulfilling a requirement of ¶ 8 of the Order of Appointment, filed his prepared sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants and Relief Defendants; (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants and Relief Defendants (the "<u>Sworn Statement</u>") (ECF No. 67).

During this Reporting Period, the Receiver, fulfilling a requirement of ¶ 9 of the Order of Appointment, also prepared and filed with the Court and served upon the SEC a sworn accounting, with complete documentation, detailing the following period from October 1, 2018 through the date of the commencement of the receivership (the "<u>Accounting</u>") (ECF No. 78):

> A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants and Relief Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains or exercised or exercises any direct or indirect control, or in which

       any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B. Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants and Relief Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants and Relief Defendants;

C. Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued or with authority to use a card, the balance of each account or card as of the most recent billing statement, and all statements for the last twelve months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Defendants and Relief Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G. Of all transfers of assets made by any of them.

Order of Appointment, ¶ 9.

**B.**     **Liquidation of Cryptocurrency**

Cryptocurrency is a volatile asset subject to wide fluctuations in value, and the Order of Appointment delineates the Receiver's authority to liquidate all cryptocurrency constituting Receivership Property. Specifically, the Order of Appointment empowers the Receiver's to "take custody, control and possession of all Receivership Property"; "manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property"; and "take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property."

Order of Appointment, ¶ 6 (B)-(C), (G). Receivership Property includes, *inter alia*, cryptocurrencies and other crypto related assets, and profits and income attributable thereto. Order of Appointment ¶ 6(A). Accordingly, the Receiver "may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property." Order of Appointment, ¶ 35.

Relying upon the forgoing provisions, the Receiver sought and obtained the Court's express approval to liquidate a subset of the Receivership Estate then held in a custodial account at Standard Custody (the "Cryptocurrency"). *See Order Authorizing Liquidation of Cryptocurrency* (ECF No. 42) (the "Liquidation Order"). During this Reporting Period, the Receiver, in need of a third party offering services necessary for the liquidation of the Cryptocurrency, identified, researched, and solicited information from a multitude of exchanges. After considerable time and effort, the Receiver opted, with Court approval, to enter into the Coinbase Institutional Client Agreement with Coinbase, Inc., and the Coinbase Prime Broker Agreement[9] with Coinbase, Inc., on behalf of itself and as agent for Coinbase, Coinbase Custody Trust Company, LLC, and, as applicable Coinbase Credit, Inc. (collectively "Coinbase"). *See* ECF Nos. 76 and 79.

The Receiver thus entered into the Coinbase Institutional Client Agreement and Coinbase Prime Broker Agreement (collectively "Coinbase Agreements") in June of 2023. The Receiver believed liquidating the Cryptocurrency with Coinbase under the Coinbase Agreements to be the

---

[9] The Coinbase Prime Broker Agreement includes: (i) the Coinbase Custodial Services Agreement attached as Exhibit A to the Prime Broker Agreement; and (ii) the Coinbase Master Trading Agreement attached as Exhibit B to the Prime Broker Agreement.

most beneficial course of action for the Receivership Estate as it pertained to the Cryptocurrency, and the course of action most likely to minimize risk associated therewith. The Receiver therefore liquidated the below Cryptocurrency during the Reporting Period for a total of $3,177,681.09, net of fees charged by Standard Custody and Coinbase.

| Value of Liquidated Cryptocurrency Held at Standard Custody | | |
|---|---|---|
| **Token** | **Quantity** | **Liquidation Value Net of Fees (USD)** |
| Bitcoin | 62.26748 | $1,610,984.96 |
| Ethereum | 490.63605 | $850,317.12 |
| USD Coin | 686,193.75 | $686,193.75 |
| Solana | 1,999.99 | $30,185.26 |
| | Total | $3,177,681.09 |

C.  **Pending Sale of the Madison Avenue Apartment**

During the Reporting Period, the Receiver sought and obtained Court approval of the employment of Justin Rubenstein of Compass RE NY, LLC d/b/a Compass for the listing, marketing, and sale of the Madison Avenue Apartment. As a result of the Receiver's and Compass's efforts, the Receiver has received a $2,230,000 offer for the Madison Avenue Apartment and is in the process of negotiating a contract for sale, subject to the review and approval of the Court. [10]

D.  **Ongoing Communications with Investors**

The Receiver and his professionals have spent considerable time communicating with government officials, former employees, creditors, investors, and other interested parties. The Receiver continues to respond to detailed government official and investor inquiries, primarily through video and audio calls. The Receiver and in his professionals have established a comprehensive investor contact list for coordinated communication. The Receiver has likewise

---

[10] Two prior offers for the Madison Avenue Apartment fell through due to reasons beyond the Receiver's control.

72007364;1

established an email address for general inquiries BKCoin@akerman.com to provide up to date information for investors and interested parties.

### E.  Forensic Professionals

The Receiver recognizes the importance of accounting and blockchain forensics in this matter, the results of which will afford all investors with an understanding of the flow of digital assets and may assist in the recovery of misappropriated funds. The Receiver likewise understands the importance of identifying, securing, and monitoring, where appropriate, wallets of interest. The Receiver retained YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case. *See* ECF Nos. 57 and 62. YIP Associates has commenced their analysis, and is working together with Akerman to complete the forgoing.

### F.  Receiver's Recommendations

The Receiver anticipates taking the following actions during the next Reporting Period: (i) continue to obtain, secure, and liquidate (where appropriate) all assets and documents of the Receivership Entities; (ii) continue to review and analyze all trading and transaction history of the Receivership Entities; (iii) respond to inquiries from investors, creditors, government officials and interested parties; (vii) provide updates through regular communication to investors; and (viii) investigating and commencing claims against parties who may have assisted the Receivership Entities in the perpetration of any actionable claims in an attempt to recover money for the estate's creditors.

Dated:  July 31, 2023.                                      Respectfully submitted,

By: */s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.
Florida Bar No. 886602
Email: michael.goldberg@akerman.com
201 East Las Olas Blvd., Suite 1800
Ft. Lauderdale, FL 33301
*Court Appointed Receiver*

| | | |
|---|---|---|
| Cash Received from Financial Institutions | $1,991,398.43 | |
| Cash Received from Liquidation of Crypto | $3,177,681.09 | |
| Total Cash Received | $5,169,079.52 | |
| Net of Costs Paid | $4,968,932.02 | |

| Date | Description | Amount | Cumulative Total |
|---|---|---|---|
| 1/24/2023 | Legal Fees and Costs in State Court Receivership | (189,804.50) | (189,804.50) |
| 3/7/2023 | Northern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (189,853.50) |
| 3/7/2023 | Central District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (189,902.50) |
| 3/7/2023 | Southern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (189,951.50) |
| 3/7/2023 | District of New Jersey - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (190,000.50) |
| 3/7/2023 | District of Wyoming - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (190,049.50) |
| 3/7/2023 | Northern District of Texas - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (190,098.50) |
| 3/7/2023 | Western District of North Carolina - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | (49.00) | (190,147.50) |
| 7/20/2023 | Invoice Date: June 30, 2023; Invoice #: 8996281696-10011; Description: Payment of Custody Service Fees from March 2023 through June 2023. $2,500.00 monthly fee x 4 months. | (10,000.00) | (200,147.50) |

72001309;1