# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-20719-Civ-SCOLA

SECURITIES AND EXCHANGE COMMISSION, :
:
Plaintiff, :
:
v. :
:
BKCOIN MANAGEMENT, LLC and :
MIN WOO KANG a/k/a "KEVIN" KANG, :
:
Defendants, and :
:
BKCOIN CAPITAL, LP, :
BK OFFSHORE FUND, LTD., :
BKCOIN MULTI-STRATEGY :
MASTER FUND, LTD., :
BKCOIN MULTI-STRATEGY FUND, LP, :
BKCOIN MULTI-STRATEGY FUND, LTD., AND :
BISON DIGITAL LLC, :
:
Relief Defendants. :
:

## CONSENT OF DEFENDANT BKCOIN MANAGEMENT, LLC AND RELIEF DEFENDANTS BKCOIN CAPITAL, LP, BK OFFSHORE FUND, LTD., BKCOIN MULTI-STRATEGY MASTER FUND, LTD., BKCOIN MULTI-STRATEGY FUND, LP, BKCOIN MULTI-STRATEGY FUND, LTD., AND BISON DIGITAL LLC

1. Michael I. Goldberg, solely in his capacity as Court-Appointed Receiver for Defendant BKCoin Management, LLC ("Defendant") and Relief Defendants BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (collectively "Relief Defendants"), acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and Relief Defendants and over the subject matter of this action.

1

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants admit), Defendant and Relief Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

   a. permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)]; Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b) and 17 C.F.R. §240.10-5]; and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2)];

   b. provides that the Court shall determine whether to order disgorgement of ill-gotten gains, including prejudgment interest, against Defendant and Relief Defendants; and, if so, the amount of the disgorgement; and

   c. provides that the Court shall determine whether to order a civil penalty against Defendant and, if so, the amount of the civil penalty.

3. Defendant and Relief Defendants agree that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and/or a civil penalty pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act and Section 209(e) of the Advisers Act. Defendant and Relief Defendants further agree that the amounts of the disgorgement and/or civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from October 1, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

Defendant and Relief Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and Relief Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant and Relief Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant and Relief Defendants to enter into this Consent.

7. Defendant and Relief Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Defendant and Relief Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

3

Procedure, and hereby waives any objection based thereon.

9. Defendant and Relief Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendants of its terms and conditions. Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendants have received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant and Relief Defendants in this civil proceeding. Defendant and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant and Relief Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant and Relief Defendants understand that they shall not be permitted to contest the factual allegations

of the complaint in this action.

11. Defendant and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's and Relief Defendants' agreement to comply with the terms of Section 202.5(e), Defendant and Relief Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant and Relief Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant and Relief Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant and Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or

other fees, expenses, or costs expended by Defendant and Relief Defendants to defend against this action. For these purposes, Defendant and Relief Defendants agree that Defendant and Relief Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant and Relief Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

14. Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 8/29/23

BKCOIN MANAGEMENT, LLC

By: _____
Michael I. Goldberg
Receiver

STATE OF FLORIA            )
                           )   ss:
COUNTY OF MIAMI-DADE       )

On *August 29*, 2023, Michael I. Goldberg, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so in his capacity as Court-Appointed Receiver for Defendant BKCoin Management, LLC and Relief Defendants BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC.

*[signature]*
Notary Public
Commission expires:

Notary Public State of Florida
Deborah Karlson
My Commission GG 949720
Expires 03/22/2024

Approved as to form:

*Catherine Kretzschmar*
Catherine Kretzschmar, Esq.
Florida Bar Number: 85843
catherine.kretzschmar@akerman.com
Katie Johnson, Esq.
Florida Bar Number: 1040357
katie.johnson@akerman.com
AKERMAN LLP
Las Olas Centre II, Suite 1800
201 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224
*Counsel for Receiver, Michael I. Goldberg, Esq.*

7