# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-20719-Civ-SCOLA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| **Plaintiff,** | : |
| v. | : |
| **BKCOIN MANAGEMENT, LLC and** **MIN WOO KANG a/k/a "KEVIN" KANG,** | : |
| **Defendants, and** | : |
| **BKCOIN CAPITAL, LP,** **BK OFFSHORE FUND, LTD.,** **BKCOIN MULTI-STRATEGY** **MASTER FUND, LTD.,** **BKCOIN MULTI-STRATEGY FUND, LP,** **BKCOIN MULTI-STRATEGY FUND, LTD., AND** **BISON DIGITAL LLC,** | : |
| **Relief Defendants.** | : |

**JUDGMENT AS TO DEFENDANT BKCOIN MANAGEMENT, LLC AND RELIEF DEFENDANTS BKCOIN CAPITAL, LP, BK OFFSHORE FUND, LTD., BKCOIN MULTI-STRATEGY MASTER FUND, LTD., BKCOIN MULTI-STRATEGY FUND, LP, BKCOIN MULTI-STRATEGY FUND, LTD., AND BISON DIGITAL LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant BKCoin Management, LLC ("Defendant") and Relief Defendants BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendant and Relief Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings

1

of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

## **PERMANENT INJUNCTIVE RELIEF**

### A.

**Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Exchange Act Rule 10b-5**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) the valuation of any assets, investments, or securities;

(c) any returns on investment or performance results;

2

(d) the prospects for success of any product or company;

(e) compensation or fees paid to any person or entity; or

(f) the misappropriation of investor funds or investor proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

B.

**Section 17(a) of the Securities Act of 1933 ("Securities Act")**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or

3

in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) the valuation of any assets, investments, or securities;

(c) any returns on investment or performance results;

(d) the prospects for success of any product or company;

(e) compensation or fees paid to any person or entity; or

(f) the misappropriation of investor funds or investor proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

C.

**Section 206 (1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act")**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 206(1) or 206(2) of the Advisers Act [15 U.S.C. § 80b-6(1), (2)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) the valuation of any assets, investments, or securities;

(c) any returns on investment or performance results;

(d) the prospects for success of any product or company;

(e) compensation or fees paid to any person or entity; or

(f) the misappropriation of investor funds or investor proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall determine whether it is appropriate to order Defendant and Relief Defendants to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and whether it is appropriate to order Defendant to pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C.§ 80b-9(e)], and if so, the amount(s) of disgorgement and/or civil penalty.

The Court shall determine the amounts of the disgorgement against Defendant and Relief Defendants and/or civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from October 1, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and Relief Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant and Relief Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, 2023

_____
UNITED STATES DISTRICT JUDGE