**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Securities and Exchange Commission,

      Plaintiff,

vs.                                                   Case No. 23-20719-Civ-SCOLA

BKCoin Management, LLC
and other Defendants.
_____/

**RECEIVER'S THIRD INTERIM REPORT**

Michael I. Goldberg, the Court-appointed receiver (the "Receiver") respectfully files his *Third Interim Report* (the "Third Interim Report") covering the period from July 1, 2023 up to and including September 30, 2023 (the "Reporting Period").

## I.     BACKGROUND

On February 23, 2023, the Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (ECF No. 1) (the "Complaint") together with its *Motion and Memorandum of Law for Appointment of Receiver* (ECF No. 4) (the "Motion to Appoint Receiver"). The Complaint seeks relief against BKCoin Management LLC and one of its managing members, Min Woo Kang (a/k/a "Kevin Kang") (the "Defendants") and against BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (the "Relief Defendants").

As further detailed in the Complaint, from October 2018 through September 2022, BKCoin Management, LLC served as general partner for and investment manager of the following five funds formed to generate profits mainly through investments in cryptocurrency assets: BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore

Fund"), and BKCoin Multi-Strategy Master Fund, Ltd., and its two feeder funds, BKCoin Multi-Strategy Fund, LP ("Multi-Strat Domestic") and BKCoin Multi-Strategy Fund, Ltd. ("Multi-Strat Offshore") (collectively, the "Multi-Strat Funds"). Complaint, ¶ 1. The Defendants allegedly raised nearly $100 million from at least 55 investors, who invested in one or more of the funds or through a separately managed account ("SMA") managed by the Defendants. *Id*. ¶ 2. A sixth cryptocurrency fund, Bison Digital LLC ("Bison Digital") received $12 million from BKCoin Management LLC and the other Relief Defendants for no apparent or legitimate reason. *Id.* ¶ 3.

The SEC filed suit to prevent further fraud and misappropriation of investor money by the Defendants, alleging that Defendants had made false and materially misleading statements to their investors in the course of their offerings, that Defendants had comingled investor assets, made Ponzi-like payments to fund investors in lieu of redemptions, and that assets of the funds were improperly diverted to or for the personal benefit of Defendant Kevin Kang. *Id*. ¶ 2-3. Based on these assertions, the SEC sought the appointment of a receiver over BKCoin Management LLC and the Relief Defendants (collectively, the "Receivership Entities") as well as entry of order freezing the assets of the Defendants and the Relief Defendants.

On February 24, 2023, the Court entered its *Order of Appointment* (ECF 8) (the "Order of Appointment"), granting the SEC's Motion to Appoint Receiver and appointing Michael I. Goldberg as Receiver over BKCoin Management, LLC and the Relief Defendants. The Court also entered its *Order Granting Plaintiff Securities and Exchange Commission's Ex Parte Emergency Motion for Asset Freeze and Other Relief* (ECF No. 9) (the "Freeze Order").

## II.   ADMINISTRATION OF THE RECEIVERSHIP ESTATES

## A.   Determination of the Receivership Estate

Pursuant to the Order of Appointment, the Receiver has the duty to use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership

Defendants and Relief Defendants, including, but not limited to, monies, funds, securities, cryptocurrencies, crypto assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates"). Order of Appointment, ¶ 6(A).

The Receiver has determined the nature, location, and value of the following Receivership Property as of the filing of this Third Interim Report.

1. Cash On Hand

As required, the Receiver has established a custodial account at a federally insured bank to receive and hold all Receivership Funds. Order of Appointment, ¶ 33. As of the filing of this Third Interim Report, the (i) aggregate amount of Receivership Funds recovered totaled $5,369,847.14; and (ii) the aggregate amount of cash on hand totaled $5,177,945.85.[1]

| Summary of Cash Assets Transferred to Receivership Estate [2] | | |
|---|---|---|
| **Where held** | **Entity** | **Amount** |
| BitGo Prime[3] | BK Offshore Fund LTD | $125,978.45 |
| | *Subtotal* | *$125,978.45* |
| Circle | BKCoin Multi-Strategy Master Fund LTD (-9315) | $2,168.00 |
| | BK Offshore Fund LTD (-7629) | $3,532.00 |
| | *Subtotal* | *$5,700.00* |
| Bittrex | BKCoin Capital LP | $675.00 |
| | *Subtotal* | *$675.00* |
| Gemini | BKCoin Capital LP | $32,192.48 |
| | *Subtotal* | *$32,192.48* |
| Silvergate Bank | BKCoin Multi-Strategy Master Fund Ltd. (-5270) | $1,769,665.75 |
| | BKCoin Multi-Strategy Fund Ltd. (-7060) | $17,822.71 |

---

[1] A consolidated reconciliation of all receipts and disbursements to date is attached hereto and incorporated herein as **Exhibit A**.

