# EXHIBIT C



|  |
|---|
| Catherine D. Kretzschmar |
| Special Counsel |
| |
| Akerman LLP |
| 201 East Las Olas Boulevard |
| Suite 1800 |
| Fort Lauderdale, FL  33301 |

March 30, 2023

**VIA E-MAIL (cohenc@ballardspahr.com)**

Celia Cohen, Esq.
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY  10019-5820

Re:     **Advancement Demand of Kevin Kang**

Dear Ms. Cohen:

  I am in receipt of your March 24, 2023 letter demanding advancement of legal fees and expenses for your client, Kevin Kang, pursuant to the First Amended and Restated Limited Partnership Agreement of BKCoin Capital LP, dated August 28, 2020 ("Agreement"). The Receiver has thoroughly reviewed your letter, the Agreement, the allegations against Mr. Kang in the two lawsuits to which your letter refers, the results of our investigations into Mr. Kang's activities in the two cases in which Mr. Goldberg has been appointed Receiver, and Mr. Kang's purported undertaking attached to your letter. As a result of that review, the Receiver has concluded that under the terms of the Agreement and the circumstances, the Receivership entities are not required to and will not advance Mr. Kang any funds for his legal expenses or any other expenses.

  First, your letter fails to note that the Receivership entities' obligation to advance funds for expenses to Mr. Kang is, under the express terms of the Agreement, limited to partnership assets. Agreement at Section 4.03(d): "The satisfaction of any indemnification pursuant to this Section 4.03 *shall be from and limited to* Partnership assets" (emphasis added). Despite the numerous definitions in Section 1.01 of the Agreement, the term "Partnership assets" is not defined anywhere in the Agreement. However, the term "Available Assets" is:

> "**Available Assets**" means, for any period, the excess of (a) Distributable Cash and other property to be distributed pursuant to Section 8.01 and Temporary Investments over (b) the sum of (i) Investment Expenses, (ii) amounts paid or payable in respect of any loan or other Indebtedness of the Partnership and (iii) the amount of reserves established by the General Partner as contemplated by Section 3.02(n).

akerman.com

69565744;1

Celia Cohen, Esq.
March 30, 2023
Page 2

_____

Agreement at Section 1.01.

    Our investigation of the activities of Mr. Kang and the Receivership entities pursuant to the Receiver's appointment in both state and federal cases has unequivocally revealed that the only funds the Receivership entities possess are directly traceable to investor funds. *See, e.g.,* Receiver's First Interim Report, dated January 4, 2023, in Case No. 2022-020760, Miami-Dade Circuit Court ("Receiver's First Report"), at Sections II.A and II.B. These funds cannot be considered Partnership assets under the definition of Available Assets set forth above, or under any reasonable definition of the term Partnership assets, since they properly belong to investors. Accordingly, because the Receivership entities do not possess Partnership assets with which to advance funds for expenses to Mr. Kang, we are not required to do so under Section 4.03(d) of the Agreement, and we will not be doing so.

    Second, as your letter notes, the Receivership entities are not required to indemnify Mr. Kang for "any act or omission with respect to which a court of competent jurisdiction . . . has issued a final and non-appealable decision, judgment or order that such act or omission resulted from . . . bad faith, gross negligence, willful misconduct, fraud or a material breach of this Agreement." Agreement at Section 4.03(b).

    It is undisputed that the Securities and Exchange Commission and private parties have alleged numerous acts of fraud, willful misconduct, and bad faith against Mr. Kang. In addition, the Receiver's investigation has yielded significant evidence of Mr. Kang's fraud. *See* Receiver's First Report. Therefore, it is highly likely that even if the Receivership entities had Partnership assets to advance to Mr. Kang, he would have to repay them. Mr. Kang's purported undertaking attached to your letter – an unsworn, legally unenforceable statement - is woefully insufficient to provide even the remotest possibility that the Receivership entities could recover any advanced funds from Mr. Kang in the likely event he is found to have committed fraud. *See SEC v. Utsick, et al.*, Case No. 06-cv-20975, Order Denying Defendant's Modified Motion for Advances of Legal Fees and Costs, DE 211 (S.D. Fla. Aug. 31, 2007) (denying defendant's motion for advances of legal fees and costs because defendant's written statement that he would undertake to repay fees if he was not entitled to indemnification insufficient to guarantee repayment).

    For the aforementioned reasons, the Receivership entities will not be advancing any expenses to Mr. Kang.

Sincerely,

*Catherine Kretzschmar*

Catherine D. Kretzschmar
Special Counsel

cc:    Michael I. Goldberg, Receiver

69565744;1