United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-20719-Civ-Scola |
| BKCoin Management, LLC, and others, Defendants. | ) ) ) |

**Order Adopting Magistrate Judge's Report and Recommendations**

    This matter was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendation on Defendant Kevin Kang's motion for a limited lift of the stay of litigation against the Receiver, BKCoin Management, LLC, and BKCoin Capital LP, or in the alternative, for an order requiring the Receiver to advance and indemnify Defendant Kang. (ECF No. 109.) Judge Goodman issued a report, recommending that the Court deny the motion. (R. & R., ECF No. 136.) Kang filed objections (ECF No. 144), to which the Receiver did not respond. After reviewing the filings, the applicable law, and the record, the Court **adopts Judge Goodman's report and recommendations** (**ECF No. 136**) and **denies** Kang's motion for a limited lift of the stay of litigation or for an order requiring the Receiver to advance and indemnify Kang. (**ECF No. 109**.)

    "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or

recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

Kang essentially presents four objections to Judge Goodman's recommendations. First, Kang asserts that Judge Goodman's report incorrectly concluded that the First Amended and Restated Limited Partnership Agreement with BKCoin Capital LP (the "Agreement") does not entitle Kang to advancement and indemnification of legal fees related to this action. (Obj., ECF No. 144 at 3-7.) Second, Kang claims that Judge Goodman incorrectly assumed that "any ambiguities in the Agreement should be construed against Mr. Kang." (*Id.* at 7.) Third, Kang objects to Judge Goodman's report because it recommended the denial of Kang's advancement and indemnification on the grounds that BKCoin is in receivership. (*Id.*) Fourth, Kang disagrees with Judge Goodman's analysis of the *Wencke* factors used in assessing whether a lift of litigation is appropriate. (*Id.* at 9.)

Where objections have been properly made, the Court reviews the relevant portions of Judge Goodman's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *Macort*, 208 F. App'x at 783-84. Regardless of the standard the Court must apply, the Court finds the entirety of Judge Goodman's analysis to be cogent, compelling, and correct.

To begin, contrary to Kang's first objection, Judge Goodman's report reflects a comprehensive understanding of the arguments regarding the proper interpretation of "Partnership assets" as used in the Agreement. Kang objects to Judge Goodman's finding that the Receiver has the better interpretation, arguing that the Receiver "arbitrarily plucked out the definition of 'Available Assets' from within the Agreement and argued that it applies to the indemnification section." (Obj. at 5.) Kang believes that the definition of "Available Assets" instead applies only to the section pertaining to funds available for distribution to BKCoin partners. (*Id.*) Kang urges the Court to instead look to Section 4.03 of the Agreement, which references the broader category of "Partnership assets," or all assets belonging to the Partnership. Under that reading, Kang could draw on a wider category of funds for indemnification of his fees spent defending this lawsuit. However, this argument does not identify any specific portion of Judge Goodman's analysis that erred and reflects "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge[.]" *Marlite*, 2012 WL 3614212, at *2. But even on a de novo review, the Court agrees with Judge Goodman that the Receiver has the stronger argument

regarding the meaning of "Partnership assets" because of the limiting clause in Section 4.03(d) of the Agreement, which would be rendered meaningless under Kang's view of the Agreement. (R. & R. at 12, 14.)

As to Kang's second objection regarding Judge Goodman construing ambiguities in the terms of the Agreement against Kang, Judge Goodman specifically noted in his report that "Kang did not address this argument in his reply[,]" thereby conceding the argument. (*Id.* at 16.) The Court therefore declines to consider the argument, and even if the Court did review this aspect of the report de novo, the outcome of the analysis would not change. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

Kang next objects to Judge Goodman's discussion of three cases that weigh Delaware's public policy interests in advancement and indemnification against the interests present when the entity providing the indemnification is in receivership. (Obj. at 7-9; R. & R. at 22-28.) Kang argues that the cases, led by *Andrikopoulos v. Silicon Valley Innovation Co., LLC*, 120 A.3d 19, 25 (Del. Ch. 2015), "do[] not forestall Mr. Kang's rights under the Agreement." (Obj. at 8.) According to Kang,

> Judge Goodman stated that there is 'nothing in the *Andrikopoulos* decision to suggest that the court's holding was limited to only instances where advancement claims would seriously undermine or eliminate a receiver's ability to pursue claims,' but there is also nothing that countenances expanding *Andrikopoulos* to cover all instances of a receivership and claims for advancement. (*Id.*)

The fact that Judge Goodman concluded that there was no reason *Andrikopoulos*'s logic could not apply to the instant scenario does not mean that he misconstrued Kang's arguments. In fact, Judge Goodman discussed the grounds on which Kang disagreed with the applicability of *Andrikopoulos* and each of the other two cases in concluding that Delaware's public policy favoring indemnification and advancement was not so strong as to overcome all of the other interests at play in this case. *See Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848, 2018 WL 6172404 (E.D.N.Y. Nov. 25, 2018); *Henson v. Sousa*, No. CV 8057-VCG, 2015 WL 4640415 (Del. Ch. Aug. 4, 2015). As Judge Goodman wrote, "Kang does not seek to distinguish *Platinum Mgmt. (NY) LLC* on its facts; he merely notes that two of the officers who were denied advancement were later acquitted in the criminal case. Lastly, and as already noted, Kang does not address *Henson*." (Rep. & Rec. at 27.) Thus, the Court

does not find Kang's third objection is well-founded and agrees with Judge Goodman's interpretation of each case.

Finally, Kang objects to Judge Goodman's application of the three-factor test used to determine whether a limited lift of the litigation stay in a receivership is appropriate. *See Sec. & Exch. Comm'n v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984). However, Kang does not cite to *any* authority in arguing that Judge Goodman erred in his analysis of each *Wencke* factor.

In short, the Court finds Judge Goodman's report and recommendations well-reasoned and thorough. The Court has carefully reviewed Kang's objections and concludes they are without merit. In sum, Kang is not entitled to either a limited lift of the stay of litigation against the Receiver or an order requiring the Receiver to advance and indemnify Kang.

The Court, therefore, **affirms and adopts** the report and recommendations (**ECF No. 136**), **overruling** Kang's objections (**ECF No. 144**), thus **denying** Kang's motion for a limited lift of the stay of litigation against the Receiver, or in the alternative, for an order requiring the Receiver to advance and indemnify Defendant Kang. (ECF No. 109.)

**Done and ordered** in Miami, Florida, on June 13, 2024.

_____
Robert N. Scola, Jr.
United States District Judge