**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Securities and Exchange Commission,

Plaintiff,

vs. Case No. 23-20719-Civ-SCOLA

BKCoin Management, LLC
and other Defendants.
___________________________________/

**RECEIVER'S TWELFTH INTERIM REPORT**

Michael I. Goldberg, the Court-appointed receiver (the "Receiver") respectfully files this *Twelfth Interim Report* covering the period from October 1, 2025 up to and including December 31, 2025 (the "Reporting Period").

## I. BACKGROUND

On February 23, 2023, the Securities and Exchange Commission (the "SEC") filed its *Complaint for Injunctive and Other Relief* (ECF No. 1) (the "Complaint") together with its *Motion and Memorandum of Law for Appointment of Receiver* (ECF No. 4) (the "Motion to Appoint Receiver"). The Complaint seeks relief against BKCoin Management LLC and one of its managing members, Min Woo Kang (a/k/a "Kevin Kang") (the "Defendants") and against BKCoin Capital, LP, BK Offshore Fund, Ltd., BKCoin Multi-Strategy Master Fund, Ltd., BKCoin Multi-Strategy Fund, LP, BKCoin Multi-Strategy Fund, Ltd., and Bison Digital LLC (the "Relief Defendants").

As further detailed in the Complaint, from October 2018 through September 2022, BKCoin Management, LLC served as general partner for and investment manager of the following five funds formed to generate profits mainly through investments in cryptocurrency assets: BKCoin Capital, LP (the "Legacy Fund"), BK Offshore Fund, Ltd. (the "Offshore Fund"), and BKCoin Multi-Strategy Master Fund, Ltd., and its two feeder funds, BKCoin Multi-Strategy Fund, LP

("Multi-Strat Domestic") and BKCoin Multi-Strategy Fund, Ltd. ("Multi-Strat Offshore") (collectively, the "Multi-Strat Funds"). Complaint, ¶ 1. The Defendants allegedly raised nearly $100 million from at least 55 investors, who invested in one or more of the funds or through a separately managed account ("SMA") managed by the Defendants. *Id.* ¶ 2. A sixth cryptocurrency fund, Bison Digital LLC ("Bison Digital") received $12 million from BKCoin Management LLC and the other Relief Defendants for no apparent or legitimate reason. *Id.* ¶ 3.

The SEC filed suit to prevent further fraud and misappropriation of investor money by the Defendants, alleging that Defendants had made false and materially misleading statements to their investors in the course of their offerings, that Defendants had comingled investor assets, made Ponzi-like payments to fund investors in lieu of redemptions, and that assets of the funds were improperly diverted to or for the personal benefit of Defendant Kevin Kang. *Id.* ¶ 2-3. Based on these assertions, the SEC sought the appointment of a receiver over BKCoin Management LLC and the Relief Defendants (collectively, the "Receivership Entities") as well as entry of order freezing the assets of the Defendants and the Relief Defendants.

On February 24, 2023, the Court entered its *Order of Appointment* (ECF 8) (the "Order of Appointment"), granting the SEC's Motion to Appoint Receiver and appointing Michael I. Goldberg as Receiver over BKCoin Management, LLC and the Relief Defendants. The Court also entered its *Order Granting Plaintiff Securities and Exchange Commission's Ex Parte Emergency Motion for Asset Freeze and Other Relief* (ECF No. 9) (the "Freeze Order").

## II. ADMINISTRATION OF THE RECEIVERSHIP ESTATES

### A. Determination of the Receivership Estate

Pursuant to the Order of Appointment, the Receiver has the duty to use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants and Relief Defendants, including, but not limited to, monies, funds, securities, cryptocurrencies,

crypto assets, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates"). Order of Appointment, ¶ 6(A).

The Receiver has determined the nature, location, and value of the following Receivership Property as of the filing of this Twelfth Interim Report.

1. Cash On Hand

As required, the Receiver has established a custodial account at a federally insured bank to receive and hold all Receivership Funds[1]. Order of Appointment, ¶ 33. As of the end of this Reporting Period, the (i) total amount of Receivership Funds recovered[2] is $16,238,652.77[3]; and (ii) the aggregate amount of cash on hand is $14,722,146.90. The aggregate cash on hand is comprised of the cash recovered from financial institutions at the outset of the Receivership[4], the net proceeds from the sale of the condominium and returned security deposit, the cash proceeds of the liquidation of cryptocurrency, distributions received from the FTX bankruptcy, interest generated from the Receivership custodial account, and is net of costs paid.

---

[1] This account is the Qualified Settlement Fund that the Receiver was directed to establish pursuant to paragraph 39 of the Order of Appointment.

[2] A consolidated reconciliation of all disbursements to date is attached hereto and incorporated herein as **Exhibit A**.

[3] The Receiver received a distribution of $213,174.48 in the FTX bankruptcy proceeding. This amount is in an account under the Receiver's control and awaiting transfer to the Receiver's custodial account. The transfer will be completed in the upcoming reporting period.

[4] Cash was initially recovered from BitGo Prime (who liquidated the collateral it held as part of a loan agreement with BK Offshore Fund, generating $125,978.45 of net excess collateral), Circle, Bittrex, Gemini, Silvergate Bank, TD Bank, Signature Bank, Interactive Brokers, and Standard Custody. In total, the Receivership Estate received $5,369,847.14 from these financial institutions.

2. Digital Assets

The Receiver has identified digital assets held at various exchanges as well as digital assets held in a hardware wallet. As of the filing of this Twelfth Interim Report, the hardware wallets and their secret keys are under Defendant Kang's possession and control. The chart below reflects the quantity and USD value of digital assets contained in two of the Receivership Entity wallets, both of which are under Defendant Kang's possession and control. Previous status reports listed a third wallet beginning with 0x7Ac, which the Receiver has since obtained access to and has begun transferring the assets to the Receiver's accounts.

| **Hardware Wallet Assets** | | | |
|---|---|---|---|
| **Wallet Address** | **Token** | **Quantity** | **USD Value (12/31/2025)** |
| 0x70E | aWETH | 1.356 | $4,027.86 |
| | cETH | 20,199.57 | $1,206,722.34 |
| | DAI | 5.837988 | $5.84 |
| | ETH | 0.468208 | $1,408.73 |
| | USDC | 26,759.05 | $26,759.05 |
| | COMP | 112.264895 | $2,780.80 |
| | USDT | 3,558.23 | $3,558.23 |
| | CPRX | 259,205.915 | $3.63 |
| | | *Subtotal* | ***$1,245,266.48*** |
| 0xA32 | ETH | 0.034821 | $104.77 |
| | USDT | 15.438968 | $15.44 |
| | | *Subtotal* | ***$120.21*** |
| | | **Total** | **$1,245,386.69** |

Additionally, the Receiver's cryptocurrency wallet contains 43,782.26 NU that is awaiting liquidation. The Receiver anticipates liquidating this asset in the upcoming reporting period.