[2] Cash balances remain at the following financial institutions: FTX Trading (BK Offshore Fund – $74,949.44) and Kraken (BK Offshore Fund – $231.88).

[3] Prior to the Receivership, BitGo Prime liquidated the collateral it held as part of a loan agreement with BK Offshore Fund, generating $125,978.45 of net excess collateral.

73444936;1

|  | | |
|---|---|---|
| | BKCoin Multi-Strategy Fund Ltd. (-7409) | $1,000.00 |
| | BKCoin Management LLC (-5478) | $1,479.99 |
| | BKCoin Capital LP (-5452) | $8,525.53 |
| | BK Offshore Fund LTD (-5445) | $1,585.17 |
| | BK Offshore Fund LTD (-5437) | $726.45 |
| | BK Offshore Fund LTD (-5429) | $6,521.27 |
| | *Subtotal* | *$1,807,326.87* |
| TD Bank | BKCoin Management LLC (-9821) | $2,214.22 |
| | *Subtotal* | *$2,214.22* |
| Signature Bank | BKCoin Capital LP | $7,311.41 |
| | BK Offshore Fund LTD | $10,000.00 |
| | *Subtotal* | *$17,311.41* |
| Interactive Brokers | BKCoin Management LLC | $200,434.71 |
| | BKCoin Management LLC | $127.78 |
| | BKCoin Capital LP | $205.13 |
| | *Subtotal* | *$200,767.62* |
| Standard Custody/ Coinbase[4] | BKCoin Multi-Strategy Master Fund Ltd | $0 |
| | BKCoin Multi-Strat Master FTX | $686,245.61 |
| | BK Offshore Fund Quant Funding Account | $0 |
| | DeFi | $63.63 |
| | GP (Management LLC) | $2,378,101.35 |
| | Legacy – Class C | $113,270.50 |
| | MXP – SMAs | $0 |
| | *Subtotal* | *$3,177,681.09* |
| | **Grand Total** | **$5,369,847.14** |

2.    Digital Assets

The Receiver has identified digital assets held at various exchanges as well as digital assets held in a hardware wallet. As of the filing of this Third Interim Report, the hardware wallet and its secret key are under Defendant Kang's possession and control. The chart below reflects the quantity and USD value of digital assets contained in three of the Receivership Entity wallets that remain under Defendant Kang's possession and control.

| Hardware Wallet Assets | | |
|---|---|---|
| Wallet Address | Token | USD Value (9/30) |

---

[4] Organized by the Standard Custody vault names. These funds were liquidated through Coinbase after the Court authorized the Receiver to enter into the Coinbase Prime Broker Agreement (ECF No. 76) and pursuant to the Court's *Order Authorizing Liquidation of Cryptocurrency* (ECF No. 42) for a total of $3,177,681.09 net of fees charged by Standard Custody and Coinbase.

73444936;1

| 0x70E | cETH | 680,725.50 |
| | aWETH | 2,262.42 |
| | ETH | 782.45 |
| | USDT | 196.27 |
| | USDC | 121.51 |
| | DAI | 5.84 |
| | *Subtotal* | *$684,093.99* |
| 0xA32 | ETH | 76.81 |
| | USDT | 14.09 |
| | *Subtotal* | *$90.90* |
| 0x7Ac | NU | 2,563.014 |
| | ETH | 952.81 |
| | CREAM | 18.82 |
| | USDT | 8.04 |
| | USDC | 0.27 |
| | *Subtotal* | *$3,542.95* |
| **Total** | | **$687,727.84** |

Additionally, the following chart contains a detailed breakdown of all digital assets held at financial institutions identified as of the filing of this Third Interim Report.  The Receiver is in the process of repatriating and liquidating these assets.