85211166;1

The following chart contains a detailed breakdown of all identified digital assets as of the filing of this Twelfth Interim Report. Unless otherwise noted, the Receiver is still in the process of repatriating and liquidating these assets.

| Summary of All Cryptocurrency Assets | | | |
|---|---|---|---|
| **Financial Institution** | **Receivership Entity** | **Crypto Balance** | |
| **Binance**<br>***liquidated by Receiver* | BK Offshore Fund | BTC: 0.00918844<br>ETH: 4.4955<br>USDT: 230,408.240193<br>SOL: 14.985<br>ETHW: 4.49552<br>BNB: 29.17346498<br>MASK: 0.074305<br>WBTC: 0.014920<br>BUSD: 0.32761<br>DOGE: 49,480.156811<br>NFT: 60,414.307925<br>ALGO: 312.865132<br>XVG: 1036748.80<br>LSK: 0.02490<br>SXP: 2.24962212<br>DOT: 99.90000000<br>LUNC: 79.920<br>LINK: 99.90<br>VTHO: 2,649.72671572<br>BTTC: 5,981,098.90<br>ENJ: 699.30<br>LUNA: 24.80917478<br>**<u>Futures Balance:</u>**<br>USDT: 104,073.67657374 | **<u>Margin Balance:</u>**<br>MATIC: 0.06729284<br>NEAR: 0.06429111<br>BTC: 1.34865168<br>ONE: 0.08052732<br>MANA: 0.98400206<br>ROSE: 0.06010913<br>SOL: 0.00314133<br>DAR: 0.0940<br>BNB: 0.00001893<br>ETH: 0.00003882<br>NEO: 0.00614998<br>LRC: 0.55621764<br>VET: 0.08410262<br>USDT: 20,109.806357<br>BNX: 0.00017591<br>DASH: 0.00035865<br>LTC: 0.00051489<br>CRV: 0.07305969<br>ALICE: 0.00796073<br>LINK: 0.00779002<br>FIL: 0.00897096<br>GALA: 0.19073618<br>BAT: 0.68012375 |
| **BlockFi**<br>(in bankruptcy)<br>***claim disallowed* | BK Offshore Fund | BTC: 0.00056626<br>ETH: 2.03351546 | GUSD: 14,168.553567 |
| **Cboe Digital**<br>***liquidated by Receiver* | BKCoin Capital LP | BTC: 0.25304<br>BCH: 108.23054448 | LTC: 149.66064 |
| **Celsius Network**<br>(in bankruptcy) | BKCoin Capital LP (listed on schedules under Defendant Kang's name) | **<u>Earn Account:</u>**<br>BTC 0.00078108225996545<br>CEL 1.14914830074319<br>USDC 0.310460141970784 | |
| **Delta Exchange** | BK Offshore Fund | DETO: 854 | |
| **FTX Trading**<br>(in bankruptcy) | Multi-Strategy Master Fund Ltd | USDT: 0.0000000075388725 | |



85211166;1

| | | |
|---|---|---|
| ***Distribution received in USD* | BK Offshore Fund | BTC: 0.0115662253075486<br>USDT: 10,770.4214367904<br>MOB: 300,605.91912 |
| **Galaxy Digital**<br>***liquidated by Receiver* | BKCoin Management LLC | BTC: 4.85 |
| **Hedera**<br>***liquidated by Receiver* | BKCoin Capital LP | HBAR: 10,183,195.6904716 |
| **Matrixport**<br>***liquidated by Receiver* | BK Offshore Fund | BTC: 46.009858 |
| | BK Offshore Fund | USDT: 12,133.66035<br>BCHA: 699.99<br>ETH: 10.09071853 |
| **OKx**<br>***liquidated by Receiver* | BK Offshore Fund Ltd. | TUSD: 0.0001184<br>EOS: 0.00004308<br>BSV: 0.0000088<br>XRP: 0.000194<br>ETH: 0.00027449<br>MCO: 0.00087<br>GUSD: 0.00086185<br>FLR: 00002931243<br>USDT: 34.03889943<br>BCH: 0.00007025<br>USDC: 0.00081001<br>LTC: 0.0059866<br>BTC: 1.35882982<br>ETHW: 0.00027449 |
| | BK Offshore Fund Ltd. (sub-account) | USDT: 494.325925<br>BTC: 0.225273621<br>KNC: 0.0000000971385949 |
| | Multi-Strategy Master Fund Ltd | USDT: 98.99 |
| **Standard Custody**<br>(by vault name)<br>***liquidated by Receiver* | BKCoin Multi-Strat Master FTX | USDC: 686,193.75<br>ETH: 0.033 |
| | DeFi | ETH: 0.0373 |
| | GP (Management LLC) | BTC: 59.047686<br>ETH: 490.565788 |
| | Legacy – Class C | BTC: 3.2198<br>SOL: 1,999.99 |

3. <u>Real Property</u>

The real property identified to date as belonging to the Receivership Estate is a condominium located at 76 Madison Avenue, Apartment 3A, New York, New York, 10016 (the "<u>Condominium</u>"). The sale of the Condominium closed on November 16, 2023 for a sale price of

$2,230,000. The cash proceeds of the sale net of tax withholdings[5] was $1,525,970.14. The Receiver has since received a $468,300 refund of the 21% FIRPTA tax withholding. The Receiver also received $1,800 as a returned security deposit.

| Summary of All Real Property | | |
|---|---|---|
| **Entity** | **Address** | **Sale Price** |
| BKCoin Offshore Fund, Ltd. | 76 Madison Avenue, Apartment 3A, New York, New York, 10016 | $2,230,00.00 |
| | **Total** | **$2,230,00.00** |

4. Other Assets

The following chart contains a detailed breakdown of other assets identified as belonging to the Receivership Estate as of the filing of this Twelfth Interim Report. The Receiver is unable to ascribe a market value to this subset of Receivership Property at this time.

| Summary of Other Property | | |
|---|---|---|
| **Entity** | **Address** | **Estimated Value** |
| Bison Digital LLC | $351,000 Skybridge Kraken Subscription | unknown market value |
| | $250,000 Digital Prime DLCC class A units | unknown market value |
| | $100,000 "I Got It" common stock | unknown market value |
| | $100,000 investment in Margin.io | unknown market value |
| | $100,000 RareMint SAFT | unknown market value |
| | $75,000 subscription in Arca NFT Fund | $75,000 |
| | $50,000 SAFE token | unknown market value |
| | $50,000 preferred series A stock in TheTie | unknown market value |
| | $50,000 in series B stock in CoinRoutes | unknown market value |
| | **Total** | **unknown market value** |

**B. Custody, Control and Possession of all Receivership Property and Records.**

Pursuant to the Order of Appointment, the Receiver has the duty "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records

[5] As discussed in Section III(A), in addition to standard closing costs, the Condominium was subject to a 21% tax withholding under the Foreign Investment in Real Property Tax Act ("FIRPTA") because the Condominium was titled in the name of BK Offshore Fund, a BVI entity.

relevant thereto." Order of Appointment, ¶ 6(B).