| Summary of All Cryptocurrency Assets | | |
|---|---|---|
| **Financial Institution** | **Receivership Entity** | **Crypto Balance** |
| **Binance** | BK Offshore Fund | BTC: 0.00918844<br>ETH: 4.4955<br>USDT: 230,408.240193<br>SOL: 14.985<br>ETHW: 4.49552<br>BNB: 29.17346498<br>MASK: 0.074305<br>WBTC: 0.014920<br>BUSD: 0.32761<br>DOGE: 49,480.156811<br>NFT: 60,414.307925<br>ALGO: 312.865132<br>XVG: 1036748.80<br>LSK: 0.02490<br>SXP: 2.24962212<br>DOT: 99.90000000<br>LUNC: 79.920<br>LINK: 99.90<br>VTHO: 2,649.72671572<br>BTTC: 5,981,098.90<br>ENJ: 699.30 | **Margin Balance:**<br>MATIC: 0.06729284<br>NEAR: 0.06429111<br>BTC: 1.34865168<br>ONE: 0.08052732<br>MANA: 0.98400206<br>ROSE: 0.06010913<br>SOL: 0.00314133<br>DAR: 0.0940<br>BNB: 0.00001893<br>ETH: 0.00003882<br>NEO: 0.00614998<br>LRC: 0.55621764<br>VET: 0.08410262<br>USDT: 20,109.806357<br>BNX: 0.00017591<br>DASH: 0.00035865<br>LTC: 0.00051489<br>CRV: 0.07305969<br>ALICE: 0.00796073<br>LINK: 0.00779002 |

| | | LUNA: 24.80917478 | FIL: 0.00897096 |
|---|---|---|---|
| | | **Futures Balance:**<br>USDT: 104,073.67657374 | GALA: 0.19073618<br>BAT: 0.68012375 |
| **BlockFi**<br>(in bankruptcy) | BK Offshore Fund | BTC: 0.00056626<br>ETH: 2.03351546 | GUSD: 14,168.553567 |
| **Cboe Digital** | BKCoin Capital LP | BTC: 0.25304<br>BCH: 108.23054448 | LTC: 149.66064 |
| **Celsius Network**<br>(in bankruptcy) | BKCoin Capital LP<br>(listed on schedules under Defendant Kang's name) | **Earn Account:**<br>BTC 0.00078108225996545<br>CEL 1.14914830074319<br>USDC 0.310460141970784 | |
| **Delta Exchange** | BK Offshore Fund | DETO: 854 | |
| **FTX Trading**<br>(in bankruptcy) | Multi-Strategy Master Fund Ltd | USDT: 0.0000000075388725 | |
| | BK Offshore Fund | BTC: 0.0115662253075486<br>USDT: 10,770.4214367904<br>MOB: 300,605.91912 | |
| **Galaxy Digital** | BKCoin Management LLC | BTC: 4.85 | |
| **Hedera** | BKCoin Capital LP | HBAR: 10,183,195.6904716 | |
| **Matrixport** | BK Offshore Fund | BTC: 46.009858 | |
| **OKx** | Multi-Strategy Master Fund Ltd | USDT: 98.99 | |
| **Standard Custody\*\***<br>(by vault name)<br><br>*\*\*Transferred to Receiver's Coinbase account and liquidated* | BKCoin Multi-Strat Master FTX | USDC: 686,193.75<br>ETH: 0.033 | |
| | DeFi | ETH: 0.0373 | |
| | GP (Management LLC) | BTC: 59.047686<br>ETH: 490.565788 | |
| | Legacy – Class C | BTC: 3.2198<br>SOL: 1,999.99 | |

### 3.  Real Property

To date, the value of all real property identified as belonging to the Receivership Estate is approximately $2,230,000, as further detailed in the below chart. The condominium is currently under contract with an expected closing date of November 16, 2023.

| Summary of All Real Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| BKCoin Offshore Fund, Ltd. | 76 Madison Avenue, Apartment 3A, New York, New York, 10016 | $2,230,00.00 |
| | **Total** | **$2,230,00.00** |

### 4.  Other Assets

The following chart contains a detailed breakdown of other assets identified as belonging to the Receivership Estate as of the filing of this Third Interim Report. The Receiver is unable to ascribe a market value to this subset of Receivership Property at this time.

| Summary of Other Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| Bison Digital LLC | $351,000 Skybridge Kraken Subscription | unknown market value |
| | $250,000 Digital Prime DLCC class A units | unknown market value |
| | $100,000 "I Got It" common stock | unknown market value |
| | $100,000 investment in Margin.Io | unknown market value |
| | $100,000 RareMint SAFT | unknown market value |
| | $75,000 subscription in Arca NFT Fund | unknown market value |
| | $50,000 SAFE token | unknown market value |
| | $50,000 preferred series A stock in TheTie | unknown market value |
| | $50,000 in series B stock in CoinRoutes | unknown market value |
| | **Total** | **unknown market value** |

## B.  Custody, Control and Possession of all Receivership Property and Records.

Pursuant to the Order of Appointment, the Receiver has the duty "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto." Order of Appointment, ¶ 6(B).