1. Receivership Property and Records

The Receiver and his professionals continue to review documents received from third parties in an effort to understand the operations of the Receivership Entities and corresponding flow of funds and in order to identify, freeze, and preserve all Receivership Property, and obtain corresponding records from third parties with whom it is believed the Receivership Entities possess either active or historical account(s). The Receiver's efforts have resulted in the identification of the Receivership Property detailed above in Section A, as well as an understanding of the nature and extent of the alleged fraud perpetrated in connection with the operation of the Receivership Entities.

The Receiver continues to maintain the Google Workspace used to store the books and records for six of the seven Receivership Entities. However, the Receiver has been unable to secure access to the Google Workspace containing books and records for Bison Digital, the seventh Receivership Entity, as the login information and administrative access are presently under Defendant Kang's control. Nor has the Receiver been able to obtain the hardware wallet or secret keys described above in Section A. Additionally, Defendant Kang claims that his Fifth Amendment privilege affords him the right to refuse to provide the Bison Digital login information for the kevin@bisondigital.io, ops@bisondigital.io, and carlos@bisondigital.io accounts; the possession of the hardware wallet used in the course of the Receivership Entities' business; and the hardware wallets' secret keys, which provide access to the funds affiliated with wallet addresses affiliated with the hardware wallet.

2. Corporate Organization of and Investors in the Receivership Entities

BKCoin Management LLC is a Delaware limited liability company with its principal place of business in Florida. BKCoin Management employed several employees whose services were

terminated in 2022.[6] Carlos Betancourt and Kevin Kang are its founding principals and served as its managing members. Each owned 47.5% of the equity in the company. Peter Dzuba and Brandon Esposito possess the remaining 5% ownership interest, each owning 2.5%.

BKCoin Management, in turn, serves as the general partner of Multi-Strat Domestic[7] and the Legacy Fund[8] and as investment manager for (i) various SMAs, (ii) the Multi-Strat Funds (consisting of Multi-Strat Domestic, Multi-Strat Offshore[9], and Multi-Strat Master[10]); (iii) the Legacy Fund; and (iv) the Offshore Fund. Betancourt and Kang are sole directors and beneficial owners of both Multi-Strat Master and Multi-Strat Offshore. BKCoin Management is a registered shareholder in possession of 100 Class M Shares, which, per each respective Memorandum of Association, entitles BKCoin Management (and thus, in turn Carlos Betancourt and Kevin Kang) to exclusive control of the Multi-Strat, Legacy, and Offshore Funds.

State Street Corporation ("State Street") served as fund administrator for the Multi-Strat Funds and Formidium Corporation f/k/a Sudrania Fund Services ("Formidium") served as fund administrator for the Legacy Fund and the Offshore Fund.

To date, based upon information provided from the foregoing fund administrators and banking records of the Receivership Entities, the Receiver has identified 65 investors who invested a total of $104,817,348.96 across all Receivership Entities.

---

[6] The Receiver is in the process of identifying and interviewing all former employees and agents.
[7] Multi-Strat Domestic is a Delaware Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in the State of Florida.
[8] BKCoin Capital (the Legacy Fund) is a Delaware limited partnership with its principal place of business in Florida.
[9] Multi-Strat Offshore is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.
[10] Multi-Strat Master is a British Virgin Islands company limited by shares, with its principal place of business in British Virgin Islands.

**C. Engage and Employ Persons**

The Order of Appointment provides that the Receiver is authorized to solicit persons and entities to assist him in carrying out his duties and responsibilities, subject to the approval of the Court. *See* Order of Appointment, ¶¶ 6(F), 56-57.

The Receiver has engaged forensic cryptocurrency experts from Coherent Economics to assist with cryptocurrency tracing and accounting in order to properly compute creditor claims, to support potential litigation contemplated by the Receiver, and to provide the Court with the required reporting in administration of the case. ECF Nos. 102 and 105. This is in addition to the attorneys at Akerman LLP who assist the Receiver as counsel in performing ordinary and necessary legal services required in the general administration of this case (ECF Nos. 56 and 61) as well as YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case (ECF Nos. 57 and 62).

With respect to the sale of the Condominium, the Receiver obtained Court approval of the employment of Justin Rubenstein of Compass RE NY, LLC d/b/a Compass for the listing, marketing, and sale of the Condominium and authorization to enter into the attendant listing agreement. ECF Nos. 63 and 66. The Court also approved the Receiver's employment of Kwast Law, PLLC as New York transactional real estate counsel to assist the Receiver in the sale of the Condominium. ECF. No. 88.

**D. Actions Necessary to Preserve and Prevent Dissipation of Receivership Property**

Given the extreme volatility of the cryptocurrency market, the Receiver's practice has been to transfer cryptocurrency assets of the Receivership Estate to a cryptocurrency depository. Through the second reporting period, the Receiver's process was to transfer the cryptocurrency to Standard Custody & Trust Company, LLC. With the focus now on liquidating cryptocurrency, the

Receiver sought and obtained the Court's authority to enter into the Coinbase Prime Broker Agreement, allowing the Receiver to transfer cryptocurrency from Standard Custody to Coinbase for liquidation. ECF No. 76.

With respect to cryptocurrency still sitting on exchanges, the Receiver filed the *Uncontested Motion for Clarification* (the "Clarification Motion"), which seeks an order clarifying that the Receiver is exempt from the Court's Asset Freeze Order and can transfer (or instruct third parties to transfer) cryptocurrency from domestic and offshore exchanges to the Receiver's accounts for liquidation. ECF No. 122. The Court granted the Receiver's Clarification Motion on January 11, 2024, ECF No. 126, and the Receiver successfully coordinated with several exchanges to facilitate the return of cryptocurrency. The funds identified in the Clarification Motion have since been recovered and liquidated. The cash proceeds from liquidation are transferred to an account at a federally insured bank to receive and hold all Receivership Funds established by the Receiver pursuant to the Order of Appointment, ¶ 33.

Additionally, the Receiver filed the *Motion for Order Directing Galaxy to Release Funds to the Receiver* (the "Galaxy Motion"), wherein the Receiver sought an order directing Galaxy to return approximately 4.85 BTC to the Receivership Estate. ECF No. 229. The Court granted the Galaxy Motion (ECF No. 231) and Galaxy cooperated in the return of the 4.85 BTC, which was liquidated for a total of $586,850.86 net of fees.

As of the filing of this Twelfth Interim Report, two of the hardware wallets and their secret keys are under Defendant Kang's possession and control. However, the Receiver and his professionals were able to obtain the secret key to the hardware wallet beginning in 0x7Ac- from another source and were able to transfer the holdings to the Receiver's wallets. Many of the assets have been liquidated and will continue to be liquidated in the upcoming reporting period.