73444936;1

1.  <u>Receivership Property and Records</u>

The Receiver and his professionals continue to review documents received from third parties in an effort to understand the operations of the Receiver Entities and corresponding flow of funds and in order to identify, freeze, and preserve all Receivership Property, and obtain corresponding records from third parties with whom it is believed the Receivership Entities possess either active or historical account(s). The Receiver's efforts have resulted in the identification of the Receivership Property detailed in Section A above, as well as an understanding of the nature and extent of the alleged fraud perpetrated in connection with the operation of the Receivership Entities.

The Receiver has been unable to secure access to a Google Workspace affiliated with one of the Receivership Entities, Bison Digital LLC, as the login information and administrative access are presently under Defendant Kang's control. Nor has the Receiver been able to obtain the hardware wallet or secret keys, as described in Section A above. Defendant Kang claims that his Fifth Amendment privilege affords him the right to refuse to provide the Bison Digital login information for the kevin@bisondigital.io, ops@bisondigital.io, and carlos@bisondigital.io accounts; the possession of the hardware wallet used in the course of the Receivership Entities' business; and the hardware wallet's secret key, which provides access to the funds affiliated with wallet addresses affiliated with the hardware wallet.

2.  <u>Corporate Organization of and Investors in the Receivership Entities</u>

BKCoin Management LLC is a Delaware limited liability company with its principal place of business in Florida. BKCoin Management employed several employees, whose services were terminated in 2022.[5] Carlos Betancourt and Kevin Kang are its founding principals and served as its managing members. Each owned 47.5% of the equity in the company. Peter Dzuba

---

[5] The Receiver is in the process of identifying and interviewing all former employees and agents.

and Brandon Esposito possess the remaining 5% ownership interest, each owning 2.5%.

BKCoin Management, in turn, serves as the general partner of Multi-Strat Domestic[6] and the Legacy Fund[7] and as investment manager for (i) various SMAs, (ii) the Multi-Strat Funds (consisting of Multi-Strat Domestic, Multi-Strat Offshore[8], and Multi-Strat Master[9]); (iii) the Legacy Fund; and (iv) the Offshore Fund. Betancourt and Kang are sole directors and beneficial owners of both Multi-Strat Master and Multi-Strat Offshore. BKCoin Management is a registered shareholder in possession of 100 Class M Shares, which, per each respective Memorandum of Association, entitles BKCoin Management (and thus, in turn Carlos Betancourt and Kevin Kang) to exclusive control of the Multi-Strat, Legacy, and Offshore Funds.

State Street Corporation ("State Street") served as fund administrator for the Multi-Strat Funds and Formidium Corporation f/k/a Sudrania Fund Services ("Formidium") served as fund administrator for the Legacy Fund and the Offshore Fund.

To date, based upon information provided from the foregoing fund administrators the Receiver has identified: (i) 2 limited partners and 3 shareholders invested in the Multi-Strat Funds; (ii) 44 limited partners invested in the Legacy Fund; and (iii) 7 shareholders invested in the Offshore Fund.  The Receiver has also identified from receivership records 6 SMAs entered into by and between various third parties and BKCoin Management.

## C.      Engage and Employ Persons

The Order of Appointment provides that the Receiver is authorized to solicit persons and

---

[6] Multi-Strat Domestic is a Delaware Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in the State of Florida.
[7] BKCoin Capital (the Legacy Fund) is a Delaware limited partnership with its principal place of business in Florida.
[8] Multi-Strat Offshore is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.
[9] Multi-Strat Master is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.

73444936;1

entities to assist him in carrying out his duties and responsibilities, subject to the approval of the Court. *See* Order of Appointment, ¶¶ 6(F), 56-57.