**E. Pursue, Resist and Defend all Suits, Actions, Claims and Demands**

1. Crypto Bankruptcies

The Receivership Entities have claims in several crypto-related bankruptcies. The Receiver and his professionals have filed proofs of claim in those proceedings where required and continue to monitor developments and correspond with debtors' counsel.

*a. In re BlockFi Inc., et al.*

On November 28, 2022, BlockFi Inc. and 8 affiliated debtors (collectively, the "BlockFi Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (Trenton).[11] The Receiver and his counsel have made contact with counsel for the BlockFi Debtors and have timely filed a proof of claims. However, BlockFi objected to all 9 of the Receivership Entities' claims, which were valued at roughly $16,000 total while BlockFi claims that it is owed over $1,000,000 from the Receivership Entities. Based upon the de minimis amount involved, the Receiver decided not to dispute the determination, which would have cost more than the recovery.

*b. In re FTX Trading, Ltd., et al.*

On November 11, 2022 and November 14, 2022, FTX Trading Ltd. and 101 affiliated debtors (collectively, the "FTX Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.[12] The Receiver and his counsel have made contact with counsel for the FTX Debtors and timely filed proofs of claim preserving any claims the Receivership Entities might have against

[11] The cases are pending before the Honorable Michael B. Kaplan and are jointly administered under Case No. 22-19361.

[12] On February 13, 2023, an order was entered dismissing the cases of Debtors, SNG Investments Yatirim Ve Danismanlik Anonim Sirketi (Case No. 22-11093) and FTX Turkey Teknoloji Ve Ticaret Anonim Sirketi (Case No. 22-11170). The remaining cases are pending before the Honorable John T. Dorsey and are jointly administered under Case No. 22-11068.

the FTX Debtors. The Receiver's team has likewise completed the verification process required by the FTX Debtors in order to receive distributions.

The Receiver has since received distributions in the FTX bankruptcy for a total of $213,174.48 to date. Per the FTX Claims Portal, this amount reflects the "the percentage of the total principal claim value being distributed as of the September 30, 2025 distribution" and values the distribution as 78.2% of the Receivership Entities' full claim amount. This amount was calculated pursuant to the waterfall provided for in the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates. ECF No. 26404-1, Case No. 22-11068-JTD. The distribution is in an account under the Receiver's control and is awaiting transfer to the Receiver's custodial account. The transfer will be completed in the upcoming reporting period.

*c. In re Celsius, et al.*

On July 13, 2022, Celsius Network LLC and certain of its affiliates (collectively, the "Celsius Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.[13] The Receiver and his counsel have made contact with counsel for the Celsius Debtors regarding the claim held against the Celsius Debtors.

2. *Canto v. BKCoin Management, LLC et al.*

A former investor, Alejandro Canto, filed suit in the United States District Court for the Southern District of New York, Case No. 22-cv-08858-JPO. The case is styled *Canto v. BKCoin*

[13] On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors,") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. The cases of the Celsius Debtors and the GK8 Debtors are pending before the Honorable Martin Glenn in the U.S. Bankruptcy Court for the Southern District of New York, and are being jointly administered under Case No. 22-10964.

*Management, LLC et al.* and names BKCoin Management, Carlos Betancourt and Kevin Kang as defendants. Mr. Canto alleged claims of breach of fiduciary duty, with allegations arising from the purported mismanagement of Mr. Canto's investment by BKCoin Management and its two principals. The District Court for the Southern District of New York entered an Order staying its case on March 30, 2023. The Receiver's counsel and counsel for the other parties coordinated to prepare Joint Status Reports, the first of which was filed October 3, 2023, and the second was filed April 1, 2024.

Additionally, Alejandro Canto filed his Renewed Motion to Intervene and to Lift Stay of Litigation Against Carlos Betancourt on March 21, 2024. ECF No. 135. The Court granted Canto's motion on June 13, 2024. ECF No. 175. While the stay remains in place as to the Receivership Entities, the Receiver and his professionals have responded to inquiries from various financial institutions who raised concerns about non-party subpoenas as part of the Canto litigation that inquire into the records of Receivership Entities.

3. *Kevin Kang v. Michael Goldberg, et al.*

On May 2, 2023, Mr. Kang, through counsel commenced an action in the United States District Court for the Southern District of New York, Case No. 23-cv-03692-JMF, styled *Kang v. BKCoin Management LLC, et al.*, naming BKCoin Management LLC, BKCoin Capital LP, and Michael I. Goldberg in his capacity as Receiver. Mr. Kang's action sought a declaratory judgment and an order compelling Mr. Goldberg to advance legal fees to Mr. Kang under BKCoin Management LLC's partnership agreement with BKCoin Capital LP, one of the seven Receivership Entities. Mr. Kang filed a Notice of Voluntary Dismissal on May 10, 2023, which was signed by Judge Jesse M. Furman on May 11, 2023.

Also on May 10, 2023, Mr. Kang filed an action seeking identical relief in the State of New York Supreme Court for New York County, styled *Kang v. BKCoin Management LLC, et al.*, No.

652280/2023. On May 11, 2023, counsel for Mr. Kang requested that Mr. Goldberg accept service on behalf of himself as Receiver and for Defendants BKCoin Management LLC and BKCoin Capital LP. The Receiver declined to accept service, informing counsel for Mr. Kang of the stay of litigation imposed in the Order of Appointment. The following day, May 12, 2023, Mr. Kang filed a Notice of Voluntary Discontinuance of the case.

On November 7, 2023, Mr. Kang filed his *Notice of Motion for a Limited Lift of the Stay of Litigation Against the Receiver, BKCoin Management, LLC, and BKCoin Capital LP or in the Alternative, For an Order Requiring the Receiver to Advance and Indemnify Defendant Kang*. ECF Nos. 107 & 109 (initially filed on November 7, 2023, then refiled again on November 13, 2023) (the "Kang Fee Motion"). The Receiver filed his response in opposition to Mr. Kang's motion on November 21, 2023, arguing that (1) the plain language of the limited partnership agreement limits the assets that can be used for indemnification and the Receiver does not possess any such assets; (2) Mr. Kang is not entitled to an advancement of fees under Delaware law and public policy; and (3) Mr. Kang does not satisfy the three-part test for lifting stays against Receiverships. ECF No. 113.

On March 20, 2024, Mr. Kang filed a Notice of Supplemental Authority regarding his motion to lift the stay against the Receiver or indemnity and advancement of fees. ECF No. 134. Magistrate Goodman issued the Report & Recommendation on Defendant Kang's Motion for a Limited Lift of the Stay of Litigation on March 27, 2024, recommending that the Court deny Mr. Kang's motion.

On May 1, 2024, Mr. Kang's counsel filed their unopposed motion to withdraw as attorney for Mr. Kang. ECF Nos. 148, 155. The Court granted the motion and stayed the case until May 20, 2024. ECF No. 157. Mr. Kang's new counsel subsequently filed a motion to extend the deadlines except for the settlement conference, which occurred July 26, 2024 in the upcoming reporting

period. ECF No. 169.