The Receiver received Court authority to employ attorneys at Akerman LLP to assist him as counsel in performing ordinary and necessary legal services required in the general administration of this case (ECF Nos. 56 and 61) and YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case (ECF Nos. 57 and 62). For the upcoming reporting period, the Receiver will engage forensic cryptocurrency experts from Coherent Economics to assist with cryptocurrency tracing and accounting in order to properly compute creditor claims, to support potential litigation contemplated by the Receiver, and to provide the Court with the required reporting in administration of the case.[10]

The Receiver likewise obtained Court approval of the employment of Justin Rubenstein of Compass RE NY, LLC d/b/a Compass for the listing, marketing, and sale of the Receivership Property located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016 (the "Madison Avenue Apartment") and authorization to enter into the attendant listing agreement. ECF Nos. 63 and 66. The Court approved the Receiver's employment of Kwast Law, PLLC as New York transactional real estate counsel to assist the Receiver in the sale of the Madison Avenue Apartment. ECF. No. 88.

**D.      Actions Necessary to Preserve and Prevent Dissipation of Receivership Property**

Given the extreme volatility of the cryptocurrency market, the Receiver's practice has been to transfer cryptocurrency assets of the Receivership Estate to a cryptocurrency depository. As part of this process, the Receiver identified Standard Custody & Trust Company, LLC

---

[10] On November 2, 2023, the Court entered its *Order Approving Receiver's Ex Parte Application for Employment of Coherent Economics as Forensic Cryptocurrency Professionals Effective as of October 25, 2023.* ECF No. 105.

73444936;1

("Standard Custody") as an appropriate depository institution. The Receiver used Standard Custody through the end of the previous reporting period. In order to facilitate liquidation of cryptocurrency, the Receiver sought and obtained the Court's authority to enter into the Coinbase Prime Broker Agreement (ECF No. 76), allowing the Receiver to transfer cryptocurrency from Standard Custody to Coinbase for liquidation. The cash proceeds from liquidation are transferred to an account at a federally insured bank to receive and hold all Receivership Funds established by the Receiver pursuant to the Order of Appointment, ¶ 33.

**E.    Pursue, Resist and Defend all Suits, Actions, Claims and Demands**

      1.    *In re BlockFi Inc.et al.*

On November 28, 2022, BlockFi Inc. and 8 affiliated debtors (collectively, the "BlockFi Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (Trenton).[11] The Receiver and his counsel have made contact with counsel for the BlockFi Debtors and have timely filed a proof of claim preserving any claims the Receivership Entities might have against the BlockFi Debtors.

      2.    *In re FTX Trading, Ltd., et al.*

On November 11, 2022 and November 14, 2022, FTX Trading Ltd. and 101 affiliated debtors (collectively, the "FTX Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[12] The Receiver and his counsel have made contact with counsel for the FTX

---

[11] The cases are pending before the Honorable Michael B. Kaplan and are jointly administered under Case No. 22-19361.

[12] On February 13, 2023, an order was entered dismissing the cases of Debtors, SNG Investments Yatirim Ve Danismanlik Anonim Sirketi (Case No. 22-11093) and FTX Turkey Teknoloji Ve Ticaret Anonim Sirketi (Case No. 22-11170). The remaining cases are pending before the Honorable John T. Dorsey and are jointly administered under Case No. 22-11068.

Debtors and timely filed proofs of claim preserving any claims the Receivership Entities might have against the FTX Debtors.

3.      _In re Celsius, et al._

On July 13, 2022, Celsius Network LLC and certain of its affiliates (collectively, the "Celsius Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.[13]  The Receiver and his counsel have made contact with counsel for the Celsius Debtors regarding the claim held against the Celsius Debtors.

4.      _Canto v. BKCoin Management, LLC et al._

A former investor, Alejandro Canto, filed suit in the United States District Court for the Southern District of New York, Case No. 22-cv-08858-JPO. The case is styled _Canto v. BKCoin Management, LLC et al._ and names BKCoin Management, Carlos Betancourt and Kevin Kang as defendants. Mr. Canto alleged claims of breach of fiduciary duty, with allegations arising from the purported mismanagement of Mr. Canto's investment by BKCoin Management and its two principals. The District Court for the Southern District of New York entered an Order staying its case on March 30, 2023. The Receiver's counsel and counsel for the other parties coordinated to prepare a Joint Status Report, which was filed October 3, 2023.