On March 11, 2025 Mr. Kang's counsel filed an unopposed motion for entry of agreed order modifying asset freeze, which the Court granted and thus permitted the release of $15,017.03 to reimburse Mr. Kang for BKCoin business expenses to pay his attorney fees. ECF Nos. 213, 215.

4. Investigation of all Other Claims

The Receiver is in the process of investigating claims against parties who dealt with the Receivership Entities prior to the Receivership who may be liable for their conduct. Towards that end, the Receiver has engaged outside counsel on a contingency basis to investigate and potentially prosecute claims against third parties against whom the Receiver believes he may have claims. If it is determined that any such lawsuits should be commenced, the Receiver will file a motion with the Court seeking to formally retain counsel and approve the contingency fee arrangement prior to the filing of any such lawsuit(s).

The Receiver identified James M. Soldavini as having provided certain tax and accounting services to some of the Receivership Entities.[14] The Receiver engaged Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG") as special litigation counsel to evaluate and bring claims against Soldavini and his accounting firm. LKLSG did so on a contingency fee basis whereby it would earn 30% of any recovery from Soldavini. LKLSG and Soldavini's counsel then engaged in negotiations, ultimately agreeing upon and executing a settlement agreement in April 2025 for $1,050,000. ECF No. 235. The Court approved the settlement on July 14, 2025. ECF No. 236. The settlement funds, net of fees, have since been received by the Receiver and deposited in the custodial account.

---

[14] Soldavini disputes the scope of engagement and services alleged by the Receiver.

## III. ACTIONS TAKEN BY THE RECEIVER DURING THE REPORTING PERIOD

The Receiver continues to utilize the skills of his professionals, including his general counsel Akerman LLP and forensic accountants YIP Associates and Coherent Economics.

### A. Sale of the Condominium

The Receiver received a $2,230,000 offer for the Condominium and the Court authorized the sale on August 8, 2023. ECF No. 88. The Receiver allowed Defendant Kang to remain in the Condominium while it was listed for sale on the condition that Defendant Kang remain current on the building's maintenance fees. Upon receiving a non-contingent contract on the Condominium, the Receiver requested that Defendant Kang vacate the Condominium by November 15, 2023. The Condominium sale closed on November 16, 2023.

Additionally, because the titleholder of the Condominium is BK Offshore Fund, Ltd., a BVI entity, the sale was subject to the Foreign Investment in Real Property Tax Act and required paying the IRS 21% of the sale price in addition to standard closing costs and taxes. The Receiver's tax professionals were able to obtain a full refund of this money from the IRS, in the amount of $468,300.00, which has been deposited into the Receiver's custodial account.

### B. Recovery and Liquidation of Assets

Some financial institutions still hold Receivership digital assets, including international exchanges. These assets remain frozen pursuant to the Freeze Order. After extensive discussions with these financial institutions, the Receiver filed the Clarification Motion seeking the entry of an order that will facilitate the transfer of cryptocurrency from domestic and offshore exchanges to the Receiver's cryptocurrency account. ECF No. 122. The Court granted the Receiver's Clarification Motion on January 11, 2024. ECF No. 126.

The Receiver and his professionals continue to coordinate with those financial institutions to transfer the funds as quickly as possible. The process has taken significantly longer than

anticipated due to the logistics of complying with each exchange's internal security measures and coordinating with counsel and operations teams for each exchange located in Europe and Asia, but the exchanges continue to cooperate with the Receiver's professionals. During the Reporting Period, OKx and Binance both liquidated the BKCoin accounts at the Receiver's request and transferred the assets to the Receiver's wallet for liquidation. Additionally, 46 BTC was held in a Deribit account that was controlled by Matrixport. After extensively coordinating with both exchanges, the Receiver was able to recover those assets as well.

A small subset of Receivership creditors requested that 46 BTC be held in Bitcoin rather than liquidated, so the Receiver filed the *Motion For Court Approval To Liquidate Bitcoin* (ECF No. 204) on December 30, 2024, seeking approval to liquidate the assets. On January 3, 2025, Matrixport completed the transfer of the 46 BTC to the Receiver's wallet. The Court subsequently approved the liquidation of the 46 BTC on January 22, 2025, (ECF No. 206) and all of the Bitcoin was then liquidated by the Receiver's team.

On April 25, 2025, the Receiver also recovered 10,183,193 of HBAR pursuant to a purchase agreement that was entered into by the Receivership Entities and the issuer, Hedera. The Receiver's team liquidated the HBAR as well.

The Receiver anticipates that additional digital assets will be recovered and liquidated in the upcoming reporting period. Once transferred to the Receiver's accounts, the digital assets are liquidated and the proceeds are transferred to the federally insured bank account established by the Receiver.

**C. Ongoing Communications with Investors**

The Receiver and his professionals have spent considerable time communicating with government officials, former employees, creditors, investors, and other interested parties. The Receiver continues to respond to detailed government official and investor inquiries, primarily

through video and audio calls. Additionally, the Receiver continues to respond to investor inquiries regarding the K-1s distributed during the prior Reporting Period.

The Receiver and his professionals have established a comprehensive investor contact list for coordinated communication. The Receiver has likewise established an email address for general inquiries BKCoin@akerman.com to provide up to date information for investors and interested parties.

**D. Discovery**

The Receiver received document requests from the SEC and Defendant Kang and his professionals have prepared document productions in response to these requests. The Receiver produced a voluminous document production in the beginning of January 2024 and has produced additional documents as requested throughout the Reporting Period.

The Receiver and his professionals continue to work with digital asset exchanges to obtain and/or supplement the financial records provided by various exchanges as well.

**E. Forensic Professionals**

The Receiver recognizes the importance of accounting and blockchain forensics in this matter, the results of which will afford all investors with an understanding of the flow of cash and digital assets and may assist in the recovery of misappropriated funds. The Receiver likewise understands the importance of identifying, securing, and monitoring, where appropriate, wallets of interest. The Receiver retained YIP Associates to assist him in performing ordinary and necessary accounting, forensic accounting, and tax services required in the general administration of this case. *See* ECF Nos. 57 and 62. YIP Associates has commenced their analysis of all cash accounts. The Receiver has also retained Coherent Economics to assist with cryptocurrency tracing and accounting in order to properly compute creditor claims, support potential litigation contemplated by the Receiver, and provide the Court with the required reporting in administration

of the case. *See* ECF Nos. 102 and 105. Akerman has been working with YIP Associates and Coherent Economics to provide necessary documents for their analysis. Coherent Economics has prepared a database of the trading activity and transfers of digital assets across the cryptocurrency exchanges used by the Receivership Entities. This database continues to be supplemented as financial institutions continue to produce critical documents in response to the Receiver's requests. During the upcoming reporting period, the Receiver's professionals plan to file subpoenas and/or move to compel uncooperative financial institutions to turnover outstanding account data regarding Receivership Entity accounts in order to complete this project. YIP and Coherent have also built an investor database to determine amounts and timing of capital contributions and redemptions to determine investors' capital balances. Both databases will be used in conjunction with the Receiver's Liquidation Plan discussed below.