5.      _Kevin Kang v. Michael Goldberg, et al._

On May 2, 2023, Mr. Kang, through counsel commenced an action in the United States District Court for the Southern District of New York, Case No. 23-cv-03692-JMF, styled _Kang v._

---

[13] On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors,") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.  The cases of the Celsius Debtors and the GK8 Debtors are pending before the Honorable Martin Glenn in the U.S. Bankruptcy Court for the Southern District of New York, and are being jointly administered under Case No. 22-10964.

73444936;1

*BKCoin Management LLC, et al.*, naming BKCoin Management LLC, BKCoin Capital LP, and Michael I. Goldberg in his capacity as Receiver. Mr. Kang's action sought a declaratory judgment and an order compelling Mr. Goldberg to advance legal fees to Mr. Kang under BKCoin Management LLC's partnership agreement with BKCoin Capital LP, one of the seven Receivership Entities. Mr. Kang filed a Notice of Voluntary Dismissal on May 10, 2023, which was signed by Judge Jesse M. Furman on May 11, 2023.

Also on May 10, 2023, Mr. Kang filed an action in the seeking identical relief in the State of New York Supreme Court for New York County, styled *Kang v. BKCoin Management LLC, et al.*, No. 652280/2023. On May 11, 2023, counsel for Mr. Kang requested that Mr. Goldberg accept service on behalf of himself as Receiver and for Defendants BKCoin Management LLC and BKCoin Capital LP. The Receiver declined to accept service, informing counsel for Mr. Kang of the stay of litigation imposed in the Order of Appointment. The following day, May 12, 2023, Mr. Kang filed a Notice of Voluntary Discontinuance of the case.

6.     <u>Investigation of all Other Claims</u>

The Receiver is in the process of investigating and commencing claims against parties who dealt with the Receivership Entities prior the Receivership who may be liable for their conduct.

## III.   <u>ACTIONS TAKEN BY THE RECEIVER DURING THE REPORTING PERIOD</u>

The Receiver continues to utilize the skills of his professionals, including his general counsel Akerman LLP and forensic accountants YIP Associates.

## A.     Consent to Entry of Judgment

The Receiver consented to the entry of judgment enjoining the Receivership Entities from violating Section 17(a) of the Securities Act of 1933, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, and Sections 206(1) and 206(2) of the Investment Advisers

73444936;1

Act of 1940. ECF No. 91, Exh. A.

**B.    Accounting**

The Receiver's accounting professionals prepared and distributed Schedule K-1s for BKCoin Management LLC, BKCoin Capital LP, and Bison Digital LLC as well as the Standardized Fund Accounting Report for March 30, 2023 to June 30, 2023.

**C.    Liquidation of Assets**

During the Reporting Period, the Receiver liquidated securities held in the BKCoin Management LLC and BKCoin Capital LP accounts at Interactive Brokers. The chart below summarizes the proceeds of the liquidation that have been transferred to the federally insured bank account established by the Receiver.

| Proceeds of Liquidation of Interactive Brokers Accounts | |
|---|---|
| **Receivership Entity** | **Proceeds of Liquidation** |
| BKCoin Management LLC | $200,434.71 |
| BKCoin Management LLC | $127.78 |
| BKCoin Capital LP | $205.13 |
| **Total** | **$200,767.62** |

Some financial institutions still hold Receivership digital assets, including international exchanges. These assets remain frozen pursuant to the Freeze Order. The Receiver and his professionals have been coordinating with those financial institutions to transfer the funds as quickly as possible. The Receiver anticipates transferring the remaining digital assets to the Receiver's accounts during the upcoming reporting period.

**D.    Pending Sale of the Madison Avenue Apartment**

The Receiver received a $2,230,000 offer for the Madison Avenue Apartment and the Court authorized the sale on August 8, 2023. ECF No. 88. The Receiver allowed Defendant Kang to remain in the Madison Avenue Apartment while it was listed for sale on the condition that Defendant Kang remain current on the building's maintenance fees. The Receiver now has a

non-contingent contract on the Madison Avenue Apartment and the sale is scheduled to close on November 16, 2023. Accordingly, the Receiver has requested that Defendant Kang vacate the apartment by November 15, 2023.

Additionally, because the titleholder of the Madison Avenue Apartment is BK Offshore Fund, Ltd., a BVI entity, the sale is likely subject to the Foreign Investment in Real Property Tax Act ("FIRPTA"), which may require a payment to the IRS of 21% of the sale price. This FIRPTA issue is being addressed by the Receiver's accounting professionals and transactional real estate attorneys.