**F. Liquidation Plan**

The Receiver filed the *Proposed Liquidation Plan* (the "Liquidation Plan") on December 21, 2023. ECF No. 123. The Liquidation Plan outlines the Receiver's plan to accumulate assets and distribute them, with the Court's authorization, on a *pro rata* basis to all creditors with an allowed claim. The assets to be distributed to creditors are the "numerator" and, except for potential litigation recoveries, the numerator is now known. *Id.* at 2. The Receiver and his professionals continue to work to bring these assets in to the Receiver's accounts so that they can be safeguarded and eventually distributed to creditors. The "denominator" – the amount of total claims and each creditor's individual percentage of the claims – is a much more complicated analysis and requires analyzing the "inflows" of funds transferred to the Receivership Entities by creditors versus "outflows" paid by the Receivership Entities back to creditors. *Id.* at 2-3. The Receiver will use the analysis prepared by Coherent Economics to determine when the business

went "sideways," thereby establishing a cutoff after which "outflows" to investors are no longer based on legitimate trading gains and ultimately finalizing the "denominator." *Id.* at 3.

Coherent Economics continues to supplement the database as more trading data is received. The Receiver anticipates supplementing the Liquidation Plan during the upcoming reporting period.

**G. Claims Process**

The Receiver filed the *Motion to Establish and Approve (1) Procedure to Administer and Determine Claims; (2) Claims Bar Date And Notice Procedure; And (3) Proof Of Claim Form* (the "Claims Motion") on December 30, 2024. ECF No. 203. The Claims Motion outlines the Receiver's plan to establish a claims process to gather the information needed to determine the full landscape of liabilities and potential creditors of the Receivership Estate as well as verify the claims asserted against it.

The Receiver proposed, after the entry of the Bar Date Order[15], (1) to establish a website and post a brief press release along with the (i) Notice of Claims Bar Date and (ii) Proof of Claim Form no later than fifteen (15) calendar days, and (2) to provide notice of the Claims Process and the Claims Bar Date (the "Notice") to Claimants within forty (40) calendar days. The Receiver's team established a website at bkcoinreceivership.com for the purpose of publishing notice and posting a brief press release along with the (i) Notice of Claims Bar Date, and (ii) Proof of Claim Form. The Receiver has directly notified each known creditor identified to date of the claims process by delivering direct notice by U.S. Mail and, where an email address is available, by email, to all known Claimants and/or their legal counsel. The Receiver has also provided notice by

[15] On January 7, 2025, ECF No. 205, the Court entered an *Order on Receiver's Motion to Establish Claims Procedure* which established 11:59 p.m. EST on Monday, April 7, 2025 as the deadline for Claimants to submit a completed and signed Proof of Claim Form under penalty of perjury, together with supporting documentation evidencing the Claimant's claim.

publication to potential creditors in the Miami Herald. The Court approved the Claims Process on January 7, 2025. ECF No. 205. The Court then granted the Receiver's request to extend the Claims Bar Date by thirty-five days, making the extended Claims Bar Date May 12, 2025. ECF No. 219.

As of this Twelfth Reporting Period, a total of 39 claims were submitted for both cash and cryptocurrency. The totals claimed are summarized in the table below.

| **Totals of Cash and Cryptocurrency Claims Received** | |
|---|---|
| **Quantity** | **Token** |
| 43,787,691.93 | USD |
| 186.026400 | BTC |
| 31,850.045500 | ETH |
| 1,612,903.220000 | HBAR |
| 32,885.765200 | XRP |

In the upcoming reporting period, the Receiver's team will be sending notices to claimants regarding initial evaluations or claim deficiencies. Simultaneously, the Receiver's forensic accountants will continue to evaluate the supporting documents provided by creditors to establish the propriety of their claims.

**H. Receiver's Recommendations**

The Receiver anticipates taking the following actions during the next reporting period: (i) continue to obtain, secure, and liquidate (where appropriate) all assets and documents of the Receivership Entities; (ii) continue to review and analyze all trading and transaction history of the Receivership Entities; (iii) supplement the Liquidation Plan with the allowed claims; (iv) respond to inquiries from investors, creditors, government officials and interested parties; (v) provide updates through regular communication to investors; (vi) investigate and commence claims against parties who may be liable to the Receivership Entities or may have assisted the Receivership Entities in the perpetration of any actionable claims in an attempt to recover money for the Estate's

creditors; and (vii) verify the claims asserted against the Receivership Estate for the eventual distribution of recovered funds.

Dated: January 30, 2026

Respectfully submitted,

By: */s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.
Florida Bar No. 886602
Email: michael.goldberg@akerman.com
201 East Las Olas Blvd., Suite 1800
Ft. Lauderdale, FL 33301
*Court Appointed Receiver*

# EXHIBIT A

| | |
|---|---|
| Total Funds Recovered To Date | $16,238,652.77 |
| Interest Earned on Funds Recovered | $604,233.93 |
| *TOTAL* | *$16,842,886.70* |
| Total Expenses Incurred | $2,120,739.80 |
| **TOTAL CASH AVAILABLE** | **$14,722,146.90** |

| **TOTAL EXPENSES INCURRED FOR THE PERIOD 1/24/2023 - 12/31/2025** | | | |
|---|---|---|---|
| **Date** | **Description** | **Amount** | **Cumulative Total** |
| 1/24/2023 | Payment of fees and reimbursement of expenses in State Court Receivership. | ($189,804.50) | ($189,804.50) |
| 3/7/2023 | Northern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($189,853.50) |
| 3/7/2023 | Central District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($189,902.50) |
| 3/7/2023 | Southern District of California - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($189,951.50) |
| 3/7/2023 | District of New Jersey - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($190,000.50) |
| 3/7/2023 | District of Wyoming - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($190,049.50) |