**E.      Ongoing Communications with Investors**

The Receiver and his professionals have spent considerable time communicating with government officials, former employees, creditors, investors, and other interested parties. The Receiver continues to respond to detailed government official and investor inquiries, primarily through video and audio calls. The Receiver and in his professionals have established a comprehensive investor contact list for coordinated communication. The Receiver has likewise established an email address for general inquiries BKCoin@akerman.com to provide up to date information for investors and interested parties.

The Receiver and his professionals also investigated allegations of fraud perpetuated by entities called "BK-Coin Max" and "BKCoin-Max." After interviewing victims and issuing subpoenas, the Receiver and his professionals do not believe that the BK-Coin Max/BKCoin-Max scam is affiliated with the Receivership Entities.

**F.      Discovery Production**

The Receiver has received document requests from the SEC and Defendant Kang. The Receiver and his professionals have been preparing document productions in response to these requests, which will be completed in the upcoming reporting period.

73444936;1

## G.     Forensic Professionals

The Receiver recognizes the importance of accounting and blockchain forensics in this matter, the results of which will afford all investors with an understanding of the flow of digital assets and may assist in the recovery of misappropriated funds. The Receiver likewise understands the importance of identifying, securing, and monitoring, where appropriate, wallets of interest. The Receiver retained YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case. *See* ECF Nos. 57 and 62. YIP Associates has commenced their analysis, and is working together with Akerman to complete the foregoing. In the upcoming reporting period, Coherent Economics will assist with cryptocurrency tracing and accounting in order to properly compute creditor claims, to support potential litigation contemplated by the Receiver, and to provide the Court with the required reporting in administration of the case. *See* ECF Nos. 102 and 105.

## H.     Receiver's Recommendations

The Receiver anticipates taking the following actions during the next Reporting Period: (i) continue to obtain, secure, and liquidate (where appropriate) all assets and documents of the Receivership Entities; (ii) continue to review and analyze all trading and transaction history of the Receivership Entities; (iii) respond to inquiries from investors, creditors, government officials and interested parties; (vii) provide updates through regular communication to investors; and (viii) investigate and commence claims against parties who may be liable to the Receivership Entities or may have assisted the Receivership Entities in the perpetration of any actionable claims in an attempt to recover money for the estate's creditors.

73444936;1

Dated:  November 6, 2023.                     Respectfully submitted,

                                              By: */s/ Michael I. Goldberg*
                                              Michael I. Goldberg, Esq.
                                              Florida Bar No. 886602
                                              Email: michael.goldberg@akerman.com
                                              201 East Las Olas Blvd., Suite 1800
                                              Ft. Lauderdale, FL 33301
                                              *Court Appointed Receiver*

# EXHIBIT A

73444936;1

| | |
|---|---|
| Total Funds Recovered To Date | $5,369,847.14 |
| Cash Received from Interest Earned on Funds Recovered | $13,856.21 |
| *Total Cash On Hand* | *$5,383,703.35* |
| **Total Cash on Hand Net of Costs Paid** | **$ 5,177,945.85** |

| Date | Description | Amount | Cumulative Total |
|---|---|---|---|
| 1/24/2023 | Legal Fees and Costs in State Court Receivership | 189,804.50 | 189,804.50 |
| 3/7/2023 | Northern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 189,853.50 |
| 3/7/2023 | Central District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 189,902.50 |
| 3/7/2023 | Southern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 189,951.50 |
| 3/7/2023 | District of New Jersey - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 190,000.50 |
| 3/7/2023 | District of Wyoming - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 190,049.50 |
| 3/7/2023 | Northern District of Texas - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 190,098.50 |
| 3/7/2023 | Western District of North Carolina - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | 49.00 | 190,147.50 |
| 7/20/2023 | Invoice Date: June 30, 2023; Invoice #: 8996281696-10011; Description: Payment of Custody Service Fees from March 2023 through June 2023. $2,500.00 monthly fee x 4 months. | 10,000.00 | 200,147.50 |
| 8/10/2023 | E-Discovery: Contract # DM0263280; Invoice # 238652; Description: 2023 July FTAC - Email collection and preservation storage drive set | 702.50 | 200,850.00 |
| 8/10/2023 | E-Discovery: Contract # DM0265453; Invoice # 239219; Description: 2023 July Project Hosting and Data Processing | 4,907.50 | 205,757.50 |