| | | | |
|---|---|---|---|
| 3/7/2023 | Northern District of Texas - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($190,098.50) |
| 3/7/2023 | Western District of North Carolina - Miscellaneous Filing Fee pursuant to 28 U.S.C. Sec. 754 Securities & Exchange Commission v. BKCoin Management, LLC - Case No.: 23-20719-CIV-SCOLA | ($49.00) | ($190,147.50) |
| 7/20/2023 | Invoice Date: June 30, 2023; Invoice #: 8996281696-10011; Description: Payment of Custody Service Fees from March 2023 through June 2023. $2,500.00 monthly fee x 4 months. | ($10,000.00) | ($200,147.50) |
| 8/10/2023 | Contract # DM0263280; Invoice # 238652; Description: 2023 July FTAC - Email collection and preservation storage drive set | ($702.50) | ($200,850.00) |
| 8/10/2023 | Contract # DM0265453; Invoice # 239219; Description: 2023 July Project Hosting and Data Processing | ($4,907.50) | ($205,757.50) |
| 10/17/2023 | Contract # DM0267738; Invoice # 241339; Description: 2023 August Hosting - Project Management | ($367.50) | ($206,125.00) |
| 10/17/2023 | Contract # DM0270117; Invoice # 243108; Description: 2023 September Project Hosting, Data Processing, and PST Creation | ($2,392.10) | ($208,517.10) |
| 11/29/2023 | Client No.: 2191075990; Invoice No.: 219108720428; Invoice Date: 11/14/2023; BK Coin Management LLC - Renewal of Receiver's Bond (Effective Date: 11/09/23-11/09/24) | ($100.00) | ($208,617.10) |
| 12/18/2023 | TransPerfect Document Management, Inc.; Invoice # 244801; 2023 October Project Management. | ($250.00) | ($208,867.10) |
| 1/19/2024 | Payment of fees pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 125) granting the Receiver's First Interim Omnibus Application for Allowance and Payment of Professionals' Fees and | ($86,609.00) | ($295,476.10) |

| | | | |
|---|---|---|---|
| | Reimbursement of Expenses for February 24, 2023 to June 30, 2023 to YIP Associates. | | |
| 1/19/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 124) granting the Receiver's Second Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for July 1, 2023 to September 30, 2023 to YIP Associates. | ($56,794.40) | ($352,270.50) |
| 1/19/2024 | Payment of fees pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 125) granting the Receiver's First Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for February 24, 2023 to June 30, 2023 to the Receiver and Akerman LLP. | ($207,628.69) | ($559,899.19) |
| 1/19/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 124) granting the Receiver's Second Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for July 1, 2023 to September 30, 2023 to the Receiver and Akerman LLP. | ($152,951.77) | ($712,850.96) |
| 2/2/2024 | TransPerfect Document Management, Inc.; Invoice # 246967; 2023 November Monthly Storage Fees | ($250.00) | ($713,100.96) |
| 2/13/2024 | TransPerfect Document Management, Inc.; Invoice # 250645; 2024 January Monthly Storage Fees | ($250.00) | ($713,350.96) |
| 2/13/2024 | TransPerfect Document Management, Inc.; Invoice # 249215; 2023 December Monthly Storage Fees | ($250.00) | ($713,600.96) |
| 5/21/2024 | TransPerfect Document Management, Inc.; Invoice # 252850; 2024 February Monthly Storage Fees | ($250.00) | ($713,850.96) |
| 5/21/2024 | TransPerfect Document Management, Inc.; Invoice # 254774; 2024 March Monthly Storage Fees | ($250.00) | ($714,100.96) |

| | | | |
|---|---|---|---|
| 5/23/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 160) granting the Receiver's Third Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for October 1, 2023 to December 31, 2023 to Coherent Economics. | ($144,106.50) | ($858,207.46) |
| 5/23/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 160) granting the Receiver's Third Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for October 1, 2023 to December 31, 2023, including additional expenses of $47.40 from the Receiver's First Interim Application for Allowance and Payment of Fees and Reimbursement of Expenses for February 24, 2023 through June 30, 2023 to YIP Associates. | ($34,832.40) | ($893,039.86) |
| 5/23/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 160) granting the Receiver's Third Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for October 1, 2023 to December 31, 2023, including additional expenses of $5,485.60 from the Receiver's First Interim Application for Allowance and Payment of Fees and Reimbursement of Expenses for February 24, 2023 through June 30, 2023 to the Receiver and Akerman LLP. | ($128,079.38) | ($1,021,119.24) |
| 6/26/2024 | TransPerfect Document Management, Inc.; Invoice # 256926; 2024 April Monthly Storage Fees | ($250.00) | ($1,021,369.24) |
| 6/26/2024 | TransPerfect Document Management, Inc.; Invoice # 259163; 2024 May Monthly Storage Fees | ($250.00) | ($1,021,619.24) |

| | | | |
|---|---|---|---|
| 7/10/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 181) granting the Receiver's Fourth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for January 1, 2024 to March 31, 2024 to the Receiver and Akerman LLP. | ($83,007.41) | ($1,104,626.65) |
| 7/10/2024 | Payment of fees pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 181) granting the Receiver's Fourth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for January 1, 2024 to March 31, 2024 to YIP Associates. | ($22,273.50) | ($1,126,900.15) |
| 7/10/2024 | Payment of fees pursuant to the Court's Order affirming and adopting Magistrate Judge's Report and Recommendations (DE 181) granting the Receiver's Fourth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for January 1, 2024 to March 31, 2024 to Coherent Economics. | ($16,292.00) | ($1,143,192.15) |
| 9/10/2024 | Corporation Name: BK Offshore Fund LTD; EIN: 66-1054405; Tax Type: 400; Form Name: NYC-2; Tax Period: 01.01.2023-12.31.2023 | ($25.00) | ($1,143,217.15) |
| 9/11/2024 | Corporation Name: BK Offshore Fund LTD; EIN: 66-1054405; Primary Return Type: CT3; Tax Period: 01.01.2023-12.31.2023 | ($25.00) | ($1,143,242.15) |
| 9/18/2024 | TransPerfect Document Management, Inc.; Invoice # 264761; 2024 August Digital Reef Hosting - Adv ECA | ($250.00) | ($1,143,492.15) |
| 9/18/2024 | TransPerfect Document Management, Inc.; Invoice # 262519; 2024 July Digital Reef Hosting - Adv ECA | ($250.00) | ($1,143,742.15) |
| 10/17/2024 | TransPerfect Document Management, Inc.; Invoice # 261251; 2024 June Digital Reef Hosting - Adv ECA | ($250.00) | ($1,143,992.15) |

| | | | |
|---|---|---|---|
| 11/13/2024 | Payment of fees and reimbursement of expenses pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendation (DE 196) granting the Receiver's Fifth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2024 to June 30, 2024 to the Receiver and Akerman LLP. | ($59,449.45) | ($1,203,441.60) |
| 11/13/2024 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendation (DE 196) granting the Receiver's Fifth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2024 to June 30, 2024 to YIP Associates. | ($34,719.00) | ($1,238,160.60) |
| 11/13/2024 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 196) granting the Receiver's Fifth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2024 to June 30, 2024 to Coherent Economics. | ($10,319.00) | ($1,248,479.60) |
| 11/22/2024 | TransPerfect Document Management, Inc.; Invoice # 267373; 2024 September Monthly Storage Fees | ($250.00) | ($1,248,729.60) |
| 12/30/2024 | TransPerfect Document Management, Inc.; Invoice # 269153; 2024 October Monthly Storage Fees | ($250.00) | ($1,248,979.60) |
| 1/28/2025 | Invoice No.: 219100709672; Invoice Date: 10/14/2024; Client No.: 2191075990; Description: Renewal of Bond No.: 016237795, 11/09/2024-11/09/2025, Surety Name: Liberty Mutual Insurance Co. | ($100.00) | ($1,249,079.60) |
| 1/29/2025 | TransPerfect Document Management, Inc.; Invoice # 271291; 2024 November Monthly Storage Fees | ($253.75) | ($1,249,333.35) |
| 1/30/2025 | Invoice #: 005117; Invoice Date: 1/23/25; Description: Development of Website, Domain Name Registration (1 Year), and 1 Year of Hosting. | ($4,830.00) | ($1,254,163.35) |

| | | | |
|---|---|---|---|
| 3/4/2025 | TransPerfect Document Management, Inc.; Invoice # 273546; 2024 December Monthly Storage Fees | ($250.00) | ($1,254,413.35) |
| 3/5/2025 | McClatchy Company LLC; Invoice #: 291236; Publication of Legal Ad | ($989.09) | ($1,255,402.44) |
| 3/18/2025 | Wire out to Fridman Fels & Soto, PLLC for Court Ordered Payment per Kang's Unopposed Motion for Entry of Agreed Order Modifying Asset Freeze (See DE 213/215) - Payment of Attorneys' Fees | ($15,017.03) | ($1,270,419.47) |
| 3/26/2025 | TransPerfect Document Management, Inc.; Invoice # 275254; 2025 January Monthly Storage Fees | ($250.00) | ($1,270,669.47) |
| 4/25/2025 | TransPerfect Document Management, Inc.; Invoice # 277654; 2025 February Monthly Storage Fees | ($250.00) | ($1,270,919.47) |
| 4/25/2025 | TransPerfect Document Management, Inc.; Invoice # 280023; 2025 March Monthly Storage Fees | ($250.00) | ($1,271,169.47) |
| 6/9/2025 | TransPerfect Document Management, Inc.; Invoice # 281262; 2025 April Monthly Storage Fees | ($250.00) | ($1,271,419.47) |
| 6/13/2025 | TransPerfect Document Management, Inc.; Invoice # 283966; 2025 May Monthly Storage Fees | ($250.00) | ($1,271,669.47) |
| 6/25/2025 | McClatchy Company LLC; Invoice #: 299489; Publication of Legal Ad | ($930.19) | ($1,272,599.66) |
| 7/8/2025 | TransPerfect Document Management, Inc.; Invoice # 285862; 2025 June Monthly Storage Fees | ($250.00) | ($1,272,849.66) |
| 7/22/2025 | Payment of fees and reimbursement of expenses pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 237) granting the Receiver's Sixth Interim Omnibus Application for Allowance and Payment of Fees and Expenses for July 1, 2024 through September 30, 2024 to the Receiver and Akerman LLP. | ($74,070.41) | ($1,346,920.07) |
| 7/22/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 237) granting the Receiver's Sixth Interim Omnibus Application for Allowance and Payment of Fees and Expenses for July 1, 2024 through September 30, 2024 to Coherent Economics | ($19,577.00) | ($1,366,497.07) |

| | | | |
|---|---|---|---|
| 7/22/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 237) granting the Receiver's Sixth Interim Omnibus Application for Allowance and Payment of Fees and Expenses for July 1, 2024 through September 30, 2024 to YIP Associates. | ($38,609.40) | ($1,405,106.47) |
| 8/12/2025 | To pay legal fees pursuant to Court Order DE 236 Order Granting Motion to Approve Receiver's Settlement with Soldavini and Receiver's Engagement of Contingency Counsel (30% contingency fee) | ($315,000.00) | ($1,720,106.47) |
| 8/22/2025 | TransPerfect Document Management, Inc.; Invoice # 287889; 2025 July Monthly Storage Fees | ($250.00) | ($1,720,356.47) |
| 8/22/2025 | Payment of fees and reimbursement of expenses pursuant to the Court's Orders Adopting Magistrate Judge's Report and Recommendations (DE 240, 241) granting the Receiver's Seventh and Eighth Interim Omnibus Applications for Allowance and Payment of Fees and Expenses for October 1, 2024 to December 31, 2024 and January 1, 2025, to March 31, 2025 to the Receiver and Akerman LLP. | ($181,291.19) | ($1,901,647.66) |
| 8/25/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 240) granting the Receiver's Seventh Interim Omnibus Application for Allowance and Payment of Fees and Expenses for October 1, 2024 to December 31, 2024 to YIP Associates. | ($18,734.50) | ($1,920,382.16) |
| 8/25/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 241) granting the Receiver's Eighth Interim Omnibus Application for Allowance and Payment of Fees and Expenses for January 1, 2025, to March 31, 2025 to YIP Associates. | ($11,248.50) | ($1,931,630.66) |
| 8/26/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 240) granting the Receiver's Seventh Interim Omnibus Application for Allowance and Payment of Fees and Expenses for October 1, 2024 to December 31, 2024 to Coherent Economics. | ($16,518.00) | ($1,948,148.66) |

| | | | |
|---|---|---|---|
| 8/26/2025 | Payment of fees pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendations (DE 241) granting the Receiver's Eighth Interim Omnibus Application for Allowance and Payment of Fees and Expenses for January 1, 2025, to March 31, 2025 to Coherent Economics. | ($2,404.00) | ($1,950,552.66) |
| 9/10/2025 | Payment of fees and costs pursuant to the Court's Order approving the Receiver's Ninth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2025 through June 30, 2025 to the Receiver and Akerman LLP (DE 244). | ($148,754.64) | ($2,099,307.30) |
| 9/10/2025 | Payment of fees pursuant to the Court's Order approving the Receiver's Ninth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2025 through June 30, 2025 to YIP Associates (DE 244). | ($18,772.50) | ($2,118,079.80) |
| 9/10/2025 | Payment of fees pursuant to the Court's Order approving the Receiver's Ninth Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses for April 1, 2025 through June 30, 2025 to Coherent Economics (DE 244). | ($1,560.00) | ($2,119,639.80) |
| 9/17/2025 | TransPerfect Document Management, Inc.; Invoice # 290169; 2025 August Monthly Storage Fees | ($250.00) | ($2,119,889.80) |
| 10/15/2025 | Marsh USA LLC; Invoice No.: 219107088970; Renewal of Bond No.: 219107088970, 11/9/2025 -11/9/2026, Liberty Mutual Insurance Co. | $(100.00) | ($2,119,989.80) |
| 11/14/2025 | TransPerfect Document Management, Inc.; Invoice # 292358; 2025 September Monthly Storage Fees" | $(250.00) | ($2,120,239.80) |
| 11/14/2025 | TransPerfect Document Management, Inc.; Invoice # 294086; 2025 October Monthly Storage Fees" | $(250.00) | ($2,120,489.80) |
| 12/11/2025 | TransPerfect Document Management, Inc.; Invoice # 297213; 2025 November Monthly Storage Fee" | $(250.00) | ($2,120,739.80) |